# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **MIRROR WORLDS, LLC**<br><br>        Plaintiff,<br><br>        v.<br><br>**APPLE, INC.**<br><br>        Defendant. | Civil Action No. 6:-08-CV-88<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

Plaintiff, Mirror Worlds, LLC, complains against Defendant, Apple, Inc. as follows:

## PARTIES

1.      Mirror Worlds, LLC ("Mirror Worlds") is a Texas limited liability corporation, having its principal place of business at 4540 Kinsey Drive, Tyler, TX 75703.

2.      On information and belief, Apple, Inc. ("Apple") is a California corporation, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.      Apple may be served with process in this state by serving its registered agent for service of process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## JURISDICTION

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. 35 U.S.C. § 271 et seq.

5.      This Court has personal jurisdiction over Apple because Apple has committed acts within Texas and this judicial district giving rise to this action, and because Apple has

established minimum contacts with this forum, such that the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.

## VENUE

6. Apple has committed acts within this judicial district that give rise to this action and does business in this district, including making sales and providing service and support to its customers in this district. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PATENTS-IN-SUIT

7. United States Patent No. 6,006,227 ("the '227 Patent") was duly and legally issued for an invention entitled "Document Stream Operating System," naming Eric Freeman and David H. Gelernter as inventors. Mirror Worlds is the sole owner of all rights granted in the '227 Patent. A true and correct copy of the '227 Patent is attached hereto as Exhibit 1.

8. United States Patent No. 6,638,313 ("the '313 Patent") was duly and legally issued for an invention entitled "Document Stream Operating System," naming Eric Freeman and David H. Gelernter as inventors. Mirror Worlds is the sole owner of all rights granted in the '227 Patent. A true and correct copy of the '313 Patent is attached hereto as Exhibit 2.

9. United States Patent No. 6,725,427 ("the '427 patent") was duly and legally issued for an invention entitled "Document Stream Operating System With Document Organizing and Display Facilities," naming Eric Freeman and David H. Gelernter as inventors. Mirror Worlds is the sole owner of all rights granted in the '427 Patent. A true and correct copy of the '427 Patent is attached hereto as Exhibit 3.

10. United States Patent No. 6,768,999 ("the '999 Patent") was duly and legally issued for an invention entitled "Enterprise, Stream-Based Information Management System," naming Randy Prager and Peter Sparago as inventors. Mirror Worlds is the sole owner of all rights granted in the '999 Patent. A true and correct copy of the '999 Patent is attached hereto as Exhibit 4.

11. The '227 Patent, the '313 Patent, the '427 Patent, and the '999 Patent are referred to collectively as the "Patents-in-Suit."

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,006,227

12. Mirror Worlds incorporates by reference the allegations set forth in paragraphs 1 through 11 as if fully set forth herein.

13. Upon information and belief, Apple has infringed and continues to infringe the '227 Patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally, and/or equivalently, by, among other things, making, using, selling, importing, and/or offering for sale systems and/or methods (including, but not limited to, MAC computers, iPhones, iPods, and/or MAC OS X) that organize data items by generating a main stream and at least one substream, and including data items in the main steam and substream according to time stamps in the manner recited in the claims of the '227 Patent.

14. A predecessor of Mirror Worlds marked its patented products with the word "Patent" together with the number of the '227 Patent.

15. Apple received, from a predecessor of Mirror Worlds, actual notice of the '227 patent, the predecessor's products and the predecessor's technology during the time period beginning in the latter part of 2001 and ending in the first half of 2002.

16. Upon information and belief, Apple's infringement of the '227 patent is and has been willful and deliberate.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,638,313

17. Mirror Worlds incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18. Upon information and belief, Apple has infringed and continues to infringe the '313 Patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally, and/or equivalently, by, among other things, making, using, selling, importing, and/or offering for sale systems and/or methods (including but not limited to MAC computers, and/or MAC OS X) that archive documents received from diverse applications,

associate time-based indicators with the documents, and/or display the documents in the manner recited by the claims of the '313 Patent.

19. Upon information and belief, Apple has had knowledge of the '313 Patent since it issued and has had knowledge of related technology and products of a predecessor of Mirror Worlds since at least the first half of 2002.

20. Upon information and belief, Apple's infringement of the '313 Patent is and has been willful and deliberate.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,725,427

21. Mirror Worlds incorporates by reference the allegations set forth in paragraphs 1 through 20 as if fully set forth herein.

22. Upon information and belief, Apple has infringed and continues to infringe the '427 Patent directly, indirectly (by inducing infringement by others or contributing to infringement), jointly, literally, and/or equivalently, by, among other things, making, using, selling, importing, and/or offering for sale systems and/or methods (including but not limited to MAC computers, iPods, iPhones, and/or MAC OS X) that archive documents received from diverse applications, associate indicators with the documents, and/or display documents in the manner recited by the claims of the '427 Patent.

23. Upon information and belief, Apple has had knowledge of the '427 Patent since its issuance and has had knowledge of related technology and products of a predecessor of Mirror Worlds since at least the first half of 2002.

24. Upon information and belief, Apple's infringement of the '427 Patent is and has been willful and deliberate.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,768,999

25. Mirror Worlds incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. Upon information and belief, Apple has infringed and continues to infringe the '999 Patent directly, indirectly (by inducing infringement by others or contributing to

infringement), jointly, literally, and/or equivalently, by, among other things, making, using, selling, importing, and/or offering for sale systems and/or methods (including but not limited to MAC computers, iPods, iPhones, and/or MAC OS X) that operate an enterprise information management system by creating models of information assets of diverse types created by diverse software, and displaying the information assets in the manner recited by the claims of the '999 Patent.

27. Upon information and belief, Apple has had knowledge of the '999 Patent since its issuance and has had knowledge of related technology and products of a predecessor of Mirror Worlds since at least the first half of 2002.

28. Upon information and belief, Apple's infringement of the '999 Patent is and has been willful and deliberate.

## DAMAGES AND RELIEF

29. Apple's infringement of the Patents-In-Suit has caused damage to Mirror Worlds, and Mirror Worlds is entitled to recover from Apple the damages sustained by Mirror Worlds as a result of Mirror World's wrongful acts in an amount subject to proof at trial.

30. Apple's infringement of Mirror World's exclusive rights under the Patents-In-Suit will continue to damage Mirror Worlds' business, causing irreparable harm, for which there is no adequate remedy at law, unless Apple is enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Mirror Worlds prays for judgment and seeks relief against Apple as follows:

    a. For judgment that Apple has infringed and continues to infringe the '227 Patent;

    b. For judgment that Apple has infringed and continues to infringe the '313 Patent;

    c. For judgment that Apple has infringed and continues to infringe the '427 Patent;

    d.  For judgment that Apple has infringed and continues to infringe the '999 Patent;

    e.  For preliminary and permanent injunctions enjoining the aforesaid acts of infringement of Apple, its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with them, including related individuals and entities, customers, representatives, OEMs, dealers, and distributors;

    f.  For an award of damages adequate to compensate Mirror Worlds for the direct and/or indirect infringement that has occurred;

    g.  For trebling of any and all damages awarded to Mirror Worlds by reason of Apple's willful infringement of the Patents-In-Suit, pursuant to 35 U.S.C. § 284;

    h.  For judgment that the case is exceptional under 35 U.S.C. § 285 and that the Court award Mirror Worlds its attorneys' fees;

    i.  For an assessment of prejudgment and post-judgment interest and costs against Apple for infringement; and

    j.  For such other and further relief both in law and equity, to which Mirror Worlds may be entitled.

## **DEMAND FOR JURY TRIAL**

 Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 14, 2008

Respectfully submitted,

By:  /s/ Otis W. Carroll
Otis W. Carroll
Texas Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Ste. 500
Telephone:  (903) 561.1600
Facsimile:  (903) 581.1071
Email:  fedserv@icklaw.com

Of Counsel:

Joseph Diamante
Kenneth Stein
Richard An
JENNER & BLOCK, LLP
919 Third Avenue, 37th Floor
New York, New York 10022-3908
Telephone:  (212) 891-1600
Facsimile:  (212) 891-1699
Email:  jdiamante@jenner.com
Email:  ran@jenner.com

Dr. Gregory J. Gonsalves
JENNER & BLOCK, LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005
Telephone:  (202) 639-6000
Facsimile:  (202) 661-4909
Email: ggonsalves@jenner.com

ATTORNEYS FOR PLAINTIFF MIRROR WORLDS, LLC