## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **MIRROR WORLDS, LLC** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:08 CV 88** |
| | § | |
| **APPLE, INC.** | § | |
| | § | |
| **Defendant** | § | |

### MEMORANDUM OPINION AND ORDER

Apple's motion for leave to file its first amended answer, affirmative defenses and counterclaims (Docket No. 56) is before the Court.  Having considered the parties' written submissions, the Court **GRANTS** the motion.  As an oral hearing is not necessary to resolve the motion, the Court **DENIES** Apple's request for oral arguments (Docket No. 78).

### BACKGROUND

Apple moves for leave to amend its answer to include a counterclaim for infringement of U.S. Patent 6,613,101 and to add Mirror Worlds Technologies as a defendant.  Apple claims it realized the '101 patent was relevant to the case as it was investigating its invalidity defenses.  Apple included the '101 patent in its invalidity contentions as invalidating prior art.  Apple filed an amended answer that included the '101 patent counterclaim three weeks after the deadline to amend pleadings without leave.  One month later, after attempting to meet and confer on the amendment, Apple filed its motion for leave.  Mirror Worlds opposes the amendment contending it would be prejudicial and require a change to the current schedule.  The parties are to exchange proposed terms for claim construction in September of 2009, the case is set for claim construction hearing in January

1

28, 2010, and trial is set in September 2010.

## APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) allows a party to modify the Court's Docket Control Order upon a showing of good cause. FED. R. CIV. P. 16.  The good cause standard requires the party seeking relief to show that, despite its exercise of diligence, it cannot reasonably meet the scheduling deadlines.  *S&W Enters., L.L.C. v. Southtrust Bank of Alabama*, 315 F.3d 533, 535 (5th Cir. 2003). The Court has broad discretion to allow scheduling order modifications and considers four elements to determine if modification is appropriate: (1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows the thing that would be excluded, and (4) the availability of a continuance to cure such prejudice.  *Id.* at 536.  A party's failure to meet a deadline due to mere inadvertence is equivalent to no explanation at all.  *Id*.

## ANALYSIS

<u>Failure to meet the deadline</u>

Mirror Worlds contends that Apple should have been able to meet the deadline if Apple had been diligent since Apple knew about both the '101 patent and Mirror Worlds' accused product. Apple argues its failure to meet the deadline was reasonable because, even after Apple identified the '101 patent as prior art, Apple was still investigating whether Mirror Worlds infringed the patent and the amendment was only three weeks after the deadline, while the case was still in its early stages.

Because Apple had certainly identified the relevance of the '101 patent by the time it served its preliminary invalidity contentions, the three-week delay in determining whether to bring a counterclaim weighs against Apple.  However, the relative shortness of the delay lessens the weight

2

of this consideration.

Importance of what the Court would be excluding

Apple contends the amendment goes to the heart of this case—who invented the technology embodied in Mirror Worlds' patent—and that as potentially invalidating prior art, the jury will have to evaluate the '101 patent regardless of the amendment.

Mirror Worlds contends the amendment is not important because Apple can bring the infringement claim as a separate lawsuit, and, at most, Apple would only be entitled to very minimal damages.  Mirror Worlds also contends that the counterclaim has no bearing on the issues currently in the case—whether Apple infringes Mirror Worlds' patent and whether that patent is invalid or unenforceable.

While Apple could bring the infringement counterclaim as a separate suit, doing so would waste judicial resources since the patent is already at issue in this case.  This is not an unrelated patent to the existing claims.  Apple has asserted the '101 patent as invalidating prior art.  Thus, the jury will need to learn about the patent during trial to determine whether it does in fact invalidate Mirror Worlds' patent.  Additionally, because it is allegedly invalidating prior art and therefore involving similar technology, it will be more efficient for the Court to construe both patents at the claim construction hearing than to construe the '101 patent in a separate suit.  Thus, while infringement of the '101 patent may not directly bear on infringement of Mirror Worlds' patent, for reasons of judicial economy, this factor favors allowing the amendment.

Potential prejudice of allowing the amendment

Apple contends that Mirror Worlds will not be prejudiced because there is still ample time for the parties to prepare for the claim construction hearing and because this case was still in its very

early stages when the amendment was sought.

Mirror Worlds argues it will be prejudiced by the counterclaim because Apple is only bringing the counterclaim to divert the jury's attention away from Apple's infringement.  Further, Mirror Worlds contends its own claims are highly complex, involving substantial portions of Apple's product line and billions of dollars in sales of accused products and the additional counterclaim may make the case unmanageable.  Mirror Worlds also argues that the Discovery Order and Docket Control Order will have to be modified to integrate the '101 patent and the entity that Apple seeks to add, Mirror Worlds Technologies, may not be subject to personal jurisdiction in this district, and additional discovery will be needed on the '101 patent.

Mirror Worlds' alleged prejudice does not weigh against allowing the amendment.  This Court has tried complex patent cases to juries before and is confident that the very competent attorneys in this case will make the trial understandable to the jury.  While the Court does not doubt that Mirror Worlds may lose some advantage by being the only party asserting infringement, this is not the prejudice that the Court is concerned with.  While the Discovery and Docket Control Orders may need to be modified to integrate the '101 patent and additional discovery may be needed, these are not such onerous burdens as to weigh against allowing the amendment.  The Court can take up any issues relating to personal jurisdiction over Mirror Worlds Technologies in due course.

Availability of a continuance

Mirror Worlds contends a continuance could not cure the likelihood of jury confusion or the more complex proceedings necessitated by the counterclaim.  As stated, the Court has full confidence that the attorneys will skillfully present this case to the jury such that the jury is not confused by the case's complexity.

4

Given that claim construction is still seven months away and trial is over a year away, a continuance is not necessary to cure any prejudice.  However, the Court will order the parties to submit an amended Docket Control Order, and Discovery Order if necessary, to integrate the '101 patent into the case for the January 28, 2010 claim construction hearing.

Weighing the factors

In arguing that the Court should not allow the amendment, Mirror Worlds relies on *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp. 2d 845 (E.D. Tex. 2004) (Davis, J.), in which this Court denied STMicroelectronics leave to amend its infringement contentions to add new asserted claims slightly more than one month after the infringement contentions were due. *STMicroelectronics* is not controlling.  In that case, STM gave no explanation for its failure to meet the deadline, and the delay severely impacted Motorola's ability to prepare for the claim construction hearing.  *See id.* at 847, 851, 853.  In *STMicroelectronics*, the Court strongly suspected gamesmanship played a role in the delay.  *See id.* at 850–52, n.6.  Here, the amendment was sought when the claim construction hearing was over a year away, and there is ample opportunity for both sides to prepare for a claim construction hearing involving the '101 patent.  The deadline for the parties to exchange proposed terms for construction is not until September 2009.  Additionally, in *STMicroelectronics*, the amendment was sought by the plaintiff, who is charged with having done the necessary research to assert claims before suit is even brought.  *See id.* at 850–51, n.6.  In most cases, defendants do not begin to research invalidity or potential counterclaims until suit is filed, making their compliance with the deadline to amend pleadings more challenging.

Additionally, while Mirror Worlds contends the amendment is sought for purely strategic reasons, there is no evidence of gamesmanship as in *STMicroelectronics*.  While certainly Apple's

5

attorneys have considered the strategic implications of adding the '101 patent to the case and found those implications to favor Apple, that alone is not reason to deny leave.  All attorneys consider the strategic implications of which defenses or claims to assert.  Doing so is not gamesmanship.  Gamesmanship occurs when a party delays in asserting defenses or claims with the intent or hope that the delay will prejudice the other side.  Given that the amendment was sought only three weeks after the deadline had passed and while the case was in its very early stages, the Court does not find that gamesmanship played a part in the delay.

Apple perhaps could have been more diligent and met the deadline, but because Apple only missed the deadline by three weeks and the case was still in its very early stages, this factor only slightly weighs against allowing the amendment.  Further, although strategy surely played a part in the decision whether to assert a counterclaim, there is no indication that the delay resulted from any gamesmanship.  Judicial economy further favors allowing the amendment since the '101 patent is already at issue in the case.  Given that the amendment was sought early enough to more than adequately allow Mirror Worlds to prepare for the claim construction hearing and that the other factors favor allowing the amendment, the Court **GRANTS** the motion.

## CONCLUSION

Accordingly, the Court **GRANTS** the motion.  The Court **ORDERS** Apple to file its amended answer and counterclaims immediately.  Apple has also represented that it is ready to serve its infringement contentions for the '101 patent.  The Court **ORDERS** that those be served immediately as well.  Finally, the Court **ORDERS** the parties to submit agreed proposed amended Discovery and Docket Control Orders integrating the '101 patent to the Court by June 10, 2009.  Finally, the Court **DENIES** Apple's motion for oral arguments.

6

So ORDERED and SIGNED this 2nd day of June, 2009.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**