**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MIRROR WORLDS, LLC** | § | |
| | § | **Civil Action No. 6:08-CV-88** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **APPLE INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**AGREED PROTECTIVE ORDER REGARDING THE**
**DISCLOSURE AND USE OF DISCOVERY MATERIALS**

Plaintiff Mirror Worlds LLC ("Mirror Worlds") and Defendant Apple Inc. ("Apple") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this litigation and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order").

## 1.    PURPOSES AND LIMITATIONS

(a)    Protected Material designated under the terms of this Order shall be used by a Receiving Party solely for this litigation, and shall be used only for purposes of litigating this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery. Designations under this Order shall be made with

**AGREED PROTECTIVE ORDER**

care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

## 2.    <u>DEFINITIONS</u>

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b)    "Patents-in-suit" means U.S. Patent No. 6,006,227, U.S. Patent No. 6,638,313, U.S. Patent No. 6,725,427, and U.S. Patent No. 6,768,999, and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(c)    "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)    "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

(e)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

(f)    "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**AGREED PROTECTIVE ORDER**                    2

(g)     "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module.

### 3.     COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e).

### 4.     SCOPE

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in Court or in other settings that might reveal Protected Material.

(b)     Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude a Party from showing Discovery Material to an individual who prepared or, on its face, received the Discovery Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing with consent of the Producing Party or Order of the Court.

(d)     This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)    Basic Principles. Protected Material shall be used solely for this litigation and the preparation and trial in this case, or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b)    Patent Prosecution Bar. Absent the written consent of the Producing Party, any Plaintiff's Counsel (outside or in-house) that receives access to one or more items designated "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be involved in any of the following activities: preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions directed to the "Prosecution Bar Subject Matter", before any foreign or domestic agency, including the United States Patent and Trademark Office.  The "Prosecution Bar Subject Matter" means the file system of an operating system or any user-interface for any such file system, including without limitation file-search and file-archiving functionality of the file system.  For avoidance of doubt, while this definition of Prosecution Bar Subject Matter is carefully tailored to avoid unnecessary over-breadth, the parties agree that the Prosecution Bar Subject Matter extends to encompass the functionality of any feature that has at any time been accused of infringement in this litigation, including without

limitation Apple's Spotlight, Time Machine, Time Capsule, and Cover Flow features. This prohibition shall begin when access to "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials is first received by the affected individual, and shall end one (1) year after the final resolution of this action, including all appeals. The provisions of this paragraph shall not prevent Plaintiff's Counsel who has seen or reviewed the content of "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials from reviewing communications from the United States Patent & Trademark Office regarding a reexamination proceeding or from discussing claim interpretation issues or ways of distinguishing claims in any such reexamination from any cited prior art, including with reexamination patent counsel; however such Counsel may not prosecute any such reexamination and may not reveal the content of "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials to reexamination counsel or agents.

(c)    <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order.

(e)    <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or

has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; or (e) pursuant to Order of the Court.

## 7.    **DESIGNATING PROTECTED MATERIAL**

(a)    <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROSECUTION BAR," "NO PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

(b)    <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. In the event that original documents are produced for inspection, the Producing Party may produce the documents with a temporary designation, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents in the copying process.

(c)    <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY" AND "PROSECUTION BAR" until the time within which it may be appropriately designated as provided for herein has passed. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases, the Court reporter shall be informed of this Order and shall be required to operate in a manner consistent with this Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

## 8.     DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"

(a)     A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.  All material produced prior to April 1, 2009, that has been designated CONFIDENTIAL shall be treated as PROSECUTION BAR material until July 1, 2009.  By July 1, the Producing Party must provide a list identifying which documents should be designated "PROSECUTION BAR" and which should be designated "NO PROSECUTION BAR."  In the event that a Producing Party inadvertently fails to so identify any such documents, despite its best efforts to do so, those documents shall be treated as "PROSECUTION BAR" documents.  However, once the Receiving Party notifies the Producing Party of any oversight by identifying documents not designated, the Producing Party must provide a designation within two business days, after which time the documents, if not designated, shall be treated as "NO PROSECUTION BAR" documents.

AGREED PROTECTIVE ORDER                    7

(b)    Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)    The Receiving Party's outside counsel and their staff, including copy and e-discovery vendors;

(ii)    In-house personnel for the Receiving Party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this litigation;

(iii)    Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)    The Court, jury, and Court personnel;

(vi)    Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party; and

(vii)    Any other person with the prior written consent of the Producing Party.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY"

(a)    A Producing Party may designate Discovery Material as CONFIDENTIAL – ATTORNEYS' EYES ONLY if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Producing Party reasonably believes

that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Producing Party. All material produced prior to April 1, 2009, that has been designated CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be treated as PROSECUTION BAR material until July 1, 2009. By July 1, 2009, the Producing Party must provide a list identifying which documents should be designated "PROSECUTION BAR" and which should be designated "NO PROSECUTION BAR." In the event that a Producing Party inadvertently fails to so identify any such documents, despite its best efforts to do so, those documents shall be treated as "PROSECUTION BAR" documents. However, once the Receiving Party notifies the Producing Party of any oversight oversight by identifying documents not designated, the Producing Party must provide a designation within two business days, after which time the documents, if not designated, shall be treated as "NO PROSECUTION BAR" documents.

(b) Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i) The Receiving Party's outside counsel and their staff including copy and e-discovery vendors;

(ii) Three (3) in-house counsel, directly responsible for overseeing the present litigation for the Receiving Party, as well as their paralegals and staff, to whom disclosure is reasonably necessary for this litigation; and provided that each such person, including paralegals and staff, (i) has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, (ii) that a copy of the signed acknowledgement form has been provided to all outside counsel of record, and (iii) that such person is not involved in competitive decision making for the party.

(iii)     Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iv)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and Court personnel;

(vi)     Graphics, translation, design, and/or trial consulting services including mock jurors retained by a Party to whom disclosure is reasonably necessary for this litigation, provided that each such person including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order; and

(vii)     Any other person with the prior written consent of the Producing Party.

**10.     DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY—SOURCE CODE"**

(a)     To the extent production of Source Code becomes necessary to the prosecution or defense of the litigation, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret Source Code.

(b)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to

produce any Source Code.

(c)     Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i)     The Receiving Party's outside counsel and their staff;

(ii)     Any expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iii)     Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and Court personnel;

(v)     Graphics and design services to whom disclosure is reasonably necessary for this litigation, provided that each such person including their staff, has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and that a copy of the signed acknowledgement form has been provided to all outside counsel of record at least three (3) days before the disclosure is made; and

(vi)     Any other person with the prior written consent of the Producing Party.

## 11.     DISCLOSURE AND REVIEW OF SOURCE CODE

(a)     Source Code that is produced by Mirror Worlds LLC shall be made available for inspection in electronic format at the New York, New York office of its

outside counsel, Stroock & Stroock & Lavan, LLP, or any other location mutually agreed by the parties. Source Code that is produced by Apple Inc. will be made available for inspection, upon two (2) days notice, at the Redwood Shores, California office of its outside counsel, Weil, Gotshal & Manges LLP, or any other location mutually agreed by the parties. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(b)    A party producing Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be permitted to give written notice to the Receiving Party that the Receiving Party must conduct its inspection and review of such Source Code in accordance with any or all of the following provisions:

(i)    All Source Code shall be made available by the Producing Party to the Receiving Party's outside counsel and/or experts in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer"). The Producing Party must produce Source Code in the form in which it is kept in the ordinary course of the Producing Party's business. In particular, if the Producing Party has any copy of Source Code in computer-searchable format, it will load such searchable Source Code on the secured computer. In addition, the Producing Party shall install tools that are sufficient for viewing and searching the Source Code produced, on the platform produced, if such tools exist and are presently used in the

ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that additional software tools for viewing and searching Source Code (commercial or proprietary) be installed on the secured computer for the Receiving Party to perform its review of the Source Code. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Receiving Party's outside counsel and/or experts may create a back-up copy of the Source Code on the stand-alone computer. They may use the searching tools to annotate and number the lines of the back-up copy of the code. The back-up copy will remain on the stand-alone computers and be subject to all of the provisions of this Order governing Source Code.

(ii)    The Receiving Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code. The Receiving Party may print portions of the Source Code only when reasonably necessary to facilitate the Receiving Party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. The Receiving Party

**AGREED PROTECTIVE ORDER**              13

shall print only such portions as are reasonably necessary for the purposes for which any part of the Source Code is printed at the time. The printed pages shall constitute part of the Source Code produced by the Producing Party in this action. Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number and label "HIGHLY CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" any pages printed by the Receiving Party. The Producing Party shall then provide one copy set of such pages to the Receiving Party within five (5) days. Except as otherwise provided herein, the Producing Party may not videotape or otherwise monitor review of code by the requesting party.

(iii)     A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. All persons viewing Source Code shall, each day they view Source Code, sign a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.

(iv)     Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information except for the backup copy of the Source Code. The backup copy of the Source Code shall be considered the Receiving Party's attorney work product. The Producing Party shall not be responsible for any other items left in the room following each inspection session.

(v)     Other than as provided in Paragraph 11(b)(i) through 11(b)(iii) above, the Receiving Party will not copy, remove, or otherwise transfer any Source

Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

(vi)    The Receiving Party's outside counsel of record may have no more than eight (8) copies of any portions of the Source Code received from a Producing Party pursuant to this Paragraph at any one time, not including copies attached to Court filings or used at depositions.  The Receiving Party's outside counsel of record shall maintain a log of all paper copies of the Source Code received from a Producing Party that are delivered by the Receiving Party to any qualified person under Paragraph 10 above.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. A copy of the log must be made available for inspection by the Producing Party at the Producing Party's request.

(vii)    The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(viii)    All paper copies of Source Code shall be securely destroyed in a timely manner if they are no longer in use (*e.g.*, at the conclusion of a deposition). The Receiving Party shall maintain a log of all paper copies of Source Code that are destroyed. That log shall include the name of the portion of Source Code destroyed, the identity of the individual who destroyed the paper copy, the date on which the paper copy was destroyed and

**AGREED PROTECTIVE ORDER**                    15

the mechanism used to permanently destroy that copy.  Copies of Source Code that are marked

as deposition exhibits shall not be provided to the Court Reporter or attached to deposition

transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(ix)    Except as provided in this sub-paragraph, absent express

written permission from the Producing Party, the Receiving Party may not create electronic

images, or any other images, or make electronic copies, of the Source Code from any paper copy

of Source Code for use in any manner (including by way of example only, the Receiving Party

may not scan the Source Code to a PDF or photograph the code), except in the preparation of

trial or hearing exhibits.  If a party reasonably believes that it needs to include a portion of

Source Code as part of a trial or hearing exhibit, the exhibit shall be marked as "HIGHLY

CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" and shall at all

times be limited solely to individuals who are expressly authorized to view Source Code under

the provisions of this Order unless and until the parties have met and conferred about the use of

that trial or hearing exhibit in the presence of individuals who are not authorized to view Source

Code.   Images or copies of Source Code shall not be included in correspondence between the

parties (references to production numbers shall be used instead), and shall be omitted from

pleadings and other papers whenever possible. If a party reasonably believes that it needs to

submit a portion of Source Code as part of a filing with the Court, the Source Code shall be filed

under seal pursuant to the Local Rules of the Eastern District of Texas. In no case however may

a Party submit more Source Code as part of a filing with the Court than is necessary to argue the

precise point that the Source Code supports, and any Source Code that is included on the pages

submitted but which is not required to argue the precise point that the Source Code supports shall

be redacted. The Court filing or other materials containing any portion of Source Code (paper or

electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.

## 12.   **EXPERTS AND CONSULTANTS**

(a)    Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party.

(b)    Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with written notice that includes: (i) the name of the person; (ii) the present employer and title of the person; and (iii) an up-to-date curriculum vitae of the person.

(c)    Within ten (10) days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause. In the absence of an objection at the end of the ten (10) day period, the person shall be deemed approved under this Order. There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the expert or consultant within such ten (10) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have five (5) days

from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the proposed expert or consultant in question until the objection is resolved by the Court.

(d)     For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e)     Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

## 13.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b)     Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on outside counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall particularly identify the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i)     The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating

party shall have the burden of justifying the disputed designation;

(ii)    Failing agreement, the objecting party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii)    Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

## 14.    SUBPOENAS OR COURT ORDERS

(a)    If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of confidential materials.

## 15.    FILING PROTECTED MATERIAL

(a)    Absent written permission from the Producing Party or a Court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record any Protected Material.

(b)    Any Receiving Party is authorized under Local Rule 5 to file under seal with the Court any brief, document or materials that are designated as Protected Material

under this Order. Nothing in this section shall in any way limit or detract from the requirements as to Source Code set forth above.

### 16.    INADVERTENT DISCLOSURE

(a)    The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite that party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected and/or otherwise not subject to discovery in this matter, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party.  The Producing Party shall provide the Receiving Party with a privilege log of any such returned material that identifies the basis for it being withheld from production.

(c)    Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

### 17.    INADVERTENT FAILURE TO DESIGNATE

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material protected under one of the categories of this Order within ten (10) days of the Producing Party learning of the inadvertent failure to so

designate.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph (c) below) at the appropriately designated level pursuant to the terms of this Order.

(c)     Protected Material produced without the designation of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" may be so designated subsequent to production when the producing party failed to make such designation at the time of production. If discovery material is designated subsequent to production, the receiving party promptly shall collect any copies that have been provided to individuals so that they can be re-labeled with the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation. Notwithstanding the above, such subsequent designation of  "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Paragraph 6(b).

### 18.    INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

(a)    In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

### 19.    FINAL DISPOSITION

(a)    Not later than ninety (90) days after the final disposition of this litigation, (including after any appeals), each party shall return to the respective outside counsel of the Producing Party or destroy all Discovery Material of a Producing Party.

(b)    All parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return or destruction of Discovery Material, outside counsel may retain pleadings and attorney and consultant work product for archival purposes.

### 20.    DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, the

Rules of Practice for Patent Cases before the Eastern District of Texas, or any deadlines or procedures ordered by the Court for this litigation.

21. **MISCELLANEOUS**

(a)     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek modification of the Order by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     <u>Termination of Litigation and Retention of Jurisdiction</u>. The Parties agree that the terms of this Order shall survive and remain in effect after the termination of the above-captioned matter. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Order.

(c)     <u>Successors</u>. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e)     <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Order shall be construed to change the burdens of proof or legal standards

**AGREED PROTECTIVE ORDER**                    23

applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and, if so, what restrictions should apply.

       (f)     <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for the interpretation and enforcement of this Order. All disputes between the Parties concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.

**So ORDERED and SIGNED this 9th day of August, 2009.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

APPROVED AS TO FORM AND SUBSTANCE:

/s/ Kenneth L. Stein_____          /s/ Steven S. Cherensky_____
Otis Carroll                                       Matthew Powers
Texas Bar No. 03895700                             Lead Attorney
Lead Attorney                                      Steven S. Cherensky
Deborah Race                                       Sonal N. Mehta (*Pro Hac Vice*)
Texas Bar No. 16448700                             Stefani C. Smith (*Pro Hac Vice*)
IRELAND, CARROLL & KELLY, P.C.                     WEIL, GOTSHAL & MANGES LLP
6101 S. Broadway, Suite 500                        201 Redwood Shores Parkway
Tyler, Texas 75703                                 Redwood Shores, CA 94065
903-561-1600 (Telephone)                           650-802-3000 (Telephone)
903-581-1071 (Facsimile)                           650-802-3100 (Facsimile)
fedserv@icklaw.com                                 matthew.powers@weil.com
                                                   steven.cherensky@weil.com
Of counsel:                                        sonal.mehta@weil.com
                                                   stefani.smith@weil.com
Joseph Diamante (*Pro Hac Vice*)
Kenneth Stein (*Pro Hac Vice*)                     Eric M. Albritton
Richard An (*Pro Hac Vice*)                        Texas State Bar No. 00790215
STROOCK & STROOCK & LAVAN LLP                      ALBRITTON LAW FIRM
180 Maiden Lane                                    P.O. Box 2649
New York, NY 10038                                 Longview, Texas 75606
212-806-5400 (Telephone)                           (903) 757-8449 (Telephone)
212-806-6006 (Facsimile)                           (903) 758-7397 (Facsimile)
jdiamante@stroock.com                              ema@emafirm.com
kstein@stroock.com
ran@stroock.com                                    **Attorneys for Defendant
                                                   APPLE INC.**

**Attorneys for Plaintiff
MIRROR WORLDS, LLC**

**AGREED PROTECTIVE ORDER**              25

## <u>EXHIBIT A</u>

I, [INSERT NAME], acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Mirror Worlds, LLC v. Apple Inc.*, United States District Court, Eastern District of Texas, Tyler Division, Civil Action No. **6:08-CV-88** (LED). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]