IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MIRROR WORLDS, LLC** | § § § | |
| Plaintiff | § § | |
| vs. | § | CASE NO. 6:08 CV 88 |
| **APPLE, INC.** | § § § | |
| Defendant | § § | |

**MEMORANDUM OPINION**

Apple Inc.'s motion regarding the parties' prosecution bar dispute (Docket No. 86) is before the Court. The Court held a hearing and then issued an order (Docket No. 99) denying Apple's motion. This opinion explains that Order.

The parties submitted an agreed protective order to the Court, which the Court subsequently issued. *See* Docket No. 79. The agreed protective order included a patent prosecution bar that prohibited Plaintiff's outside or in-house counsel who received confidential documents labeled "Prosecution Bar" or "Highly Confidential- Outside Attorneys' Eyes Only- Source Code" from participating in preparing, prosecuting, drafting, editing, and/or amending patent applications, specifications, claims, and/or responses to Patent and Trademark Office actions. *Id.* at ¶6(b).

On April 23, 2009, Apple requested ex parte reexamination of two of Mirror Worlds' patents-in-suit and requested inter partes reexamination of the two remaining patents-in-suit. The parties now dispute whether the prosecution bar should apply to the reexamination proceedings concerning the patents-in-suit. The prosecution bar does not prevent Apple's attorneys from participating in the inter partes reexamination, but would prevent Mirror Worlds' attorneys who receive confidential

discovery from participating in the inter parties and ex parte reexaminations.

Apple contends Mirror Worlds' litigation attorneys should be prohibited from participating in the reexamination proceedings because there is a substantial risk that they could inadvertently use Apple's confidential information about its products in drafting or amending claims. Although claims can only be narrowed and not broadened in reexamination proceedings, Apple argues the danger of misusing confidential information in reexamination proceedings is higher because Mirror Worlds could narrow its claims to simultaneously distinguish prior art and capture Apple's products. Apple contends that it would not receive an unfair advantage by participating in the inter partes reexamination because it, unlike Mirror Worlds, cannot draft or amend claims.

Mirror Worlds contends that it would be grossly unfair to apply the prosecution bar to the reexamination proceedings. In the reexamination proceedings, Apple has alleged that Mirror Worlds' patents are invalid over the prior art. Mirror Worlds' litigation counsel, in the context of this case, have already been studying that prior art, and Mirror Worlds would be severely disadvantaged if its prosecution and litigation counsel cannot work together to defend the patents in the reexamination proceedings.

Apple, as the party seeking to limit discovery, bears the burden of showing good cause. *Document Generation Corp. v. Allscripts, LLC*, 2009 WL 1766096 at *2 (E.D. Tex. June 23, 2009) (Love, Mag. J.)(citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998)). Although some courts that have considered similar issues have applied the prosecution bar to reexamination proceedings, the reasoning in *Document Generation* is highly persuasive. In *Document Generation*, Judge Love identified several safeguards against inadvertent misuse of the defendants' information during reexamination: that plaintiff's outside counsel would not prosecute the reexamination, that

plaintiff's counsel would not reveal defendants' confidential information to any reexamination counsel or agent, and that plaintiff's outside counsel may not use defendants' confidential information for any purpose other than the litigation. *Id.* at *3. Mirror Worlds has stipulated to the inclusion of these safeguards in the protective order.

Claims can only be narrowed during reexamination; they cannot be broadened. This is very different from patent prosecution where claim scope is being initially determined. Thus, the risk of harm to Apple is already greatly limited. Apple contends that it is possible that Mirror Worlds could narrow claims in a manner that captures Apple's products rather than in a way that would exclude Apple's products. While this may be true, it would be very short sighted for a patentee to intentionally limit claim scope to specifically capture one defendant's products at the expense of excluding other would-be infringers' products. Additionally, purposefully doing so would violate the terms of the protective order.

While it is within a defendant's right to seek reexamination, the Court has serious concerns about a policy that would encourage defendants to file for reexamination while excluding plaintiff's counsel from participating in the reexamination, thereby forcing a plaintiff to defend a patent in two separate venues with two teams of attorneys.

In light of Mirror Worlds' stipulation and for the reasons given above, the risk of inadvertent misuse of Apple's confidential information does not outweigh the prejudice to Mirror Worlds if the prosecution bar is applied to the reexamination proceedings. While there may be situations that warrant excluding litigation counsel from participating in reexamination proceedings, Apple has not met its burden to show that this is one of those situations. Accordingly, the Court **DENIES** Apple's motion.

**So ORDERED and SIGNED this 11th day of August, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**