**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendant. | Civil Action No. 6:08-CV-88 LED<br><br>JURY TRIAL DEMANDED |
| APPLE INC.,<br><br>        Counterclaim Plaintiff,<br><br>v.<br><br>MIRROR WORLDS LLC,<br>MIRROR WORLDS TECHNOLOGIES,<br>INC.<br><br>        Counterclaim Defendants. | |

**APPLE INC.'S SECOND AMENDED ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

Apple Inc. ("Apple") respectfully submits this First Amended Answer, Affirmative Defenses and Counterclaims in response to the Complaint ("Complaint") of Plaintiff Mirror Worlds, LLC ("Mirror Worlds (Texas)") as follows:

**PARTIES**

1.     Apple is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 1 of the Complaint, and, on that basis, denies the same.

2.     Apple admits the allegations in Paragraph 2 of the Complaint.

1

3.     Apple admits the allegations in Paragraph 3 of the Complaint.

## JURISDICTION

4.     Apple admits that Mirror Worlds (Texas)'s Complaint purports to be an action that arises under the Patent Act, 35 U.S.C. § 271 *et seq.*, but denies any wrongdoing or liability on its own behalf for the reasons stated herein.  Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.     Apple admits that the Court has personal jurisdiction over it. Apple admits that it has and does sell products and provide services to persons within the State of Texas and this District.  Apple denies that it has committed any acts of infringement within this District of the State of Texas, and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement.

## VENUE

6.     Apple admits that it has and does sell products and provide services to persons within the State of Texas and this District, but it denies that it has committed any acts of infringement within this District or the State of Texas, and specifically denies any wrongdoing, infringement, inducement of infringement or contribution to infringement.  Apple admits that venue is proper as to Apple in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 6 of the Complaint.

## THE PATENTS-IN-SUIT

7.     Apple admits that a document purporting to be United States Patent Number 6,006,227 ("the '227 patent") was attached as Exhibit 1 to Mirror Worlds (Texas)'s Complaint.  Apple states that the '227 patent on its face is entitled "Document Stream Operating System" and identifies Eric Freeman and David H. Gelernter as inventors.  Apple states that the '227 patent on its face identifies Yale University of New Haven, Connecticut as the assignee of the '227 patent.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mirror

2

Worlds (Texas)'s purported ownership in the '227 patent and, therefore, denies those allegations. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 7 of the Complaint.

8.     Apple admits that a document purporting to be United States Patent Number 6,638,313 ("the '313 patent") was attached as Exhibit 2 to Mirror Worlds (Texas)'s Complaint. Apple states that the '313 patent on its face is entitled "Document Stream Operating System" and identifies Eric Freeman and David H. Gelernter as inventors. Apple states that the '313 patent on its face identifies Mirror Worlds Technologies, Inc. of New Haven, Connecticut as the assignee of the '313 patent. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mirror Worlds (Texas)'s purported ownership in the '313 patent and, therefore, denies those allegations. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 8 of the Complaint.

9.     Apple admits that a document purporting to be United States Patent Number 6,725,427 ("the '427 patent") was attached as Exhibit 3 to Mirror Worlds (Texas)'s Complaint. Apple states that the '427 patent on its face is entitled "Document Stream Operating System with Document Organizing and Display Facilities" and identifies Eric Freeman and David H. Gelernter as inventors. Apple states that the '427 patent on its face identifies Mirror Worlds Technologies, Inc. of New Haven, Connecticut as the assignee of the '427 patent. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mirror Worlds (Texas)'s purported ownership in the '427 patent and, therefore, denies those allegations. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 9 of the Complaint.

10.     Apple admits that a document purporting to be United States Patent Number 6,768,999 ("the '999 patent") was attached as Exhibit 4 to Mirror Worlds (Texas)'s Complaint. Apple states that the '999 patent on its face is entitled "Enterprise,

Stream-Based, Information Management System" and identifies Randy Prager and Peter Sparago as inventors. Apple states that the '999 patent on its face identifies Mirror Worlds Technologies, Inc. of New Haven, Connecticut as the assignee of the '999 patent. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mirror Worlds (Texas)'s purported ownership in the '999 patent and, therefore, denies those allegations. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 10 of the Complaint.

11.    Apple admits that the Complaint identifies the '227 patent, the '313 patent, the '427 patent, and the '999 patent as the "Patents-in-Suit," and adopts the same terminology in this Answer.

**COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,006,227**

12.    Apple refers to and incorporates herein its answers as provided in Paragraphs 1-11 above.

13.    Apple admits that it makes, uses and sells Mac computers, iPhones, iPods, and Mac OS X. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 13 of the Complaint.

14.    Apple is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 14 of the Complaint, and, on that basis, denies the same.

15.    Apple admits that, by 2002, it was aware of a product called Scopeware, which was sold by Mirror Worlds Technologies, Inc. To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 15 of the Complaint.

16.    Apple denies all allegations set forth in Paragraph 16 of the Complaint.

## COUNT II – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,638,313

17.    Apple refers to and incorporates herein its answers as provided in Paragraphs 1-16 above.

18.    Apple admits that it makes, uses and sells Mac computers and Mac OS X.    To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 18 of the Complaint.

19.    Apple admits that, by 2002, it was aware of a product called Scopeware, which was sold by Mirror Worlds Technologies, Inc..  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 19 of the Complaint.

20.    Apples denies all allegations set forth in Paragraph 20 of the Complaint.

## COUNT III – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,725,427

21.    Apple refers to and incorporates herein its answers as provided in Paragraphs 1-20 above.

22.    Apple admits that it makes, uses and sells Mac computers, iPods, iPhones, and Mac OS X.  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 22 of the Complaint.

23.    Apple admits that, by 2002, it was aware of a product called Scopeware, which was sold by Mirror Worlds Technologies, Inc.  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 23 of the Complaint.

24.    Apples denies all allegations set forth in Paragraph 24 of the Complaint.

## COUNT IV – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,768,999

25.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-24 above.

26.     Apple admits that it makes, uses and sells Mac computers, iPods, iPhones, and Mac OS X.  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 26 of the Complaint.

27.     Apple admits that, by 2002, it was aware of a product called Scopeware, which was sold by Mirror Worlds Technologies, Inc..  To the extent not expressly admitted herein, Apple denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Apple denies all allegations set forth in Paragraph 28 of the Complaint.

### ALLEGED DAMAGES AND FIRST PRAYER FOR RELIEF

29.     Apple refers to and incorporates herein its answers as provided in Paragraphs 1-28 above.  Apple denies all allegations set forth in Paragraph 29 of the Complaint.

30.     Apple denies all allegations set forth in Paragraph 30 of the Complaint.

### RESPONSE TO PRAYER FOR RELIEF

31.     Apple denies that Mirror Worlds (Texas) is entitled to any of the relief sought in its prayer for relief against Apple, its agents, employees, representatives, successors and assigns, and those acting in privity or concert with Apple.  Apple has not directly, indirectly, contributorily, and/or by inducement, infringed the Patents-in-Suit, either literally or by the doctrine of equivalents, willfully or otherwise.  Mirror Worlds (Texas) is not entitled to recover statutory damages, compensatory damages, or accounting, injunctive relief, costs, fees, interest, or any other type of recovery from

Apple. Mirror Worlds (Texas)'s prayer should, therefore, be denied in its entirety and with prejudice, and Mirror Worlds (Texas) should take nothing. Apple asks that judgment be entered for Apple and that this action be found to be an exceptional case entitling Apple to be awarded attorneys' fees in defending against Mirror Worlds (Texas)'s Complaint, together with such other and further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

32.     Apple does not object to a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Apple alleges as follows:

### First Affirmative Defense – Failure to State a Claim

33.     The Complaint fails to state a claim upon which relief can be granted because Apple has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Mirror Worlds (Texas).

### Second Affirmative Defense – Noninfringement

34.     Apple does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any claims of the Patents-in-Suit, either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Affirmative Defense – Patent Invalidity

35.     Mirror Worlds (Texas)'s alleged claims for infringement of the Patents-in-Suit are barred because each and every claim of the Patents-in-Suit is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112.

### Fourth Affirmative Defense – Laches

36.     Mirror Worlds (Texas)'s claims for relief are barred in whole or in part by the equitable doctrine of laches.

**Fifth Affirmative Defense – Time Limitation on Damages**

37.     Mirror Worlds (Texas)'s claims for relief and prayer for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years prior to the filing of the complaint.

**Sixth Affirmative Defense – Estoppel**

38.     The Patents-in-Suit are limited and/or unenforceable by reason of estoppel.

**Seventh Affirmative Defense – Lack of Standing**

39.     Mirror Worlds (Texas) lacks standing to bring this suit because, as shown on the faces of the Patents-in-Suit, Mirror Worlds (Texas) is not the assignee of the Patents-in-Suit.

**Eighth Affirmative Defense – Marking**

40.     Mirror Worlds (Texas) is barred in whole or in part from recovering damages under 35 U.S.C. § 287.

**Ninth Affirmative Defense -- Inequitable Conduct**

41.     The Patents-in-Suit are unenforceable under the doctrine of inequitable conduct.  On information and belief, prior to the issuance of the '227 patent, the named inventors of the Patents-in-Suit, David Gelernter and Eric Freeman, were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the U.S. Patent and Trademark Office ("Patent Office").  This information includes, without limitation, Apple's "Piles" technology, as described in, *inter alia*, the article entitled "The 'Pile' metaphor for supporting casual organization of information," by Richard Mander, Gitta Salomon, and Yin Yin Wong, ("the Piles article"), which appeared in the CHI '92 Conference Proceedings, ACM Conference on Human Factors in Computing Systems, Monterey, California, 3-7, May 1992, pp. 627-634  (Exhibit B).

42.    Upon information and belief, the named inventors of the Patents-in-Suit had knowledge of the Piles article during the pendency of U.S. Patent Application No. 08/673,255 and more than three years before the issuance of the '227 Patent.  Named inventors Eric Freeman and David Gelernter made a submission to the CHI '96 Conference on Human Factors in Computer Systems, Vancouver, British Columbia, Canada on April 13-18, 1996, entitled "Lifestreams: An Alternative to the Desktop Metaphor" ("Lifestreams submission") (Exhibit C).  The Lifestreams submission cites eight references, one of which is the Piles article.  In addition, David Gelernter was familiar with Apple's Piles technology at least as early as April 1996.

43.    Apple's Piles technology, including for example, the Piles article, is material prior art to the '227 Patent.  The Piles article discloses a technique for organizing all data units in a file system by taking all information coming into a computer system – including without limitation electronic documents, electronic mail, faxes, and voicemails – and organizing them into electronic "piles."  Specifically, the Piles article discloses generating a mainstream of files and substreams of the mainstream based on sorting data units into piles and sub-piles according to their timestamp.  The Piles article also discloses creating a display of piles and sub-piles as a visual stack of data units, and using miniature document representations and "view cone" representations of those data units as "browse cards" and "glance views."

44.    The Piles article is not cumulative to any references disclosed in the prosecution of the '227 Patent.  None of the references cited to the Patent Office describe Apple's Piles technology, which anticipates and/or renders obvious the '227 Patent.

45.    Upon information and belief, the named inventors of the Patents-in-Suit failed to disclose the Piles article during prosecution of the '227 Patent with an intent to deceive the Patent Office.

46.    The Patents-in-Suit are also unenforceable under the doctrine of inequitable conduct because, on information and belief, individuals substantively involved in prosecuting the applications leading to the '227 patent made material misrepresentations to the Patent Office during prosecution.  Specifically, with the March 19, 1998 Information Disclosure Statement (Exhibit D hereto), Richard Milner submitted to the Patent Office a copy of Yale Technical Report 1070 entitled "The 'Lifestreams' Approach to Reorganizing the Information World," dated April 1995.  In submitting Technical Report 1070 to the Patent Office, Mr. Milner stated that the report "was stored at Yale University in the files of Christopher Hatchell, an Administrative Associate, whose tasks included distribution of this Technical Report," but that "[a]ccording to Mr. Hatchell's records to the best of knowledge, this Technical Report was not distributed outside of the Department of Computer Science at Yale University."  The patentees also stated that "the list containing bibliographic information about the Technical Report from which the technical report number was determined, is kept in a locked file in the Office of Computer Science at Yale University."  Mr. Milner did not identify Technical Report 1070 as prior art on the Information Disclosure Statement Form PTO-1449 submitted on March 19, 1998.

47.    These statements in the March 19, 1998 Information Disclosure Statement were false. Technical Report 1070 was distributed outside of the Office of Computer Science at Yale University.  For example, Dr. Gelernter or other members of his group sent Technical Report 1070 to the Technology Review with the intent of having it published.  As another example, a graduate student at the University of Toronto had a copy of Technical Report 1070 at least as of October 1996 when she completed her Masters thesis citing Technical Report 1070.   In addition, in his February 5, 2009 deposition (Exhibit E hereto), Christopher Hatchell, testifying as a corporate representative on behalf of Yale University, testified:  "Q.  Are you aware of any list containing bibliographic information about the technical report that is kept in a locked

file in the Office of Computer Science at Yale University?  A.  No, I'm not."  and "Q. So, as far as you know, the last sentence here: Further, the list containing bibliographic information about the technical report from which the technical report number was determined is kept in a locked file in the Office of Computer Science at Yale University. As far as your knowledge goes, that statement is not accurate.  A.  Yes, it is not accurate."  February 5, 2009 Deposition of C. Hatchell (Exhibit E) at 195:8-196:2.  Mr. Hatchell also testified under oath:  "Q.  And you never told anyone that they should tell the patent office that the list containing bibliographic information about the technical report was kept in a locked file in the Office of Computer Science?  A.  To the best of my knowledge, I did not."  February 5, 2009 Deposition of C. Hatchell (Exhibit E) at 196:3-7.

48.    Upon information and belief, the false and misleading statements in the March 19, 1998 Information Disclosure Statement were made with an intent to deceive the Patent Office.  Specifically, upon information and belief, these statements were intended to mislead the Patent Office to believe that Technical Report 1070 was not a printed publication and that the information in it was not known or used by others in the United States, and thus did not qualify as prior art under 35 U.S.C. §102.

49.    Upon information and belief, the Examiner did not consider Technical Report 1070 during prosecution of the '227 Patent.

50.    Technical Report 1070 qualifies as prior art to the '227 Patent under 35 U.S.C. § 102(a) and (b).  Technical Report 1070 was a printed publication and/or was known or used by another in the United States on or around April 1995, more than one year before the June 28, 1996 filing of the application that lead to the '227 Patent or the alleged invention by the named inventors.  Technical Report 1070 had been distributed to Technology Review with the initial intent that it be published and had also been distributed to at least one graduate student at the University of Toronto.  In addition, Technical Report 1070 was available for distribution to any individual requesting it

within one week of the April 1995 date on its face. *See, e.g.,* February 5, 2009 Deposition of C. Hatchell (Exhibit E) at 134:18-135:17. Further, a person visiting the Computer Science Department at Yale in the late 1980s to mid 1990s would be told what technical reports had been published by the department if they were requesting that information, and that technical reports were available without restriction to individuals requesting them during that time. *See, e.g,* February 5, 2009 Deposition of C. Hatchell (Exhibit E) at 120:14-25.

51. Technical Report 1070 is material prior art to the '227 Patent. Technical Report 1070 describes work done in conjunction with the Lifestreams Project at Yale and is authored by, *inter alia*, the named inventors of the '227 Patent. Technical Report 1070 describes some of the core concepts of the inventions claimed in the '227 Patent. For example, Technical Report 1070 discloses a technique for organizing all data units or information chunks into "a stream chronologically by the date and time at which they were created (for chunks created by the owner) or added to the stream (for chunks arriving from the outside world)." Technical Report 1070 also discloses substreams, which are lists of all data units or information chunks that satisfy some search criteria, and discloses that substreams are persistent because "a substream lives until it is killed." Technical Report 1070 further discloses that data units or information chunks can be classified chronologically into "past, present or future," a feature that patentees argued was missing from the prior art and that the Examiner identified as a basis for allowance.

52. Technical Report 1070 is not cumulative to any references disclosed in the prosecution of the '227 Patent. Technical Report 1070 is a detailed disclosure of the Lifestreams work conducted at Yale and anticipates and/or renders obvious the '227 Patent.

53. The acts of fraud on the Patent Office committed during the prosecution of the '227 patent render the '227 patent – and any other patent related to the

'227 patent, including without limitation the '313, '427, and '999 patents – unenforceable.

## COUNTERCLAIMS

### COUNT ONE – UNITED STATES PATENT NO. 6,006,227

54.    Mirror Worlds (Texas) claims to be the owner of the '227 patent, entitled "Document Stream Operating System," filed on June 28, 1996 and issued on December 21, 1999. The '227 patent on its face identifies as inventors Eric Freeman and David H. Gelernter. The '227 patent on its face identifies as assignee Yale University of New Haven, Connecticut. See Exhibit 1 of Mirror Worlds (Texas)'s Complaint.

**A.    Declaration of Noninfringement**

55.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-54 above as if fully set forth herein.

56.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '227 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '227 patent, which allegation Apple denies. Absent a declaration of noninfringement, Mirror Worlds (Texas) will continue to wrongfully assert the '227 patent against Apple, and thereby cause Apple irreparable injury and damage.

57.    Apple has not infringed the '227 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

58.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**B.    Declaration of Invalidity**

59.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-58 above as if fully set forth herein.

13

60.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '227 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '227 patent, which allegation Apple denies.  Absent a declaration of invalidity, Mirror Worlds (Texas) will continue to wrongfully assert the '227 patent against Apple, and thereby cause Apple irreparable injury and damage.

61.    The '227 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

62.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### C.    Declaration of Unenforceability

63.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-62 above as if fully set forth herein.

64.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Tex.) with respect to the '227 patent because Mirror Worlds (Tex.) has brought the action against Apple alleging that Apple infringes the '227 patent, which allegation Apple denies.  Absent a declaration of unenforceability, Mirror Worlds (Tex.) will continue to wrongfully assert the '227 patent against Apple, and thereby cause Apple irreparable injury and damage.

65.    Upon information and belief, the '227 patent is unenforceable due to inequitable conduct for the reasons described in Apple's affirmative defenses, and Apple is entitled to a declaration to that effect.

66.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## COUNT TWO – UNITED STATES PATENT NO. 6,638,313

67.    Mirror Worlds (Texas) claims to be the owner of the '313 patent, entitled "Document Stream Operating System," filed on September 17, 1999 and issued on October 28, 2003. The '313 patent on its face identifies as inventors Eric Freeman and David H. Gelernter. The '313 patent on its face identifies as assignee Mirror Worlds Technologies, Inc. of New Haven, Connecticut. See Exhibit 2 of Mirror Worlds (Texas)'s Complaint.

### A.    Declaration of Noninfringement

68.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-67 above as if fully set forth herein.

69.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '313 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '313 patent, which allegation Apple denies. Absent a declaration of noninfringement, Mirror Worlds (Texas) will continue to wrongfully assert the '313 patent against Apple, and thereby cause Apple irreparable injury and damage.

70.    Apple has not infringed the '313 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

71.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

72.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-71 above as if fully set forth herein.

73.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '313 patent because Mirror Worlds (Texas) has

15

brought the action against Apple alleging that Apple infringes the '313 patent, which allegation Apple denies.  Absent a declaration of invalidity, Mirror Worlds (Texas) will continue to wrongfully assert the '313 patent against Apple, and thereby cause Apple irreparable injury and damage.

74.    The '313 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

75.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**C.    Declaration of Unenforceability**

76.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-75 above as if fully set forth herein.

77.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Tex.) with respect to the '313 patent because Mirror Worlds (Tex.) has brought the action against Apple alleging that Apple infringes the '313 patent, which allegation Apple denies.  Absent a declaration of unenforceability, Mirror Worlds (Tex.) will continue to wrongfully assert the '313 patent against Apple, and thereby cause Apple irreparable injury and damage.

78.    Upon information and belief, the '313 patent is unenforceable due to inequitable conduct for the reasons described in Apple's affirmative defenses, and Apple is entitled to a declaration to that effect.

79.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT THREE – UNITED STATES PATENT NO. 6,725,427**

80.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-79 above as if fully set forth herein.

16

81.    Mirror Worlds (Texas) claims to be the owner of the '427 patent, entitled "Document Stream Operating System with Document Organizing and Display Facilities," filed on December 10, 2001 and issued on April 20, 2004.  The '427 patent on its face identifies as inventors Eric Freeman and David H. Gelernter. The '427 patent on its face identifies as assignee Mirror Worlds Technologies, Inc. of New Haven, Connecticut.  See Exhibit 3 of Mirror Worlds (Texas)'s Complaint.

### A.    Declaration of Noninfringement

82.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-81 above as if fully set forth herein.

83.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '427 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '427 patent, which allegation Apple denies.  Absent a declaration of noninfringement, Mirror Worlds (Texas) will continue to wrongfully assert the '427 patent against Apple, and thereby cause Apple irreparable injury and damage.

84.    Apple has not infringed the '427 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

85.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

86.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-85 above as if fully set forth herein.

87.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '427 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '427 patent, which

allegation Apple denies. Absent a declaration of invalidity, Mirror Worlds (Texas) will continue to wrongfully assert the '427 patent against Apple, and thereby cause Apple irreparable injury and damage.

88. The '427 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

89. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**C.     Declaration of Unenforceability**

90. Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-89 above as if fully set forth herein.

91. An actual and justiciable controversy exists between Apple and Mirror Worlds (Tex.) with respect to the '427 patent because Mirror Worlds (Tex.) has brought the action against Apple alleging that Apple infringes the '427 patent, which allegation Apple denies. Absent a declaration of unenforceability, Mirror Worlds (Tex.) will continue to wrongfully assert the '427 patent against Apple, and thereby cause Apple irreparable injury and damage.

92. Upon information and belief, the '427 patent is unenforceable due to inequitable conduct for the reasons described in Apple's affirmative defenses, and Apple is entitled to a declaration to that effect.

93. This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**COUNT FOUR – UNITED STATES PATENT NO. 6,768,999**

94. Mirror Worlds (Texas) claims to be the owner of the '999 patent, entitled "Enterprise, Stream-Based, Information Management System," filed on June 26, 2001 and issued on July 27, 2004. The '999 patent on its face identifies as inventors

Randy Prager and Peter Sparago. The '999 patent on its face identifies as assignee Mirror Worlds Technologies, Inc. of New Haven, Connecticut. <u>See</u> Exhibit 4 of Mirror Worlds (Texas)'s Complaint.

### A.    Declaration of Noninfringement

95.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-94 above as if fully set forth herein.

96.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '999 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '999 patent, which allegation Apple denies. Absent a declaration of noninfringement, Mirror Worlds (Texas) will continue to wrongfully assert the '999 patent against Apple, and thereby cause Apple irreparable injury and damage.

97.    Apple has not infringed the '999 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

98.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B.    Declaration of Invalidity

99.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-98 above as if fully set forth herein.

100.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Texas) with respect to the '999 patent because Mirror Worlds (Texas) has brought the action against Apple alleging that Apple infringes the '999 patent, which allegation Apple denies. Absent a declaration of invalidity, Mirror Worlds (Texas) will continue to wrongfully assert the '999 patent against Apple, and thereby cause Apple irreparable injury and damage.

101.    The '999 patent is invalid under the provisions of Title 35 of the United States Code, including but not limited to Sections 102, 103, and/or 112, and Apple is entitled to a declaration to that effect.

102.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**C.    Declaration of Unenforceability**

103.    Apple realleges and incorporates by reference the allegations set forth in Paragraphs 1-102 above as if fully set forth herein.

104.    An actual and justiciable controversy exists between Apple and Mirror Worlds (Tex.) with respect to the '999 patent because Mirror Worlds (Tex.) has brought the action against Apple alleging that Apple infringes the '999 patent, which allegation Apple denies.  Absent a declaration of unenforceability, Mirror Worlds (Tex.) will continue to wrongfully assert the '999 patent against Apple, and thereby cause Apple irreparable injury and damage.

105.    Upon information and belief, the '999 patent is unenforceable due to inequitable conduct for the reasons described in Apple's affirmative defenses, and Apple is entitled to a declaration to that effect.

106.    This is an exceptional case entitling Apple to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

<u>**COUNT FIVE – INFRINGEMENT OF**</u>
<u>**UNITED STATES PATENT NO. 6,613,101**</u>

**A.    The Parties**

107.    Apple is a corporation organized and existing under the laws of California with its principal place of business in Cupertino, California.

108.    Mirror Worlds LLC ("Mirror Worlds (Texas)") is a Texas limited liability corporation, having its principal place of business at 4540 Kinsey Drive, Tyler, TX 75703, as averred by Mirror Worlds (Texas) in Paragraph 1 of the Complaint.  Mirror

Worlds (Texas) was assigned the patents-in-suit by Plainfield Specialty Holdings I, Inc. on March 5, 2008.

109.    Upon information and belief, Mirror Worlds Technologies, Inc. ("Mirror Worlds (Del.)") is a corporation organized and existing under the laws of the State of Delaware.    Mirror Worlds (Del.) was the assignee of the '227 patent from December 17, 1999 to June 18, 2004, the '313 patent from December 17, 1999 to November 27, 2007, the '999 patent from November 16, 2001 to July 28, 2004, and the '427 patent from December 10, 2001 to June 18, 2004.    Mirror Worlds (Del.) may be served with process by serving its registered agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

**B.    Other Relevant Entities**

110.    Upon information and belief, one or more of Abacus Ventures LP or Abacus Ventures LLC (together "Abacus Ventures"), and Abacus & Associates, Inc. or Abacus & Associates LP (together "Abacus & Associates") are or were entities organized and existing under the laws of the State of Delaware that funded Mirror Worlds (Del.) before March 20, 2001.    Upon information and belief, Frank Weil, who was a director of Mirror Worlds (Del.), was also with Abacus Ventures and is the Chairman of Abacus & Associates.

111.    Upon information and belief, Abacus Ventures and/or Abacus & Associates also funded, directly or indirectly, Recognition Interface, Inc. or Recognition Interface, LLC.    Recognition Interface, Inc. and/or Recognition Interface, LLC were the assignees of the '227 patent from June 18, 2004 to December 24, 2007, the '313 patent from November 27, 2007 to December 24, 2007, the '999 patent from July 28, 2004 to December 24, 2007, and the '427 patent from June 18, 2004 to December 24, 2007. Upon information and belief, Recognition Interface, Inc. was converted to Recognition

Interface, LLC on September 26, 2005 and is its successor-in-interest; the conversion was recorded on March 13, 2008.

112.    Upon information and belief, Plainfield Specialty Holdings I, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Upon information and belief, Plainfield Specialty Holdings I, Inc. is the sole shareholder of Mirror Worlds (Texas).  Plainfield Specialty Holdings I, Inc. was the assignee of the patents-in-suit from December 24, 2007 to March 5, 2008.

113.    In sum, upon information and belief, by virtue of agreements purporting to transfer the patents-in-suit from Mirror Worlds (Del.) to Recognition Interface, to Plainfield Specialty Holdings I, and then to Mirror Worlds (Texas), Mirror Worlds (Texas) is a successor-in-interest to Mirror Worlds (Del.) and/or is liable for patent infringement associated with the Scopeware products, including but not limited to Scopeware Vision Professional.

C.    **Jurisdiction And Venue**

114.    This Court has subject matter jurisdiction over Apple's claim of patent infringement, which arises under the patent laws of the United States, pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. §§ 2201 and 2202.

115.    Upon information and belief, Mirror Worlds (Del.) is subject to personal jurisdiction in this district arising out of its systematic and continuous contacts with this district, including in particular, its past and ongoing infringing conduct, as set forth herein.

116.    Upon information and belief, Mirror Worlds (Del.) is subject to personal jurisdiction in this district based on its contacts with this district.  Upon information and belief, Mirror Worlds (Del.) has committed purposeful acts and/or transactions directed toward this district, including participating in the transfer of the

patents in suit to Mirror Worlds (Texas), for the purpose of enabling this lawsuit to be brought in this district.

117.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2), (c), (d) and/or 28 U.S.C. § 1400 because the infringement of Apple's patent has occurred within this district, as set forth herein, and because Mirror Worlds (Texas) filed this lawsuit in this district.

**D.    Infringement of U.S. Patent No. 6,613,101**

118.    Apple Inc. is the owner of the entire right, title and interest in and to U.S. Patent No. 6,613,101 ("the '101 patent") entitled "Method and Apparatus for Organizing Information in a Computer System," which was duly and legally issued on September 2, 2003 in the name of inventors Richard Mander, Daniel E. Rose, Gitta Salomon, Yin Yin Wong, Timothy Oren, Susan Booker, and Stephanie Houde.  A copy of the '101 patent is attached as Exhibit A hereto.

119.    Upon information and belief, Mirror Worlds (Del.) has infringed, and is currently infringing, claims 1 – 12 of the '101 patent, in violation of 35 U.S.C. § 271 through its actions and conduct in connection with the Scopeware products, including but not limited to Scopeware Vision Professional.

120.    Upon information and belief, Mirror Worlds (Del.) had actual knowledge of U.S. Patent No. 6,243,724, the parent of the '101 patent, no later than June 2003.  Upon information and belief, Mirror Worlds (Del.) had actual knowledge of the '101 patent no later than September 2003.

121.    Upon information and belief, Mirror Worlds (Texas) is legally responsible for the infringement alleged in paragraph 90, either as a successor-in-interest to Mirror Worlds (Del.), or by actively inducing infringing actions and conduct in connection with the Scopeware products.

122.    Upon information and belief, infringement of the '101 patent by Mirror Worlds (Del.) and/or Mirror Worlds (Texas) has been willful and deliberate.

## **RELIEF**

WHEREFORE, Apple seeks the following relief:

a. That each and every claim of the '227 patent, the '313 patent, the '427 patent, and the '999 patent be declared not infringed, invalid and unenforceable;

b. That Mirror Worlds (Texas) take nothing by its Complaint and that Mirror Worlds (Texas)'s Complaint be dismissed with prejudice;

c. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Mirror Worlds (Texas)'s conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

d. That Apple be awarded its cost of suit incurred herein;

e. That Mirror Worlds (Del.) and/or Mirror Worlds (Texas) be declared to have infringed, directly or indirectly, claims 1 – 12 of the '101 patent under 35 U.S.C. § 271; and,

f. That Apple be granted such other and additional relief as this Court deems just and proper.

24

Date:   August 27, 2009                Respectfully submitted,

                                        /s/ Steven S. Cherensky
                                        Matthew D. Powers
                                        Lead Attorney
                                        Steven S. Cherensky
                                        Sonal N. Mehta (*Pro Hac Vice*)
                                        Stefani C. Smith (*Pro Hac Vice*)
                                        WEIL, GOTSHAL & MANGES LLP
                                        201 Redwood Shores Parkway
                                        Redwood Shores, CA 94065
                                        650-802-3000 (Telephone)
                                        650-802-3100 (Facsimile)
                                        matthew.powers@weil.com
                                        steven.cherenskly@weil.com
                                        sonal.mehta@weil.com
                                        stefani.smith@weil.com

                                        Eric M. Albritton
                                        Texas State Bar No. 00790215
                                        ALBRITTON LAW FIRM
                                        P.O. Box 2649
                                        Longview, Texas 75606
                                        (903) 757-8449 (Telephone)
                                        (903) 758-7397 (Facsimile)
                                        ema@emafirm.com

                                        *Attorneys for Defendant and Counterclaim*
                                        *Plaintiff Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 27th day of August, 2009.

  /s/   *Stefani C. Smith*   
Stefani C. Smith
