**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC | Civil Action No.  6:08-CV-88 LED |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| APPLE INC. | |
| Defendant. | |
| APPLE INC. | |
| Counterclaim Plaintiff | |
| v. | |
| MIRROR WORLDS, LLC,
MIRROR WORLDS TECHNOLOGIES, INC., | |
| Counterclaim Defendants. | |

**MIRROR WORLDS TECHNOLOGIES, INC.'S ANSWER AND DEFENSES
TO APPLE INC.'S PATENT INFRINGMENT CLAIM**

Mirror Worlds Technologies Inc. ("MWT") hereby responds to Paragraphs 107-22 of Apple Inc.'s Second Amended Answer, Affirmative Defenses and Counterclaims (Dkt. 113) ("Apple's Patent Infringement Claim").  Paragraphs 107-22, below, correspond to the paragraph numbers of the allegations in Apple's Patent Infringement Claim to which they respond.  To the extent not expressly admitted herein, MWT denies the allegations in Apple's Patent Infringement Claim.

## COUNT FIVE – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,613,101

### A.     The Parties

107.    On information and belief, MWT admits that Apple Inc. ("Apple") is a California corporation having its principal place of business in Cupertino, California.  Except as so expressly admitted, MWT denies the allegations in paragraph 107 of Apple's Patent Infringement Claim.

108.    On information and belief, MWT admits the allegations in paragraph 108 of Apple's Patent Infringement Claim.

109.    MWT does not contest service in this action.  MWT admits that it is a Delaware corporation and that it was the assignee of (a) the patent applications corresponding to United States Patent Nos. 6,006,227 and 6,638,313 as of December 17, 1999, (b) the patent application corresponding to United States Patent No. 6,725,427 as of December 10, 2001, and (c) the patent application corresponding to United States Patent No. 6,768,999 on or before November 16, 2001.  MWT further states that in or around June 2004, MWT sold its rights in the foregoing applications to Recognition Interface, Inc.  Except as so expressly admitted, MWT denies the allegations in paragraph 109 of Apple's Patent Infringement Claim.

### B.     Other Relevant Entities

110.    On information and belief, MWT admits that Frank Weil and/or one or more Abacus entities invested monies in MWT prior to March 20, 2001.  On information and belief, MWT further admits that Frank Weil is the Chairman of Abacus & Associates, Inc. and was, at one time, on the Board of Directors of MWT.  MWT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 of Apple's Patent Infringement Claim and, therefore, denies them.

111.    MWT admits that in or around June 2004, MWT sold its rights in United States Patent Nos. 6,006,227; 6,638,313; 6,725,427; and 6,768,999 and/or their respective corresponding patent applications to Recognition Interface, Inc.  MWT denies the allegations in paragraph 82 of Apple's Patent Infringement Claim to the extent they are inconsistent with the foregoing statement.  The remaining allegations in paragraph 111 of Apple's Patent Infringement Claim do not pertain to MWT.

112.    On information and belief, MWT admits that Plainfield Specialty Holdings I, Inc. ("PSH I") is a Delaware corporation and that PSH I is the sole member of Mirror Worlds, LLC. On information and belief, MWT further admits that pursuant to a Patent Purchase Agreement in or around December 2007, PSH I purchased United States Patent Nos. 6,006,227; 6,638,313; 6,725,427; and 6,768,999 from Recognition Interface, LLC and that in or around March 2008, PSH I assigned those patents to Mirror Worlds, LLC.  MWT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of Apple's Patent Infringement Claim and, therefore, denies them.

113.    MWT denies the allegations in paragraph 113 of Apple's Patent Infringement Claim.

### C.    Jurisdiction and Venue

114.    MWT admits that Apple's Patent Infringement claim alleges a cause of action under the patent laws of the United States and that this Court has subject matter jurisdiction to hear that claim.  Except as so expressly admitted, MWT denies the allegations in paragraph 114 of Apple's Patent Infringement Claim.

115.    MWT does not contest personal jurisdiction in this district.  Except as so expressly admitted, MWT denies the allegations in paragraph 115 of Apple's Patent Infringement Claim.

116.    MWT does not contest personal jurisdiction in this district.  Except as so expressly admitted, MWT denies the allegations in paragraph 116 of Apple's Patent Infringement Claim.

117.    MWT does not, at present, contend that venue is improper in this district.  Except as so expressly admitted, MWT denies the allegations in paragraph 117 of Apple's Patent Infringement Claim.  MWT expressly reserves all rights to bring a motion to transfer venue, including under 28 U.S.C. § 1404, at a later time.

      **D.**      <u>**Alleged Infringement of U.S. Patent No. 6,613,101**</u>

118.    MWT admits that a document purporting to be U.S. Patent No. 6,613,101 ("the '101 patent") was attached as Exhibit A to Apple's First Amended Answer, Affirmative Defenses and Counterclaims.  MWT further admits that the '101 patent, on its face, is entitled "Method and Apparatus for Organizing Information in a Computer System," bears the issuance date of September 2, 2003, and identifies Richard Mander, Daniel E. Rose, Gitta Salomon, Yin Yin Wong, Timothy Oren, Susan Booker, and Stephanie Houde as inventors.  MWT is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 118 of Apple's Patent Infringement Claim and, therefore, denies them.

119.    MWT denies the allegations in paragraph 119 of Apple's Patent Infringement Claim.

120.    On information and belief, MWT admits that it was aware of U.S. Patent No. 6,234,724 by June 2003.  MWT is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 120 of Apple's Patent Infringement Claim and, therefore, denies them.

121.    MWT denies the allegations in paragraph 121 of Apple's Patent Infringement Claim.

122.    MWT denies the allegations in paragraph 122 of Apple's Patent Infringement Claim.

## APPLE'S PRAYER FOR RELIEF

To the extent necessary, MWT denies that Apple is entitled to any of the relief requested in its prayer for relief.

## DEFENSES

## FIRST DEFENSE – Failure to State a Claim

Apple's Patent Infringement Claim fails to state a claim upon which relief can be granted because MWT has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Apple.

## SECOND DEFENSE – Non-Infringement

MWT has not infringed and does not infringe any asserted claim of U.S. Patent No. 6,613,101 ("the '101 patent").  Nor has MWT induced or contributed to any infringement of the '101 patent.

## THIRD DEFENSE – Laches

Apple's Patent Infringement Claim is barred, in whole or in part, by the doctrine of laches.

## FOURTH DEFENSE – Estoppel

Apple's Patent Infringement Claim is barred, in whole or in part, by the doctrine of estoppel.

## FIFTH DEFENSE – Waiver

Apple's Patent Infringement Claim is barred, in whole or in part, by the doctrine of waiver.

## SIXTH DEFENSE – Statute of Limitations

Apple's Patent Infringement Claim is barred, in whole or in part, by applicable statutes of limitations, including, but not limited to 35 U.S.C. §286.

## SEVENTH DEFENSE – Failure to Mark

Apple's Patent Infringement Claim is barred, in whole or in part, by 35 U.S.C. § 287.

## EIGHTH DEFENSE – Prosecution History Estoppel

Apple's Patent Infringement Claim is barred, in whole or in part, by the doctrine of prosecution history estoppel.

## Reservation of Rights

MWT reserves the right to assert additional defenses that further investigation or discovery may support.

## MWT'S PRAYER FOR RELIEF

Wherefore, MWT prays that the Court:

1.      Dismiss Apple's Patent Infringement Claim with prejudice;

2.      Declare that this case is exceptional and award MWT its reasonable attorneys' fees and costs; and

3.      Award MWT such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: September 30, 2009       BY: */s/ Richard H. An*        
Otis Carroll
(Texas States Bar No. 03895700)
Deborah Race
(Texas State Bar No. 16448700)
IRELAND CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel:  (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

Joseph Diamante (*Pro Hac Vice*)
Kenneth L. Stein (*Pro Hac Vice*)
Richard H. An (*Pro Hac Vice*)
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, N.Y. 10038
Tel:  (212) 806-5400
Fax: (212) 806-6006
Email: kstein@stroock.com
Email: ran@stroock.com

ATTORNEYS FOR
MIRROR WORLDS TECHNOLOGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 30th day of September 2009, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Richard H. An*