**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC,<br><br>             Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>             Defendant. | Civil Action No. 6:08-cv-88 LED<br><br><br>JURY TRIAL DEMANDED |
| APPLE INC.,<br><br>             Counterclaim Plaintiff,<br><br>        v.<br><br>MIRROR WORLDS, LLC,<br>MIRROR WORLDS TECHNOLOGIES, INC.,<br><br>             Counterclaim Defendants. | |

**APPLE INC.'S MOTION FOR SUMMARY JUDGMENT THAT THE ASSERTED**
**CLAIMS OF U.S. PATENT NOS. 6,006,227, 6,638,313, 6,725,427 AND 6,768,999 ARE**
**<u>INVALID AS ANTICIPATED AND OBVIOUS</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     ISSUE TO BE DECIDED BY THE COURT ............................................... 1

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS .............................. 1

        A.     The Lucas '330 Patent And Workscape System .................................... 1

        B.     Apple's Mander '724 Patent ................................................................. 3

        C.     Retrospect ........................................................................................... 3

        D.     The PTO's Rejection Of The Patents In Suit And Mr. Levy's Rebuttal
               Expert Report On Validity ................................................................... 4

IV.     LEGAL STANDARD ................................................................................. 4

V.      ARGUMENT ............................................................................................. 5

        A.     The Asserted Claims Of The '227 Patent Are Anticipated Or Rendered
               Obvious By Lucas Workscape ............................................................. 6

        B.     The Asserted Claims Of The '313 Patent Are Anticipated Or Rendered
               Obvious By Lucas Workscape ............................................................. 8

        C.     The Asserted Claims Of The '427 Patent Are Anticipated Or Rendered
               Obvious By Lucas Workscape ........................................................... 11

        D.     Asserted Claim 1 Of The '999 Patent Is Anticipated Or Rendered Obvious
               By Lucas Workscape ......................................................................... 11

VI.     CONCLUSION ........................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Graham v. John Deere Co.*,
   383 U.S. 1 (1966) ................................................................................................. 5

*Hazani v. U.S. Intern. Trade Comm'n*,
   126 F.3d 1473 (Fed. Cir. 1997) ........................................................................... 5

*In re Mayne*,
   104 F.3d 1339 (Fed. Cir. 1997) ........................................................................... 5

*Kalman v. Kimberly-Clark Corp.*,
   713 F.2d 760 (Fed. Cir. 1983) ............................................................................. 5

*SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*,
   859 F.2d 878 (Fed. Cir. 1989) ............................................................................. 4


STATUTES

35 U.S.C. § 102 ...................................................................................................... 1, 4

35 U.S.C. § 103 ...................................................................................................... 1, 5

## I.    INTRODUCTION

Apple respectfully moves for summary judgment of invalidity of Mirror Worlds' asserted claims of U.S. Patent Nos. 6,006,227, 6,638,313, 6,725,427, and 6,768,999 (collectively, the "patents in suit").  The asserted claims of the patents in suit are anticipated or rendered obvious by the prior art, and summary judgment of invalidity is appropriate.

## II.    ISSUE TO BE DECIDED BY THE COURT

Whether the asserted claims of the patents in suit are invalid under 35 U.S.C. §§ 102 and 103 as anticipated or obvious, thereby entitling Apple to summary judgment of invalidity?

## III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    The Lucas '330 Patent And Workscape System

1.      U.S. Patent No. 5,499,330 to Peter Lucas ("Lucas '330") was filed on September 17, 1993 and issued on March 12, 1996. (Ex. 5.[1])

2.      Lucas '330 was not before the Examiner during the prosecution of the patents in suit. (Exs. 1-4.)

3.      Lucas '330 discloses a system for displaying documents as three-dimensional "strands," to provide an "intuitively appealing" improvement over conventional user-interfaces where "folders or directories are used to organize files or documents into groups or hierarchies." (Ex. 5 at FIGS. 3 and 5, 1:14-40.)

4.      The user interface described in Lucas '330 is designed to work with "repositories" and "workspaces" of documents, which can be kept either in local storage or accessed over a computer network.  (*Id.* at 7:40-67.)

---

[1] "Ex." refers to the Exhibits to the Declaration of Jeffrey G. Randall except as noted otherwise.

5.    The Lucas '330 system that displays documents along a "strand" through a three-dimensional display space:



FIG. 5

(*E.g.*, *id.* at 1:55-61 and FIG. 5.)

6.    Lucas '330 is related to the work of Dr. Peter Lucas and colleagues conducted at MAYA on the Workscape document management system.  (Ex. 6 at p. 124).  The following three references, among others, describe Workscape (collectively the "Workscape References"):

- "CHI '94 Video", which is a video that was publically disclosed at the CHI (computer-human interaction) conference in 1994.  (Ex. 7.)

- Peter Lucas and Lauren Schneider, "Workscape: A Scriptable Document Management Environment," CHI '94 Conf. Companion, at 9-10 (April 24-28, 1994). (Ex. 8.)

- Joseph M. Ballay, "Designing Workscape: An Interdisciplinary Experience," CHI '94 Conference, pp. 10-15 (April 24-28, 1994).  (Ex. 9.)

7.    The Workscape References were not before the Examiner during the prosecution of the patents in suit.  (Exs. 1-4.)

8.    The Workscape References describe a document management system in which client computers are able to receive and utilize documents from any number of repositories or servers. (*E.g.*, Ex. 8 at pp. 9-10.)

9.    The Workscape system displays documents in single strands as shown above, but

-2-

also in multiple strands selected by document type (*e.g.*, emails in one strand, scanned documents in another, and so on) as shown below, where the strands are time-ordered, with the newest documents displayed forward towards the viewer:



(*See,* e.g., Ex. 7 at 4:08.)

**B.    Apple's Mander '724 Patent**

10.    U.S. Patent No. 6,243,724 to Mander, et al. ("Mander '724") was filed on August 8, 1994 and issued on June 5, 2001.  (Ex. 10.)

11.    Mander '724 was not before the Examiner during the prosecution of U.S. Patent No. 6,006,277 (the "'227 patent").  (Ex. 1.)

**C.    Retrospect**

12.    Retrospect is a Macintosh software application made by Dantz Development Corporation for the automatic backup of files. The Retrospect software is described in, for example, the 1993 and 1995 "Retrospect User's Guide."  (Exs. 11 and 12, respectively.)

13.    Retrospect was not before the Examiner during the prosecution of the patents in suit. (Exs. 1-4.)

**D.     The PTO's Rejection Of The Patents In Suit And Mr. Levy's Rebuttal
         Expert Report On Validity**

14.     Lucas '330, the Workspace References, Mander '724, and Retrospect are prior art
to the '227 patent and the other patents in suit – U.S. Patent Nos. 6,638,313 (the "'313 patent"),
6,725,427 (the "'427 patent"), and 6,768,999 (the "'999 patent") – under 35 U.S.C. § 102.  (*See*
Ex. 13 at p. 5 (alleging priority dates).)

15.     The United States Patent and Trademark Office ("PTO") has granted
reexamination of all patents in suit.  (Exs. 14-17.)

16.      The PTO has rejected all asserted claims of the patents in suit (except claim 11 of
the '313 patent) as being anticipated by Mander '724, and/or as being obvious over Mander '724
in view of Retrospect.  (Exs. 18-21.)

17.     The PTO found during reexamination of the '227 and '313 patents that Lucas
'330 is "highly material and relevant because [it] seem[s] to anticipate at least one of the claims."
(Ex. 18 at 11; Ex. 19 at 7.)

18.     Apple has filed a motion to exclude and strike the testimony and expert report of
John Levy, Mirror Worlds' expert regarding infringement and invalidity.  (Apple's Motion
Under *Daubert* And Rule 26 To Limit The Testimony And Expert Reports Of John Levy, filed
contemporaneously herewith.)  The motion outlines the claims and claim elements of the patents
in suit for which Dr. Levy has not offered an admissible opinion regarding invalidity in light of
Lucas '330, Workscape and Mander '724.  *Id.* at Exs. 3-10.  Dr. Levy did not offer an admissible
opinion regarding the Workscape References.  *Id.* at p. 11.

## IV.   LEGAL STANDARD

Anticipation involves determining whether the limitations of the claims, as properly
interpreted, are met by the prior art. *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859

F.2d 878, 882 (Fed. Cir. 1989). "Invalidity for anticipation requires that all of the elements and limitations of the claim are found within a single prior art reference." *Hazani v. U.S. Intern. Trade Comm'n*, 126 F.3d 1473, 1477 (Fed. Cir. 1997). A prior art reference can disclose each element of the accused claim either expressly or inherently. *Kalman v. Kimberly-Clark Corp.*, 713 F.2d 760, 771 (Fed. Cir. 1983).

A patent is invalid under 35 U.S.C. § 103(a) as being obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." Obviousness is a question of law, based on the following factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the pertinent art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness.[2] *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007) (*citing Graham v. John Deere Co.*, 383 U.S. 1, 15-17 (1966)). The first three factors establish a *prima facie* case of obviousness. *In re Mayne*, 104 F.3d 1339, 1341-42 (Fed. Cir. 1997). Once a *prima facie* case of obviousness is made, the patentee must rebut that case with objective evidence on non-obviousness, if available. *Id.*

## V.   ARGUMENT

Lucas '330 and the Workscape References (together, "Lucas Workscape") anticipate or render obvious the asserted claims of the patents in suit by clear and convincing evidence. (Mirror Worlds' expert, Mr. Levy, has not contested that there are numerous reasons for why one of ordinary skill would combine Lucas '330 with the Workscape References. (*See generally*,

---

[2] Apple agrees, for purposes of this motion only, that Mirror Worlds' expert's view on level of skill applies. (*See* Ex. 22, at p. 11, ¶ 11.)

Ex. 23; *see esp. id*. at ¶ 179.)   For certain claim elements, as described below, one of ordinary skill in the art would be motivated to combine Lucas Workscape with Mander '724 or Retrospect to arrive at the allegedly claimed invention.

A.    **The Asserted Claims Of The '227 Patent Are Anticipated Or Rendered Obvious By Lucas Workscape**

Mirror Worlds has asserted that various Apple instrumentalities infringe claims 13-17, 20 and 22 of the '227 patent.   No reasonable juror could disagree that all of these asserted claims are invalid as anticipated or rendered obvious by Lucas Workscape.

Claim 13, Preamble:   Lucas Workscape teaches organizing "each item of information of significance to the user that the user considers as a unit," as required by the preamble of claim 13 according to the Court's claim construction.   (Ex. 24 at p. 2.)   For example, Lucas Workscape discloses that its "system allows the user to organize and browse documents in an environment that resembles the real world of piles and papers" for all documents received or generated by the computer system.   (Ex. 25 at pp. 1-3.)

Claim 13A – Generating a "stream":[3]   Lucas Workscape discloses the generation of "a time-ordered sequence of documents that functions as a diary of a person or an entity's electronic life and that is designed to have three main portions: past, present, and future."   (Ex. 24, p. 2.) For example, Lucas Workscape teaches a system wherein all of the organized data units (*i.e.*, documents) can be returned by using a "FIND" search tool and wherein the returned stream of data is automatically time-ordered.   (Ex. 25 at pp. 3-12.)   In Lucas Workscape, the system accounts for all dates – past, present or future: "There were also situations where the date had to

---

[3] The citations to claims and claim elements herein correspond with each asserted claim of the patents in suit.   Each element of the independent claims has been separately addressed and designated – *e.g.*, "Claim 13A" corresponds with the first element of independent claim 13 of the '227 patent.   *See* Exhibits 25-28 for more detail, including full recitations of the claim language.

be in the future . . . a feature in Workscape called a reminder note." *Id.* at p. 4 (*citing* deposition testimony of Peter Lucas, Lucas Workscape's inventor).

<u>Generating a "main stream"</u>: Lucas Workscape teaches generating "a stream that is inclusive of every data unit, or document, received by or generated by the computer system." (Ex. 24, p. 2.)  Lucas Workscape's "wild card" search, for example, returns a time-ordered stream of every data unit of significance to the user.  (Ex. 25 at pp. 6-10.)

<u>Generating a "substream"</u>: Lucas Workscape discloses "a stream that is a subset of data units, or documents, yielded by a filter on a stream, the filter identifying certain documents within the stream."  (Ex. 25 at p. 10-12.)  The Lucas Workscape system allows a user to "tag" documents in the main stream, for example, so that a "substrand" could be created from the main strand.  *Id.*  Alternatively, a user could use the "FIND" tool to filter the main stream to create separate "substrands."  *Id.*

<u>Claim 13B – 13E</u>:  Lucas Workscape discloses these claim elements.  (Ex. 25 at pp. 12-15.)  Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.

<u>Claim 13F</u>:  Lucas Workscape teaches a system wherein each data unit is included in at least the main stream according to the timestamp in the chronological indicator.  As described above for Claim 13A, the main stream in Lucas Workscape is automatically time-ordered.

<u>Claim 13G – "persistent streams"</u>:  Lucas Workscape can dynamically update its main stream and substreams.  (Ex. 24 at p. 3).  For example, a user can configure the "FIND" tool to constantly watch a repository of data units and automatically update the workspace accordingly: "the search doesn't just search for documents that exist at a particular period of time, but the search itself is ongoing, so that future documents would appear as well."  (Ex. 25 at pp. 16-17 (*citing* deposition testimony of Peter Lucas).)

Claim 14 of the '227 Patent:  Lucas Workscape describes the association of timestamps with data units.  (Ex. 25 at p. 17.)  As described above for Claim 13A, the timestamp can be from the past, present or future.

Claim 15 of the '227 Patent:  Lucas Workscape displays visual strands / piles. SOUMF ## 4, 10 and 14; *see* also (Ex. 25 at pp. 18-21).  As described above for Claim 13A, Lucas Workscape teaches "streams."

Claim 16 of the '227 Patent:  Lucas Workscape teaches displaying streams wherein the system "receiv[es] from a user one or more indications of one or more selected segments of the streams corresponding to one or more selected intervals of time."  For example, a "date slider" can be used "to restrict the field of view to documents which were created within a specified range of dates."  (Ex. 25 at pp. 21-23 (*citing* CHI '94 Video at 4:00-4:13).)

Claims 17, 20 and 22 of the '227 Patent:  Lucas Workscape meets these claims (Ex. 25 at pp. 23-28), which is not contested by Dr. Levy.  *See* SOUMF # 14.

**B.    The Asserted Claims Of The '313 Patent Are Anticipated Or Rendered Obvious By Lucas Workscape**

Mirror Worlds asserts that various Apple instrumentalities infringe claims 1-4 and 9-11 of the '313 patent.  These asserted claims are invalid as anticipated, or rendered obvious by Lucas Workscape alone or in combination with Mander '724 or Retrospect.

Claim 1 – Preamble:  Lucas Workscape is a system that utilizes "an operating system that is based on a time-ordered sequence of documents that functions as a diary of a person or an entity's electronic life and that is designed to have three main portions: past, present, and future" and that utilizes subsystems from at least other "software that handles basic computer operations (e.g. managing input/output, memory, applications, etc.) and presents an interface to the user." (Ex. 24 at p. 2-3.)  As discussed above for Claim 13A of the '227 patent, Lucas Workscape

-8-

teaches "streams," and therefore teaches "a document stream operating system."  *See* (Ex. 26 at pp. 2-8.)  Lucas Workscape utilizes subsystems called "repositories."  *Id*.

Claim 1A & 1B:  Lucas Workscape discloses these claim elements.  (Ex. 26 at pp. 8-9.) Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.

Claim 1C – "automatically archiving":  Lucas Workscape discloses a system that automatically "cop[ies] or mov[es] documents to a secondary storage medium."  (Ex. 24 at p. 2.) For example, Lucas Workscape discloses that documents can be persistently written back to its "repository" archive(s).  (Ex. 26 at pp. 9-13.)  To the extent Lucas does not disclose "automatic" archiving, Lucas Workscape in view of Retrospect clearly discloses a system that "perform[s] automatic, unattended backups."  *Id*. at 12-13.[4]

Claim 1D – 1F:  Lucas Workscape discloses these claim elements.  (Ex. 26 at pp. 13-21.) Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.  Further, to the extent that Lucas Workscape does not disclose "display[ing] the glance view of the document in the stack that is currently touched by the cursor or pointer, without requiring clicking on the document," it would have been obvious to one of ordinary skill in the art to combine Lucas Workscape with Mander '724 to arrive at this claim limitation.  (*See* Ex. 26 at pp. 18-21.[5])

Claim 1G – "utilizing other subsystems":  Lucas Workscape teaches this limitation, as above for Claim 1, Preamble of the '313 patent.  (*See* Ex. 26 at pp. 21-22.)

---

[4] One of ordinary skill would be motivated to combine the user interfaces of Lucas Workscape with the automatic archiving of Retrospect.  (*Compare* Ex. 6 at pp. 119-121 with *id*. at pp. 132-33.)  Mirror Worlds' expert, Dr. Levy, has not rebutted these facts.  (*See generally*, Ex. 23.)

[5] One of ordinary skill would be motivated to combine the user interfaces of Lucas Workscape with the file organization and user interface of Mander '724.  (Ex. 6 at pp. 132-33.)  Mirror Worlds' expert, Mr. Levy, has not rebutted Dr. Feiner's reasons for why one of ordinary skill would combine Lucas Workscape with Mander '724. (*See generally*, Ex. 23.)

Claim 2 – "streams," "main streams," and "substreams":    Lucas Workscape teaches this claim limitation, as discussed above for Claim 13A of the '227 patent.  (*See* Ex. 26 at pp. 22-23.)

Claim 3 – "persistent streams":  Lucas Workscape teaches this limitation, as discussed above for Claim 13G of the '227 patent.  (*See* Ex. 26 at pp. 23-24.)

Claim 4 – "generating a live substream":  Lucas Workscape teaches this limitation, as noted above for Claim 13G of the '227 patent.  (*See* Ex. 26 at p. 24.)

Claim 9, Preamble –  "automatically archiving . . . such that the archived documents can be searched":  As discussed above for Claim 1C of the '313 patent, Lucas Workscape discloses a system that automatically "cop[ies] or mov[es] documents to a secondary storage medium."  Lucas Workscape allows a user to search the archived documents meeting certain criteria when searching the "repository" archives to generate a main stream.  (*See* Ex. 26 at pp. 24-25.)

Claim 9A – 9B:  Lucas Workscape discloses these claim elements.  (Ex. 26 at pp. 25-26.)  Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.

Claim 9C – "automatically archiving . . . with said time-based indicators":  As discussed above for Claim 1C of the '313 patent, Lucas Workscape discloses a system that automatically "cop[ies] or mov[es] documents to a secondary storage medium."  Lucas Workscape discloses archiving documents with time-based indicators.  (Ex. 26 at p. 26.)

Claim 9D – 9E:  Lucas Workscape discloses these claim elements.  (Ex. 26 at pp. 26-27.)  Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.

Claim 10:  Lucas Workscape discloses claim 10.  (Ex. 26 at pp. 27-28.)  Mirror Worlds' expert does not contest this.  *See* SOUMF # 14.

Claim 11 – "generating and displaying a substream comprising documents identified in said searching [of the archived documents]":  As with Claim 1C of the '313 patent, Lucas

-10-

Workscape teaches automatically "cop[ying] or mov[ing] documents to a secondary storage medium." Lucas Workscape teaches generating and displaying a substream comprising documents identified in the searching of the archived documents. (Ex. 26 at pp. 28-29.)

### C.   The Asserted Claims Of The '427 Patent Are Anticipated Or Rendered Obvious By Lucas Workscape

Mirror Worlds asserts that various Apple instrumentalities infringe claims 1, 2, 5, 7-10, 13, 15-19, 22, 24-26, 29, 31-34, 37 and 39 of the '427 patent. All of these asserted claims are invalid as anticipated or rendered obvious by Lucas Workscape alone or in combination with Mander '724 or Retrospect. The asserted claims of the '427 contain similar limitations as the asserted '227 and '313 claims, and are anticipated for similar reasons. (*See* Ex. 27.)

### D.   Asserted Claim 1 Of The '999 Patent Is Anticipated Or Rendered Obvious By Lucas Workscape

Mirror Worlds asserts that various Apple instrumentalities infringe claim 1 of the '999 patent. All of these asserted claims are invalid as anticipated or rendered obvious by Lucas Workscape. Claim 1 of the '999 patent contains similar limitations as the asserted claims of the '227 and '313 patents, and thus, is anticipated for similar reasons. (*See* Ex. 28.) Lucas Workscape: (i) implements a client-server model "that manages information for an enterprise or organization." (Ex. 24 at p. 2.); (ii) manages information from many "repositories" and "[m]ost repositories are on remote machines and the system gets documents from them over the network." (Ex. 25 at p 2.); and (iii) teaches the "document object model" – *e.g.*, "a single, uniform data object, known simply as a document." (Ex. 28 at pp. 2-3.)

## VI.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court declare the asserted claims of the patents in suit invalid as being anticipated or obvious.

Dated: July 1, 2010                    Respectfully submitted,

                                       /s/ Jeffrey G. Randall
                                       _____
                                       Jeffrey G. Randall
                                       Lead Attorney
                                       PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
                                       1117 S. California Avenue
                                       Palo Alto, California  94304-1106
                                       Telephone:  (650) 320-1850
                                       Facsimile:  (650) 320-1950
                                       jeffrandall@paulhastings.com

                                       Allan M. Soobert
                                       PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
                                       875 15th Street, N.W.
                                       Washington, DC 20005
                                       Telephone:  (202) 551-1822
                                       Facsimile:  (202) 551-0222
                                       allansoobert@paulhastings.com

                                       S. Christian Platt
                                       PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
                                       4747 Executive Dr., 12th Floor
                                       San Diego, CA  92121
                                       Telephone:  (858) 458-3034
                                       Facsimile:  (858) 458-3005
                                       christianplatt@paulhastings.com

                                       Eric M. Albritton
                                       Texas State Bar No. 00790215
                                       ALBRITTON LAW FIRM
                                       P.O. Box 2649
                                       Longview, Texas 75606
                                       Telephone:  (903) 757-8449
                                       Facsimile:  (903) 758-7397
                                       ema@emafirm.com

                                       COUNSEL FOR APPLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 1st day of July, 2010.  As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall