**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC, | JURY TRIAL DEMANDED |
| Plaintiff, | Case No. 6:08-cv-88 (LED) |
| v. | |
| APPLE INC., | |
| Defendant. | |
| | |
| APPLE INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| MIRROR WORLDS, LLC, MIRROR WORLDS TECHNOLOGIES, INC., | |
| Counterclaim Defendants. | |

**MIRROR WORLDS TECHNOLOGIES INC.'S MOTION FOR**
**SUMMARY JUDGMENT OF INVALIDITY OF US PATENT NO. 6,613,101**

# TABLE OF CONTENTS

I.      Introduction and Summary of Argument ............................................................1

II.     Statement of Issues ...........................................................................2

III.    Statement of Undisputed facts ..................................................................2

    A.   Apple's Counterclaim Asserting Infringement of the '101 Patent ...............................2

    B.   The '101 Patent .........................................................................3

    C.   Claim Construction of the '101 Patent ...................................................4

    D.   Prosecution of the '101 Patent, including Nicol and Levine .................................4

    E.   The Nicol patent .......................................................................7

    F.   The Levine Patent ......................................................................9

IV.     Applicable Law .............................................................................9

    A.   Legal Standard of Summary Judgment......................................................9

    B.   Legal Standard for Obviousness ........................................................10

V.      Claims 1-12 of the '101 Patent Are Invalid .................................................10

VI.     Conclusion ................................................................................18

## **TABLE OF AUTHORITIES**

### **Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................... 9-10

*Graham v. John Deere Co.*,
  383 U.S. 1 (1966) ...................................................................................................... 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) .................................................................................................... 9

### **Statutes**

35 U.S.C. § 103 ............................................................................................................. 5, 10

### **Rules**

Fed. R. Civ. P. 56(e) ...................................................................................................... 10
Fed. R. Civ. P. 56(c) ....................................................................................................... 9

## I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Counterclaim Defendant Mirror Worlds, Technologies ("MWT") hereby respectfully moves for summary judgment of invalidity due to obviousness of Apple's U.S. Patent No. 6,613,101 ("the '101 patent").  In particular, as explained below, the '101 patent is obvious over U.S. Patents No. 5,287,448 to Nicol ("Nicol"), in view of U.S. Patent No. 5,060,135 to Levine ("Levine").

The asserted claims of the '101 patent are directed to a method and apparatus for organizing and viewing documents in a computer filing system.  Prior to this Court's Markman ruling, Apple proffered an expansive scope of the claims, which the Court adopted in its preliminary order concerning claim construction.  D.I. 178.  Under that construction, the asserted claims of the '101 patent are clearly invalid over Nicol and Levine.  Indeed, during the prosecution of the '101 patent and its parent U.S. Patent No. 6,243,724 ("the '724 patent"), the Examiner rejected claims similar to those at issue here as obvious over Nicol and Levine.  Apple overcame that rejection only by arguing a much narrower construction of the claims than it does in the present litigation.

Had Apple, during prosecution, applied the claim construction that it proffered in this litigation, and which the Court adopted, the asserted claims would never have been allowed by the United States Patent & Trademark Office ("USPTO").  Indeed, Apple's litigation position eliminates the very distinctions that Apple drew between the asserted claims and the cited prior art during prosecution.  In particular, Apple distinguished Nicol and Levine on the basis that they do not, in combination, disclose displaying different indicia based on the selection of different positions on a <u>single</u> icon.  That argument was based on Apple construing the claim term "graphical iconic representation of a collection … of documents" as a single icon representing

1

the collection of documents.  Had Apple and the USPTO applied the claim construction for that term in this case, i.e., "a collection of two or more document icons displayed together," Apple's prosecution arguments would no longer had made sense.  Nicol and Levine disclose two or more document icons displayed together, in which different indicia are displayed when different icons are selected.

The requisite motivation to combine Nicol and Levine is evidenced by the fact that the Examiner rejected the claims of the '101 patent's parent application as obvious over Nicol in view of Levine.  Indeed, Apple never argued that the requisite motivation to combine Nicol and Levine was lacking.

## II.    STATEMENT OF ISSUES

The issue presented by this motion is whether claims 1-12 of the '101 patent are invalid for obviousness over Nicol in view of Levine.

## III.    STATEMENT OF UNDISPUTED FACTS

The following facts are undisputed:

### A.    Apple's Counterclaim Asserting Infringement of the '101 Patent

1.    On May 21, 2008, Apple served its Answer, Affirmative Defenses and Counterclaims to Mirror Worlds, LLC's Complaint for Patent Infringement ("Apple's Answer").  D.I. 13.  Apple's Answer did not include a counterclaim.  *Id.*

2.    Six months later, on November 25, 2008, Apple filed its First Amended Answer, Affirmative Defenses and Counterclaims ("First Amended Answer").  D.I. 48.  In the First Amended Answer, Apple added a counterclaim for infringement of claims 1-12 of the '101 patent against MWT and Mirror Worlds, LLC ("Mirror Worlds").  *Id.*

3.      On August 10, 2009, Mirror Worlds filed a motion to dismiss Apple's infringement

counterclaim against it (D.I. 105), which this Court granted on September 21, 2009.  D.I. 128.

Thus, Apple's counterclaim stands only against MWT.

**B.      The '101 Patent**

4.      Apple has accused MWT of infringing claims 1-12 of the '101 Patent.  D.I. 48.  Claims

1-4 are set forth below:

> 1. A method for organizing and viewing information in a computer filing system
>    having a display device and a first plurality of documents, said method
>    comprising:
> displaying **a graphical iconic representation of a collection of said first
>    plurality of documents**;
> displaying a first indicia of a first document of said collection by selecting a first
>    position from said graphical iconic representation, wherein said first position
>    on said graphical iconic representation is capable of being at any one of a
>    plurality of locations on said graphical iconic representation and wherein said
>    selecting from said graphical iconic representation comprises positioning a
>    cursor on said graphical iconic representation; and
> displaying in series a second indicia of a second document and a third indicia of a
>    third document by positioning said cursor first on a second position on said
>    graphical iconic representation next on a third position on said graphical
>    iconic representation.
>
> 2. A method as in claim 1 wherein said indicia is displayed adjacent to said
>    graphical iconic representation of said collection.
>
> 3. A method as in claim 1 wherein during said displaying in series said second
>    indicia and said third indicia, said graphical iconic representation is
>    concurrently displayed.
>
> 4. A method as in claim 3 wherein said second indicia is displayed adjacent to
>    said graphical iconic representation and said third indicia is displayed adjacent
>    to said graphical iconic representation.
>
> Solo Dec. Ex. 1 at APMW0010239 (emphasis added).

5.      Claims 5-12 of the '101 patent are comparable to claims 1-4 outlined above.  *Id.*.  In

particular, claims 5-8 are directed to an apparatus that performs the method recited in claims 1-4

and claims 9-12 are directed to a computer program stored on a computer readable medium that performs the method recited in claims 1-4.

### C.     Claim Construction of the '101 Patent

6.     On December 7, 2009, Apple proposed construing the phrase "a graphical iconic representation of a collection of said first plurality of documents," recited in independent claims 1, 5, and 9 of the '101 patent, as "a collection of two or more document icons displayed together."  D.I. 150 at 10.

7.     On February 16, 2010, the Court adopted Apple's proffered construction in the preliminary claim construction order. D.I. 178.

### D.     Prosecution of the '101 Patent, including Nicol and Levine

8.     The '101 patent issued from Application No. 09/796,292, (filed on February 27, 2001). The '101 patent is a continuation of Application No. 08/287,108 (filed on August 8, 1994) ("the parent application").  Solo Dec. Ex. 1 at APMW0010191.  The parent application issued as the '724 patent.

9.     On April 14, 1995, Apple added application claims 81-86 to the parent application.  Solo Dec. Ex. 2 at APMW0025545-46.  Application claim 81 is an independent claim from which claims 82-86 depend.  *Id.*

10.     Parent application claim 81 recites:

> "displaying **a graphical iconic representation of a collection of said first plurality of documents**;
>
> **displaying a first indicia of a first document** of said collection by selecting a first position from **said graphical iconic representation**, said first indicia of said first document being selected for display regardless of said **first position on said graphical iconic representation**."
>
> Solo Dec. Ex. 2 at APMW0025545 (emphasis added).

4

11.     Parent application claim 84 further recites

> "wherein said selecting from said graphical iconic representation comprises positioning a cursor on said graphical icon representation"; and
>
> "displaying in series a second indicia of a second document and a third indicia of a third document by positioning said cursor first on a second position on said graphical iconic representation next on a third position on said graphical iconic representation."
>
> Solo Dec. Ex. 2 at APMW0025546.

12.     The above limitations of parent application claims 81-86 are similar to the following limitations of independent claims 1, 5, and 9 of the '101 patent:

> (i) "displaying **a graphical iconic representation of a collection of said first plurality of documents"**;
>
> (ii) "**displaying a first indicia of a first document** of said collection by selecting a first position from **said graphical iconic representation**, wherein **said first position on said graphical iconic representation** is capable of being at any one of a plurality of locations on said graphical iconic representation and wherein selecting from said graphical iconic representation comprises positioning a cursor on said graphical iconic representation," and
>
> (iii) "displaying in series a second indicia of a second document and a third indicia of a third document by positioning said cursor first on a second position on said graphical iconic representation next on a third position on said graphical iconic representation."
>
> Solo Dec. Ex. 1 at APMW0010239 (emphasis added).

13.     On June 12, 1995, the Examiner issued a Final Rejection rejecting parent application claims 81 to 86 "under 35 U.S.C. § 103 as being unpatentable over Nicol et al. ([U.S. Patent No. 5,287,448]) in view of Levine et al. ([U.S. Patent No. 5,060,135])" on the following bases:

> With respect to independent claim 81 and dependent claim 82 and 83, Nicol shows:
>
> -*graphical iconic collection representation* is shown [in] fig. 2.

5

> *-displaying indicia of document by selecting position from representation* is shown [in] fig. 2.
>
> *-regardless of position on representation* is shown [in] fig. 2 in which help is provided regardless of position.
>
> *-concurrent adjacent display of representation and indicia* is shown [in] fig 2.
>
> but does not show document collection.  Levine shows a graphical document collection in an analogous art for the purpose of presenting documents.  It would have been obvious to one of ordinary skill in the art at the time the invention was made to apply Levine's document collection to Nicol's help system because of the generic use of a help system such as Nicol's to any graphic interface such as Levine's.
>
> -Dependent claims 84 to 86 are substantially similar to claims 81 to 83 except for applying to multiple instances inherent in the applied reference and are similarly rejected.
>
> Solo Dec. Ex. 3 at APMW0025565-66 (emphasis in the original).

14.     On March 12, 1996, in response to the June 12, 1995 Final Rejection, Apple filed an

Appeal Brief with the USPTO, in which Apple argued that Nicol does not disclose displaying

different indicia based on moving the cursor to select different positions on a single icon

(graphical object):

> Nicol discloses the provision of help information when a graphical object is selected, but Nicol does not disclose that <u>a different help message will be displayed depending on which portion of the graphical object is selected</u>.  Therefore, the combination of Levine and Nicol results in the display of help information regarding a stack of stamps when the stack of stamps is selected, and the provision of separate help messages for each stamp <u>within the stack</u> is not taught or suggested.
>
> Solo Dec. Ex. 4 at APMW0025611-12 (emphasis added).

15.     On June 24, 1996, Apple filed a Reply Brief with the USPTO, in which Apple similarly

argued:

> The Nicol reference teaches a help system which displays a help message when an icon is selected.  There is simply no teaching in Nicol that a different help message is displayed when a different position <u>for the same icon</u> is selected. In fact, this would confuse a user and thus is <u>not even conceivable</u> from the teachings of Nicol. Similarly, Levine fails to teach this feature. Thus the combination cannot teach this feature.

> Solo Dec. Ex. 5 at APMW0025673 (emphasis in the original).

### E.   The Nicol patent

16.   United States Patent No. 5,287,448 to *Nicol*, et al. was applied for on March 24, 1993, and issued on February 15, 1994.  Nicol is a continuation of, and claims priority to, Application No. 347,745, which was filed on May 4, 1989.  Solo Dec. Ex. 6.

17.   Nicol discloses a method and apparatus "for presenting help messages to a user in an interactive computer environment in which a help mode operates concurrently with other programs operating in the computer system."  *See* Solo Dec. Ex. 6 at Abstract; *see also, e.g., id.* at 2:15-21; 3:10-31, 48-49; Figs. 1, 2.

18.   Nicol also discloses two or more icons displayed together.  As depicted in Figs. 2 and 3 below, the pencil and spray can icons are displayed together, as well as many other icons.  *See id.* at Figs. 2, 3, 7:10-23.

FIG _ 2



FIG _ 3



19.     Nicol also discloses a "system [that] displays the help information for a particular icon whenever the cursor is positioned over the icon." *See id.* at 6:23-28.

20.     Nicol also states that "[a] graphic interface displays on its video screen graphic pictorial objects known as 'icons.'  Typically, these icons represent various tasks that can be performed by the computer or data files which are stored in the computer's memory." *Id.* at 3:26-31.  "The

8

user can select the icons, and hence the associated tasks or data files, in any one of a number of methods.  It is common in the art to select icons with a device known as a 'mouse.'" *Id.* at 3:31-34.

### F.      The Levine Patent

21.      United States Patent No. 5,060,135 to *Levine*, et al. was applied for in November 1, 1988, and issued on October 22, 1991.  Levine is a continuation-in-part of, and claims priority to, U.S. Application No. 200,091, filed May 27, 1988.  Solo Dec. Ex. 7.

22.      Levine discloses a plurality of "miniaturized images or stamps 34 of various documents which have been created…"  *See id.* at 11:35-37, *see also id.* at Fig. 3.

23.      During the prosecution of the parent application, the Examiner stated that "Levine shows a graphical document collection in an analogous art for the purpose of presenting documents." Solo Dec. Ex. 3 at APMW0025565-66

## IV.   APPLICABLE LAW

### A.      Legal Standard of Summary Judgment

Summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Once MWT meets the initial burden of showing the absence of a genuine issue of material fact, the burden shifts to Apple to show evidence that the jury could find for Apple.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The nonmoving party must do "more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita*, 475 U.S. at 586 (citations omitted).  Rather, the nonmoving party must come forward with "*specific facts* showing a *genuine issue for trial*."

Fed. R. Civ. 56(e)(2) (emphasis added).  These facts must amount to more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252 ("The mere existence of a scintilla of evidence in support of [the nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [the nonmoving party's].").  That is, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48 (emphasis in the original).

### B.    Legal Standard for Obviousness

A patent is invalid under 35 U.S.C. § 103(a) as obvious "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art."  While the ultimate question of obviousness is a question of law, it is based on the following factual inquiries: (1) the scope and content of the prior art; (2) the level of ordinary skill in the pertinent art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of non-obviousness.  *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 406 (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17-18 (1966)).

## V.    CLAIMS 1-12 OF THE '101 PATENT ARE INVALID

In the Court's February 16, 2010 preliminary claim construction order (D.I. 178), the Court construed "[a] graphical iconic representation of a collection of said first plurality of documents," as recited in claims 1, 5, and 9 of the '101 patent to mean "a collection of two or more document icons displayed together," adopting Apple's proffered construction.  D.I. 150 at 10, 178 at 5.  Under that construction, Apple's arguments during prosecution distinguishing

10

Nicol and Levine no longer apply and the claims are therefore invalid over Nicol in view of Levine.

During the prosecution of the parent application, Apple distinguished Nicol and Levine by arguing that those patents do not disclose displaying different indicia based on selecting different positions on a "graphical iconic representation of a collection of said plurality of documents."  In particular, Apple argued that Nicol and Levine do not disclose displaying different indicia based on the ***selection of different positions on a <u>single</u> icon***.  Solo Dec. Ex. 5 at APMW025673, Ex. 4 at APMW0025611-12.  That argument no longer applies in this litigation because, under the Court's preliminary claim construction, a "graphical iconic representation of a collection of said first plurality of  documents" may be multiple document icons, not just a single icon.  In that case, Nicol plainly describes displaying different indicia when different icons are selected—eliminating the point of distinction that Apple drew between the application claims and Nicol.

Under the Court's construction, Nicol, in combination with Levine, meet the limitations of claim 1.  In particular, Nicol Figs. 2 and 3 depict "a **collection of two** or more document icons **displayed together**" and the bubble in the Fig. 2 (shown below) illustrates indicia associated with a selected icon.





*See* Solo Dec. Ex. 6.

The Nicol icons are not necessarily "document icons," but, according to the Examiner's rejection of the '101 patent's parent application, Levine depicts a graphical document collection. *See* Solo Dec. Ex. 7 at 11:35-37, Fig. 3; Solo Dec. 3 at APMW0025565-66. In addition, the

12

Examiner concluded that it would be obvious to combine Nicol with the graphical document collection of Levine.  Solo Dec. 3 at APMW0025565-66.

Thus, as set forth in the Court's preliminary construction, Fig. 3 of Nicol in view of Levine discloses a "collection of two or more document icons displayed together" – e.g., Icon 1 and Icon 2 in annotated Fig. 3 above.  Nicol also discloses that different help messages will be displayed when a user positions a cursor over Icon 1 (the pencil in Fig. 3), than when the user positions the cursor over Icon 2 (the spray can in Fig. 3).  *See* Solo Dec. Ex. 6 at 6:23-28.  Also, yet, another message will be displayed when the cursor is positioned over a third icon.  Accordingly, Apple's proffered claim construction, as adopted by the Court, eliminates the arguments Apple used to distinguish the claims of the '101 patent's parent application over Nicol and Levine.  As a result, claims 1-12 of the '101 patent are invalid over Nicol in view of Levine.

The claim chart at Exhibit 2 of the Declaration of MWT's expert, Dr. John Levy,[1] shows the correspondence between the elements of claims 1-12 of the '101 patent with the disclosure of Nicol and Levine.  Levy Dec. at ¶ 24; Ex. 2.  As discussed above, claims 5-8 and 9-12 are comparable to claims 1-4.  The claim chart for claims 1-4 is shown below:

| Claim Element | Preliminary Court's Construction | Prior Art |
|---|---|---|
|  |  |  |

---

[1] Dr. Levy has a Ph.D. in Computer Science from Stanford University.  He worked for over thirty years in the computer systems, software and storage industry, including at a number of leading companies in the computer and hard disk industry, including Digital Equipment Corporation, Tandem Computer, Inc., Apple Computer, Inc., and Quantum Corporation.

| Claim Element | Preliminary Court's Construction | Prior Art |
|---|---|---|
| 1 [a] A method for organizing and viewing information in a computer filing system having a display device and a first plurality of documents, said method comprising: | | **Nicol**<br><br>Nicol discloses a method and apparatus "for presenting help messages to a user in an interactive computer environment in which a help mode operates concurrently with other programs operating in the computer system. *See* Solo Dec, Ex. 6, Abstract; *see also, e.g.,* 2:15-21; 3:10-31; Figs. 1, 2.<br><br>**Levine**<br><br>During the prosecution of U.S. Patent No. 6,243,724 ("the '724 patent"), which issued from the parent application of the '101 patent, the Examiner stated that "Levine shows a graphical document collection in an analogous art for the purpose of presenting documents."  Solo Dec., Ex. 3 (APMW025565-66). |
| 1 [b] displaying a graphical iconic representation of a collection of said first plurality of documents; | "A graphical iconic representation of a collection of said first plurality of documents" was construed in the Court's preliminary claim construction order as "a collection of two or more document icons displayed together." D.I. 178. | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner stated that a "*graphical iconic collection representation* is shown in fig. 2 [of Nicol]."  Solo Dec. Ex. 3, (APMW025565) (emphasis in original).<br><br>Nicol discloses two or more icons displayed together.  For example, "the pencil icon 402 and the spray can icon 406 are icons which represent tasks that may be performed by a hypothetical program."  *See* Solo Dec., Ex. 6, 7:10-23; *see also* Figs. 2, 3. |

| Claim Element | Preliminary Court's Construction | Prior Art |
|---|---|---|
| | | **Levine**<br><br>During the prosecution of the '724 patent, the Examiner stated that "Levine shows a graphical document collection in an analogous art for the purpose of presenting documents."  Solo Dec., Ex. 3 (APMW025565-66). |
| 1 [c] displaying a first indicia of a first document of said collection by selecting a first position from said graphical iconic representation, wherein said first position on said graphical iconic representation is capable of being at any one of a plurality of locations on said graphical iconic representation and wherein said selecting from said graphical iconic representation comprises positioning a cursor on said graphical iconic representation; and | | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner stated that "*[d]isplaying indicia of document by selecting position from representation* is shown in fig. 2 [of Nicol]." Solo Dec., Ex. 3 (APMW025565) (emphasis in original); *see also, e.g.,* Solo Dec., Ex. 6, 5:1-5.<br><br>Nicol discloses a "system [that] displays the help information for a particular icon whenever the pointer is positioned over the icon."  Solo Dec., Ex. 6, 6:23-28; *see also, e.g.,* 5:1-5.<br><br>During the prosecution of the '724 patent, the Examiner also stated that displaying indicia of a document, "*regardless of position on representation* is shown in fig. 2 [of Nicol] in which help [message] is provided regardless of position."  Solo Dec., Ex. 3 (APMW025565) (emphasis in original); *see also, e.g.,* Solo Dec., Ex. 6, 5:1-5.<br><br>Also, during prosecution of the '724 patent, Apple stated that Nicol discloses "the general concept of a graphical user interface wherein information regarding an icon may be retrieved by pointing a cursor at the icon."  Solo Dec., Ex. 4, (APMW-0025610). |
| 1 [d] displaying in series a second indicia of a second document and a third indicia of a third document by positioning said | | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner rejected claim 84 (which is comparable to claim 1 of the '101 patent), stating that applying the display of indicia "to multiple instances [is] inherent in the applied reference [*i.e.* Nicol]."  Solo Dec., Ex. 3 (APMW025566); |

| Claim Element | Preliminary Court's Construction | Prior Art |
|---|---|---|
| cursor first on a second position on said graphical iconic representation next on a third position on said graphical iconic representation. | | *see also, e.g.,* Solo Dec., Ex. 6, 5:1-5; 9:17-44.<br><br>Also, during the prosecution of the '724 patent, Apple stated that Nicol discloses "the general concept of a graphical user interface wherein information regarding an icon may be retrieved by pointing a cursor at the icon."  Solo Dec., Ex. 4 (APMW-0025610). |
| 2. A method as in claim 1 wherein said indicia is displayed adjacent to said graphical iconic representation of said collection. | | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner stated that "*[c]oncurrent **adjacent display of representation and indicia** is shown in* fig. 2 [of Nicol]."  Solo Dec., Ex. 3 (APMW025565) (bold added, italics in original); *see also, e.g.,* Solo Dec., Ex. 6, 9:11-44, Fig. 2. |
| 3. A method as in claim 1 wherein during said displaying in series said second indicia and said third indicia, said graphical iconic representation is concurrently displayed. | | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner stated that "*[c]oncurrent **adjacent display of representation and indicia** is shown in* fig. 2 [of Nicol]."  Solo Dec., Ex. 3 (APMW025565) (bold added, italics in original); *see also, e.g.,* Solo Dec., Ex. 6, 9:11-44, Fig. 2. |
| 4. A method as in claim 3 wherein said second indicia is displayed adjacent to said graphical iconic representation and said third indicia is displayed adjacent to said graphical iconic representation. | | **Nicol**<br><br>During the prosecution of the '724 patent, the Examiner stated that "*[c]oncurrent **adjacent display of representation and indicia** is shown in* fig. 2 [of Nicol]."  Solo Dec., Ex. 3 (APMW025565) (bold added, italics in original); *see also, e.g.,* Solo Dec., Ex. 6, 9:11-44, Fig. 2. |

As set forth in the above claim chart, the combined disclosure of Nicol and Levine meets the limitations of claims 1-4 of the '101 patent.  This same rationale applies to claims 5-12.  The same bases applied by the Examiner in rejecting claims 81-86 of the '101 patent's parent application (see above) apply to invalidating the asserted claims of the '101 patent in view of the Court's preliminary claim construction.  The claim construction proffered by Apple, and adopted by the Court, expanded the scope of the claims of the '101 patent to include two or more icons displayed together such as those shown in Fig. 3 of Nicol.  Accordingly, as shown in the claim chart at Exhibit 2 of the Levy Declaration and as explained by the Examiner during the prosecution of the parent application of the '101 patent, Nicol and Levine combine to invalidate claims 1-12 of the '101 patent in view of the Court's preliminary claim construction.  Levy Dec. at ¶¶ 20-24; Ex.2.

**VI.     CONCLUSION**

Mirror Worlds respectfully requests that this Court grant MWT's Motion for Summary

Judgment and hold the '101 patent invalid as obvious in view of Nicol and Levine.

Dated: July 1, 2010                                    Respectfully submitted,

                                    By:    */s/ Alexander Solo*
                                           Otis Carroll, *Lead Counsel*
                                           (Texas States Bar No. 03895700)
                                           Deborah Race (Texas State Bar No. 16448700)
                                           IRELAND CARROLL & KELLEY, P.C.
                                           6101 S. Broadway, Suite 500
                                           Tyler, Texas 75703
                                           Tel:  (903) 561-1600
                                           Fax: (903) 581-1071
                                           Email: Fedserv@icklaw.com

                                           Joseph Diamante (*Pro Hac Vice*)
                                           Kenneth L. Stein (*Pro Hac Vice*)
                                           Ian G. DiBernardo (*Pro Hac Vice*)
                                           Alexander Solo (*Pro Hac Vice*)
                                           STROOCK & STROOCK & LAVAN LLP
                                           180 Maiden Lane
                                           New York, N.Y. 10038
                                           Tel:  (212) 806-5400
                                           Email: asolo@stroock.com

                                           ATTORNEYS FOR COUNTERCLAIM
                                           DEFENDANT, MIRROR WORLDS
                                           TECHNOLOGIES, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document this 1st day of

July, 2010, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alexander Solo*