# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MIRROR WORLDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Civil Action No. 6:08-CV-88 LED <br><br> JURY TRIAL DEMANDED |
| APPLE, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MIRROR WORLDS, LLC, MIRROR WORLDS, TECHNOLOGIES, INC., <br><br> Counterclaim Defendants. | |

**PLAINTIFF MIRROR WORLDS, LLC'S BRIEF REGARDING WHETHER ALL OF MIRROR WORLDS' CLAIMS REQUIRE A "STREAM"**

# **TABLE OF CONTENTS**

I.      Introduction ................................................................................................................ 1

II.     Argument .................................................................................................................... 2

    A.    Certain Claims Of The Mirror Worlds Patents Do Not Recite A "Stream" Limitation And It Is Improper To Import Such A Limitation Into Those Claims. ......................... 2

    B.    Apple's Argument For Importing The "Stream" Limitation Into All The Mirror Worlds Claims Is Without Merit. ................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Broadcom Corp. v. Qualcomm Inc.*,
 543 F.3d 683 (Fed. Cir. 2008)......................................................................................2

*Phillips v. AWH Corp.*,
 415 F.3d 1303 (Fed. Cir. 2005)(en banc).....................................................................2

### STATUTES

35 U.S.C. § 112................................................................................................................5

### OTHER AUTHORITIES

Fed. R. Civ. P. 26.............................................................................................................1

I.     **INTRODUCTION**[1]

Pursuant to the Court's order issued at the Pre-Trial Conference held on August 26, 2010, Plaintiff Mirror Worlds, LLC ("Mirror Worlds") submits this brief on the question of whether all claims of the Mirror Worlds' patents require a "stream," and, in particular, whether claims that do not recite a "stream" nonetheless require a stream. The answer to that question is no.

In its Motion under *Daubert* and Rule 26 to Limit Testimony and Expert Reports of John Levy (D.I. 220) ("*Daubert* Motion re Levy") and Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 6,006,227, 6,638,313, 6,725,427 and 6,768,999 (D.I. 225), Apple asserts that all the claims of the Mirror Worlds' patents require a "stream"—even though independent claims 8, 16 and 32 of the '427 Patent and independent claim 9 of the '313 Patent do not recite a "stream." In so doing, Apple improperly attempts to import a limitation from the specifications into the claims—which is not permitted under fundamental patent law principles. Patents, such as the Mirror Worlds' patents here, often contain claims that vary in scope and are

---

[1] References to "Levy Validity Report" refer to the Expert Rebuttal Report of John Levy, Ph.D. Regarding Validity which was attached as Ex. 23 to the Decl. of Jeffrey Randall in support of Apple Inc.'s Mot. For Summ. J. that the Asserted Claims Of U.S. Patent Nos. 6,006,227, 6,638,313, 6,725,427 and 6,768,999 are Invalid as Anticipated and Obvious (D.I. 221).

References to "Levy Expert Infringement Report" refer to the "Expert Report of John Levy, Ph.D. Regarding Infringement" which was attached as Ex. 1 to the Decl. of Jeffrey Randall in support of Apple Inc.'s Mot. to Exclude and Strike Portions of Testimony and Expert Reports of John Levy. (D.I. 220).

References to "Feiner Invalidity Report" refer to the "Expert Report of Steven K. Feiner, Ph.D. Re: Invalidity of U.S. Patent No. 6,006,227, U.S. Patent No. 6,638,313, U.S. Patent No. 6,725,427 and U.S. Patent No. 6,768,999," which was attached as Ex. 2 to the Decl. of Jeffrey Randall in support of Apple Inc.'s Mot. for Partial Summ. J. Dismissing Mirror Worlds' Allegations of Willful Infringement (D.I. 226).

References to "'313 Patent" and "'427 Patent" refer to the U.S. Patent Nos. 6,638,313 and 6,725,427 which were attached as Exs. 2 and 3, respectively, to the Decl. of Jeffrey Randall in support of Apple Inc.'s Mot. for Summ. J. of Noninfringement of U.S. Patent Nos. 6,006,227; 6,638,313; 6,725,427; and 6,768,999 (D.I. 225).

directed to different aspects of an invention. Apple is simply seeking to avoid the consequences of the varied claims asserted against it.

In particular, Apple's goal here is clear—to eliminate a large portion of its infringing products from this case—namely, those products (such as the iPhone, iPods and iPad) that infringe claims that do not recite a "stream." Significantly, Apple never asserted during the *Markman* proceedings that all the claims of the Mirror Worlds patents required streams—no doubt because there is simply no support in the plain claim language for such a proposition.

## II. ARGUMENT

### A. Certain Claims Of The Mirror Worlds Patents Do Not Recite A "Stream" Limitation And It Is Improper To Import Such A Limitation Into Those Claims.

It is a "bedrock principle" of patent law that claims define the invention and courts look to "the words of the claims themselves…to define the scope of the patented invention." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005)(en banc). As the Federal Circuit has repeatedly held, "[w]hen the claim addresses only some of the features disclosed in the specification, it is improper to limit the claim to other, unclaimed features." *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 689 (Fed. Cir. 2008) (citing *Ventana Med. Sys., Inc. v. Biogenex Labs., Inc.*, 473 F.3d 1173, 1181 (Fed. Cir. 2006) (holding that an unclaimed feature imported into the claim by the district court must be removed)).

The independent claims identified above (*i.e.*, claims 8, 16, and 32 of the '427 Patent and claim 9 of the '313 Patent) simply do not recite a "stream" nor any other term that is synonymous with "stream." That, quite simply, is the end of the inquiry—those claims cannot be construed as having a "stream" limitation.

Moreover, it is quite clear that the claims identified above were intentionally drafted so as ***not*** to include a "stream" limitation. For example, '427 Patent claim 8 is similar to '427 Patent

claim 1, except that claim 1 recites a "stream-based operating system" and claim 8 recites instead a "controlling operating system," compare:

> 1. A **stream-based operating system** utilizing subsystems from another operating system running a computer, comprising:
> a document organizing facility receiving documents created by diverse applications in diverse formats specific to the respective applications;
> said document organizing facility automatically associating respective selected indicators with the received documents, automatically archiving the documents and indicators in consistent format for selective retrieval, and automatically creating information specifying respective glance views of said documents and respective document representations of said documents;
> a display facility displaying at least selected document representations as a receding, foreshortened stack of partly overlapping document representations such that only a part of each displayed document representation, after the first in the stack, is visible to the user;
> said display facility further displaying a cursor or pointer and responding to user-controlled sliding without clicking of the cursor over said displayed stack to display a glance view of a document whose document representation is currently touched by the cursor or pointer; and
> said **stream-based operating system** utilizing subsystems from said another operating system for operations including writing documents to storage media, interrupt handling and input/output.
>
> 8. A **controlling operating system** utilizing subsystems from another operating system running a computer, comprising:
> a document organizing facility receiving documents from diverse applications in diverse formats specific to the respective applications;
> said document organizing facility automatically associating selected indicators with the received documents, automatically archiving the documents and indicators in consistent format for selective retrieval, and automatically creating information specifying respective glance views of said documents and respective document representations of said documents;
> a display facility displaying at least selected ones of said document representations;
> said display facility further displaying a cursor or pointer and responding to user-controlled sliding without clicking of the cursor or pointer over the displayed document representations to display at least a glance view of a document whose document representation is currently touched by the cursor or pointer; and
> said **controlling operating system** utilizing subsystems from said another operating system for operations including writing documents to storage media, interrupt handling and input/output.

('427 Patent cols. 15-16)(emphasis added). In other words, claim 8 was plainly drafted to eliminate the "stream" requirement found in claim 1.[2] Similarly, '427 Patent claim 16 recites a "controlling operating system," rather than a "stream-based operating" as in claim 1. *Id.*

Notably, during the *Markman* proceedings, Apple ***never*** argued, or even suggested, that a "controlling operating system," as recited in '427 Patent claims 8 and 16, should be construed to require a "stream." Instead, Apple argued only that "controlling operating system" means "an operating system that controls another operating system" (which the Court rejected in favor of Mirror Worlds' construction). (D.I. 302 at 23-24; see also D.I. 160 at 27). If Apple truly believed that "controlling operating system" required a stream, it should have raised that issue, and was in fact required to raise that issue, during *Markman*. Apple provides no reason or excuse for raising this claim construction issue at this time, which suggests that the issue is simply an after-thought by Apple—albeit one that was not well considered.

Other claims recite neither a "stream" nor an operating system. For example, '427 Patent claim 32 recites a "method of displaying heterogenous [sic] documents …" and '313 Patent claim 9 recites a "method of automatically archiving documents …" ('427 Patent at col. 18; '313 Patent at col. 16). It is simply indisputable that the patentee did not intend all claims to be limited to streams, as Apple asserts.

As the Federal Circuit has held time and again, it is the words of the claims that define the scope of the invention. Here certain claims, by design, do not recite a "stream," and contrary to Apple's assertion, those claims cannot be construed as if they did. Apple is asking the Court to import limitations that are clearly not present in the claims and are contrary to the breadth of the specification. Thus, Apple's request to import the "stream" limitation into claims where it is

---

[2] By way of comparison, '427 claim 10, which depends from claim 8, is even closer to '427 claim 1, except again that claim 1 requires a "stream" and claim 10 does not. *Id.*

not present, should be denied.

### B. Apple's Argument For Importing The "Stream" Limitation Into All The Mirror Worlds Claims Is Without Merit.

Apple first raised its argument that all claims of the Mirror Worlds' patents require a "stream" in its *Daubert* Motion re Levy (D.I. 220) and Motion for Summary Judgment of Non-Infringement (D.I. 225), both filed on July 1, 2010.  In support of that argument, Apple cites *solely* to the Levy Validity Report, in particular, paragraphs 297-301.[3]  (*See* D.I. 220 at 8-9; D.I. 286 at 3;   D.I. 296 at 3; and D.I. 225 at 9).  To the contrary, however, Dr. Levy's reports, including the portions cited by Apple, support Mirror Worlds' position, not Apple's.

Specifically, paragraphs 297-301 of Levy Validity Report were offered in rebuttal to Dr. Feiner's opinion that claims 9, 10, 13, 15, 17, 18, 19, 22, 24, 29, 31, 37 and 39 of the '427 patent were invalid under 35 U.S.C. § 112 as indefinite for lack of antecedent basis.  (Feiner Invalidity Report at 236-37; Levy Validity Report at ¶¶ 297-301).  For example, Dr. Feiner opined that '427 Patent claims 18 and 19 are indefinite because "both require '[a]n operating system as in claim 16,[sic] however, it is not clear which of the two the 'controlling operating system' or the 'another operating system' recited in claim 16 provide antecedent basis for the operating system in claim 19." (Feiner Invalidity Report at 236).  Dr. Feiner also opined that claims 22 and 24 are indefinite because "both recite '[a] stream-based operating system as in claim 16,' however, no stream-based operating system is mentioned in claim 16."  *Id*.  Dr. Levy, in response, explained that one skilled in the art would understand the antecedent basis for those terms in '427 Patent claims 18, 19, 22, and 24:

> Similarly, a person of ordinary skill in the art would know that …

---

[3] Should Apple make additional, new arguments in connection with the present briefing, Mirror Worlds respectfully requests the opportunity to respond to those new arguments if needed to present a full and accurate record for the Court's consideration.

> "[a]n operating system" of '427, claim 18 and 19 refers back to the controlling operating system of independent claim 16, and "a stream-based operating system" in claims 22 and 24 refers back to and limits the controlling operating system of claim 16. (Levy Validity Report at ¶299).

Apple cites to paragraphs 297-301 of Levy Validity Report for the proposition that "Dr. Levy establishes that all of the asserted claims of the patents in suit include a 'stream' limitation." (D.I. 220 at 9). But that is plainly not what Dr. Levy was saying. With respect to claims 22 and 24, Dr. Levy was simply pointing out those claims further limit (*i.e.*, add limitations to) claim 16, from which they depend—just as all dependent claims add limitations to the claims from which they depend. In this case, claims 22 and 24, require a "stream-based operating system," which is narrower (more limited) than the "controlling operating system" recited in claim 16. (Levy Validity Report at ¶299). In fact, in the cited paragraphs, Dr. Levy was not even addressing the scope or validity of claim 16.[4] (Levy Validity Report at ¶¶297-301)

Apple also cites to paragraphs 112 and 130 of Dr. Levy's Validity Report—but those paragraphs identify the claims that require a "stream" and ***do not*** identify the non-"stream" claims at issue here. (*Id.* at ¶¶112,130).

Notably, in his earlier report on infringement, Dr. Levy set forth in detail why Apple's accused products infringe the non-stream claims and, in so doing, plainly did not interpret those claims as requiring a stream. Apple, in fact, acknowledges that Dr. Levy did not apply a stream requirement in analyzing infringement of those claims, stating that "Dr. Levy fails to opine, however, that the iPhone, iPods, iPad, iTunes and Safari products satisfy the "st[r]eam"

---

[4] Mirror Worlds notes that paragraph 300 of Levy Validity Report includes a clear scrivener's error where it states that "claims 29 and 31 refers back to and limits the document stream operating system of claim 16." Claims 29 and 31 depend from claim 25, which recites a "document stream operating system," not claim 16, which only recites a "controlling operating system."

limitation that is inherently present in claims 16-19, 32 and 34 [of the '427 Patent]." (*Daubert Motion re Levy* at 9).  The reason that Dr. Levy does not provide such an opinion is precisely because those claims do not require a "stream" and neither Dr. Levy nor Mirror Worlds ever took a contrary position.

Apple is effectively arguing that Dr. Levy imported the absent "stream" limitation into independent claims 8, 16 and 32 of the '427 patent and independent claim 9 of the '313 patent in order to vitiate his own report regarding infringement, which does not address that limitation for those claims.  This is neither true nor logical.  Accordingly, the Court should reject Apple's invitation to import the "stream" limitation into any claim of the Mirror Worlds patents that does not explicitly recite a "stream" or depend from a claim that does.

Dated: August 30, 2010                                        Respectfully submitted,


                                                By:   */s/ Alexander Solo*
Otis Carroll, *Lead Counsel*
(Texas State Bar No. 03895700)
Deborah Race (Texas State Bar No. 16448700)
IRELAND CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel:  (903) 561-1600
Fax: (903) 581-1071
Email: Fedserv@icklaw.com

Joseph Diamante (*Pro Hac Vice*)
Kenneth L. Stein (*Pro Hac Vice*)
Ian G. DiBernardo (*Pro Hac Vice*)
Alexander Solo (*Pro Hac Vice*)
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, N.Y. 10038
Tel:  (212) 806-5400
Email: asolo@stroock.com

ATTORNEYS FOR PLAINTIFF MIRROR WORLDS LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 31st day of August, 2010, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Alexander Solo*