# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MIRROR WORLDS, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>            Defendant. | Civil Action No. 6:08-cv-88 LED<br><br>JURY TRIAL DEMANDED |
| APPLE INC.,<br><br>            Counterclaim Plaintiff,<br><br>    v.<br><br>MIRROR WORLDS, LLC,<br>MIRROR WORLDS TECHNOLOGIES, INC.,<br><br>            Counterclaim Defendants. | |

**APPLE INC.'S MOTION TO STRIKE THE UNTIMELY SUPPLEMENTAL EXPERT REBUTTAL REPORT OF JOHN LEVY, PH.D. REGARDING VALIDITY AND TO PRECLUDE DR. LEVY FROM TESTIFYING AT TRIAL ABOUT HIS NEW OPINIONS**

## I. INTRODUCTION

Apple Inc. ("Apple") respectfully requests that the Court strike the untimely 44-page Supplemental Expert Rebuttal Report of John Levy, Ph.D. Regarding Validity, served by Mirror Worlds on the eve of trial – three months after the expert report deadline. (Ex. 1.)[1] Mirror Worlds never sought leave to supplement Dr. Levy's validity report. Rather, Mirror Worlds unilaterally served Dr. Levy's supplemental report under the false auspices that Apple's September 6, 2010 *reduction* of prior art for trial compelled the supplement. (Ex. 1 at ¶3.) Yet, the May 20, 2010 Expert Report of Steven K. Feiner, Ph.D. Re: Invalidity disclosed and analyzed all prior art systems asserted by Apple – no new systems were asserted after this date.[2]

Dr. Levy addressed all of these prior art systems in his June 4, 2010 rebuttal report on validity. Now, over three months later, Dr. Levy's eleventh-hour submission seeks to slip in opinions he failed to previously assert in response to Dr. Feiner's May 20, 2010 invalidity expert report. With only days before trial, Mirror Worlds should not be permitted to present new opinions that could have been and should have been provided three months ago. Apple respectfully requests that the Court strike Dr. Levy's supplemental validity report and preclude him from testifying at trial regarding the new opinions disclosed in that report.

## II. FACTUAL BACKGROUND

Pursuant to the Court's docket control order, on May 20, 2010, Apple served the Expert Report of Steven K. Feiner, Ph.D. Re: Invalidity of U.S. Patent No. 6,006,227, U.S. Patent

---

[1] All exhibits are attached to the Declaration of Jeffrey G. Randall in Support of Apple's Motion To Strike the Untimely Report of John Levy, Ph.D., regarding Validity and To Preclude Dr. Levy from Testifying at Trial about His New Opinions, filed concurrently herewith.

[2] Apple notes that the deposition testimony and three references supporting these asserted prior art systems, which were produced prior to the June 14, 2010 close of discovery but after Dr. Feiner's May 20, 2010 Invalidity Report, merely provided the parties additional details of the previously asserted systems.

-1-

No. 638,313, U.S. Patent No. 6,725,427, and U.S. Patent No. 6,768,999. Dr. Feiner's Report addressed prior art references disclosed in Apple's Amended invalidity contentions. (Ex. 2.) On June 4, 2010, pursuant to the Court ordered deadline for rebuttal reports, Mirror Worlds served the Expert Rebuttal Report of John Levy, Ph.D. Regarding Validity. (Ex. 3.) Dr. Levy's Report failed to address numerous references analyzed in Dr. Feiner's May 20, 2010 expert report.[3] Prior to the June 14, 2010 close of discovery, Apple noticed and took the depositions of third party prior art witnesses, Edward Belove, Christopher Schmandt, Michael Lansdale, and Peter Lucas.[4] (Exs. 5-8.)

On August 31, 2010, Mirrors Worlds provided its final reduced list of asserted claims. (Doc. No. 353.) Accordingly, on September 6, 2010, Apple filed a Notice of Asserted Prior Art for Trial, reducing – not adding to – the asserted prior art references. (Doc. No. 365.) More than three months after the expert report deadline and the third party witness depositions, and less than a week before the scheduled start for trial,[5] Mirror Worlds served the 44-page Supplemental Expert Rebuttal Report of John Levy, Ph.D. Regarding Validity. (Ex. 1.)

### III.   DR. LEVY'S ENTIRE SUPPLEMENTAL REPORT IS UNTIMELY AND UNDULY PREJUDICIAL TO APPLE.

Dr. Levy's supplemental report is plainly untimely, as it was served three months after the deadline for rebuttal expert reports and the close of discovery, and less than a week before trial. *See Versata Software, Inc. v. SAP Am.*, No. 2:07-cv-153, slip op. at 2-3 (E.D. Tex. Aug. 7, 2009) (Ex. 9) (striking untimely supplemental expert report served 12 days after the close of

---

[3] This includes at least nine references that Apple disclosed over a year ago in its May 11, 2009 Amended Invalidity Contentions. (Ex. 4.)

[4] Although Dr. Lucas was offered for deposition prior to June 14, 2010, the deposition was postponed to June 16, 2010 in order to accommodate Mirror Worlds' counsel.

[5] The Court subsequently moved the trial start date back one week to September 27, 2010. (Doc. No. 387.)

expert discovery and 11 days after the pretrial disclosure deadline). Federal Rule of Civil Procedure 26(e)(2) also requires that "[a]ny additions or changes to [an expert report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Here, pretrial disclosures were due on August 20, 2010 – more than three weeks ago – and neither Mirror Worlds nor Dr. Levy has provided any legitimate reason for ignoring this rule.

Dr. Levy claims that his supplemental report was "compelled" by Apple's Notice of Asserted Prior Art for Trial and by his "further review of Apple's late produced references." (Ex. 1 at ¶ 3.) These contentions are misplaced. First, Apple's September 6, 2010 Notice of Asserted Prior Art for Trial *reduced* the set of asserted prior art and did not add any new systems. (Doc. No. 365.) Second, Mirror Worlds had notice of all the asserted prior art systems by at least May 20, 2010, when Apple served Dr. Feiner's invalidity report, and all third party prior art witness deposition and productions were completed by June 16, 2010.[6] Third, Dr. Levy admits that his "further review" of the systems began prior to his June 4, 2010 rebuttal report submission, over three months ago, as he expressly "reserved" the right to supplement his report and address these systems. (Ex. 1 at ¶ 3.) Finally, Apple notified Mirror Worlds of its preliminary reduced set of prior art on July 22, 2010. (Ex. 10.) Thus, even under Dr. Levy's illogical theory, supplementation could have and should have occurred long ago, if at all—and not merely a few days before trial. Given the June 4, 2010 deadline for rebuttal expert reports,

---

[6] Attached hereto as Exhibit 11 is a list of the references that Dr. Levy had for review prior to his June 4, 2010 rebuttal report. Also included in Exhibit 11 is a list of the asserted supporting references that were disclosed after Dr. Feiner's May 20, 2010 report, but prior to the close of discovery. As this list demonstrates, the majority of the asserted references were produced ***prior to May 20, 2010*** and/or analyzed in Dr. Feiner's June 4, 2010 report. The remaining three references were produced by the June 14, 2010 close of discovery. *See id.*

and Mirror Worlds' three month delay after it received notice of the asserted prior art systems, Dr. Levy's submission of new opinions, on the eve of trial, is untimely and unduly prejudicial.

Dr. Levy's new opinions are also improper in that they address other prior art systems and references that were raised in Dr. Feiner's May 20, 2010 report, but which Dr. Levy failed to address in his June 4, 2010 report. As an expert witness, the Federal Rules of Civil Procedure 26 required Dr. Levy to provide "a complete statement of all opinions [he] will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Dr. Levy was thus required to address all of Dr. Feiner's arguments and opinions regarding all of the disclosed prior art systems in Dr. Levy's initial June 4, 2010 rebuttal report on validity.[7] The third party prior art witness depositions and discovery that occurred after Dr. Levy's initial report merely provided additional details to the systems analyzed in Dr. Feiner's report and do not justify Dr. Levy's new opinions on those systems.[8] To the extent that any supplementation would have been appropriate, it should have been limited to only those few systems and the information gleaned from the

---

[7] Apple additionally preserves its objections to Dr. Levy's opinions that improperly import limitations into the claim elements, including, but not limited to requiring a stream to be "unbounded," which is not required by the Court's claim construction of stream: "a time-ordered sequence of documents that functions as a diary of a person or an entity's electronic life and that is designed to have three main portions: past, present, and future." (Doc. No. 302.)

[8] For example, the CHI '94 Workscape Video (DX0922) is substantially the same as the combination of the "200 Points of Light Video" (DX00135) and the 1993 Workscape Video (DX0294) identified in Dr. Feiner's May 20, 2010 report. Also, the disclosure of the "FIND" tool Dr. Levy opines on is nearly identical in the 1993 Workscape video as the CHI '94 Workscape video, and merely enhances the details provided in U.S. Patent No. 5, 499,330. (*See* Ex. 1 at ¶ 53.) Additionally, the "date range search" disclosure in the CHI '94 video is substantially identical to the "200 Points of Light Video." (*See* Ex. 1 at 67.)

corresponding depositions.[9]  Instead, as the non-highlighted portions of Exhibit 1 demonstrate, Dr. Levy now attempts to expand his opinions beyond the scope of details revealed by the third party witness discovery, seeking to address other prior art systems and references that had been analyzed by Dr. Feiner before Dr. Levy prepared his initial report.  (*See e.g.,* Ex. 1 at ¶¶ 33, 36, 37, 46, 67, 80-83, 120-178.)  There is no justification for Dr. Levy's new opinions on these previously-disclosed references and systems, and his new opinions are clearly improper.  Apple respectfully requests that the Court strike the report in its entirety.

## IV. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike the Supplemental Expert Rebuttal Report of John Levy, Ph.D. Regarding Validity in its entirety and preclude Dr. Levy from testifying at trial regarding his new opinions.  In the alternative, Apple requests that the Court strike all portions of Dr. Levy's report, and preclude him from testifying, regarding all but the highlight portions of his supplemental report as shown attached Exhibit 1.

Dated: September 18, 2010

Respectfully submitted,

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall
Lead Attorney
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
1117 S. California Avenue
Palo Alto, California 94304-1106
Telephone: (650) 320-1850
Facsimile: (650) 320-1950
jeffrandall@paulhastings.com

---

[9] Apple has highlighted the portions of Dr. Levy's Supplemental Report that addresses references and deposition testimony not disclosed in Dr. Feiner's May 20th Expert Invalidity Report, but produced prior to the June 14, 2010 discovery cutoff.  (Ex. 1.)  If the Court permits Dr. Levy's untimely opinions, Apple respectfully requests that Dr. Levy be permitted to testify on no more than the highlighted portions of his report.  (*Id.*)

        Allan M. Soobert
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone: (202) 551-1822
Facsimile: (202) 551-0222
allansoobert@paulhastings.com

S. Christian Platt
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
4747 Executive Dr., 12th Floor
San Diego, CA 92121
Telephone: (858) 458-3034
Facsimile: (858) 458-3005
christianplatt@paulhastings.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

COUNSEL FOR APPLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 18th day of September, 2010. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

        */s/ Jeffrey G. Randall*
        Jeffrey G. Randall

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Apple has satisfied the "meet and confer" requirements of Local Rule CV-7(h), and that opposing counsel of record in this matter are opposed to the relief sought in this Motion. Counsel for Apple, Allan M. Soobert and S. Christian Platt, conferred telephonically with Counsel for Mirror Worlds and Mirror Worlds Technology on September 16, 2010, and the discussions ended in an impasse for the reasons described herein. I am lead counsel for Apple in this matter, and I am also admitted to practice in the United States District Court for the Eastern District of Texas.

                                              */s/ Jeffrey G. Randall*
                                              Jeffrey G. Randall