**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Civil Action No.  6:08-CV-88 LED <br><br> JURY TRIAL DEMANDED |
| APPLE, INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MIRROR WORLDS, LLC, MIRROR WORLDS, TECHNOLOGIES, INC., <br><br> Counterclaim Defendants. | |

**PLAINTIFF MIRROR WORLDS, LLC'S OPPOSITION
TO APPLE'S MOTION FOR JUDGMENT AS A MATTER OF
<u>LAW OF NON-INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS</u>**

## **TABLE OF CONTENTS**

I.        Introduction ................................................................................................................ 2

II.      Argument .................................................................................................................. 2

    A.       Standard Governing Judgment As a Matter of Law ....................................... 3

    B.       Mirror Worlds Made a *Prima Facie* Case of Infringement .......................... 4

    A.       Dr. Levy Provided Specific Testimony Regarding Equivalents, Including "Displaying a Cursor or Pointer" ................................................................................ 4

        1.      The single limitation of claim 16 was not vitiated by Dr. Levy's testimony .......... 6

Plaintiff Mirror Worlds LLC ("Mirror Worlds") files this Opposition to Apple Inc.'s Motion for Judgment as a Matter of Law on Non-infringement by the iPhone, iPods and iPad of Claims 16 and 18 of U.S. Patent No. 6,725,427 Based on the Doctrine of Equivalents

## I. INTRODUCTION

Claim 16 of the 427 patent is directed to an operating system that organizes and displays document representations. The claim includes a limitation directed to how the operating system interacts with, or responds to, a person using the operating system to display "glance views." The limitation describes a user interface--the interaction of the cursor or pointer, the document representations and the glance views. The claim recites:

> said display facility further displaying a cursor or pointer and
> responding to a user sliding without clicking the cursor or pointer
> over a portion of a displayed document representation to display
> the glance view of the document whose document representation is
> touched by the cursor or pointer

The limitation (referred to by Dr. Levy in his direct testimony as "limitation (g)") is a singular, functional unit in the context of the claim. Indeed, in the context of the *Markman* proceedings, the parties treated this limitation as a unitary limitation. *See* DI 175 at 33.

Mirror Worlds has presented evidence that the sliding stack/stationary pointer of Coverflow is equivalent to the stationary stack/moving pointer recited in the claim limitation. Dr. Levy testified that Apple's Coverflow included an equivalent to a displayed cursor or pointer: a fixed area of the Coverflow display. He also testified that each functioned in substantially similar way. Indeed, based on his legally correct understanding that equivalents exist where the "difference is only insubstantially [sic] from the claimed invention" 9/28 Tr. 142.

## II. ARGUMENT

-2-

##     A.     Standard Governing Judgment As a Matter of Law

Judgment as a matter of law should only be granted if the Court finds "there is no legally sufficient evidentiary basis for a reasonable jury to find on that issue." Fed. R. Civ. 50; *Dresser-Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004)[1].  A finding in a patent case by a jury in a federal district court in the Fifth Circuit is reviewed under the "substantial evidence standard." *ACCO Brands, Inc. v. ABA Locks Mfr. Co. Ltd.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1363 (Fed Cir. 2004) (quotations omitted).

Because great deference is granted to the jury's verdict, the verdict will only be overturned if "the evidence points so strongly and overwhelmingly in favor of the [moving] party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Id*.  A mere scintilla of evidence is insufficient to overturn the jury's verdict; in fact, "there must be a conflict in substantial evidence to create a jury question." *DP Solutions, Inc. v. Rollings, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003).

"[T]he [C]ourt must draw all reasonable inferences in favor of the nonmoving, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *see also Dresser-Rand*, 361 F.3d at 838.  Although the record should be reviewed as a whole, the Court "must disregard all evidence favorable to [Apple as] the moving party that the jury is not required to believe." *Reeves*, 530 U.S. at 151.  Thus, the Court must give full credence to evidence supporting Mirror Worlds, but only consider the evidence supporting Apple that is "uncontradicted and unimpeached, at least to the extent

---

[1] The regional law of the Fifth Circuit governs motions for judgment as a matter of law, even in patent cases.  *See Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1118 (Fed. Cir. 2008).

that that evidence comes from disinterested witnesses." *Id*. (quotations omitted).

### B. Mirror Worlds Made a *Prima Facie* Case of Infringement

Contrary to defendant's arguments, Mirror Worlds introduced sufficient evidence at trial for the jury to find infringement under the doctrine of equivalents. In particular, the testimony of Mirror Worlds' expert Dr. Levy and the supporting exhibits more than provided sufficient evidentiary basis for the jury to find infringement.

Infringement is an issue of fact. To determine whether a product or method infringes a patent claim, the properly interpreted claims must be compared to the product. *Markman v. Westview Instruments Inc.*, 116 S. Ct. 1384, 1393 (1996); *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1563 (Fed. Cir. 1996). In the event a particular claim element is not literally found in the product, but an equivalent element which is insubstantially different than the element set forth in the claims is present, there can be infringement under the doctrine of equivalents ("DOE"). *See*, *e.g., Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 117 S. Ct. 1040, 1049 (1997).

### A. Dr. Levy Provided Specific Testimony Regarding Equivalents, Including "Displaying a Cursor or Pointer"

Here, Dr. Levy presented particular testimony regarding equivalents between limitation at issue and Apple's Coverflow interface. He made an explicit correspondence between the limitation and Coverflow: Cover Flow's moving stack of document representations over a stationary pointer is equivalent to the claimed moving pointer over a stationary stack.

> Q And what is it in the Coverflow view that you consider to be the equivalent?
>
> A In the Coverflow view, instead of having a moving pointer and a stationary stack, we have a moving stack and essentially a stationary pointer, because the user knows that he's looking always at the center here. 9/28 Tr. at 144-45.

Dr. Levy also correlated the document representations and glance views of the claim with the side images and the center image of Coverflow.  9/28 Tr. at 106-108; Levy Direct Slide 22.

Apple points to the lack of a cursor or pointer being displayed; however, in presenting his opinion of infringement under the doctrine of equivalents, Dr. Levy squarely addressed this argument.

> Q Dr. Levy, does the Coverflow display -- display a pointer?
>
> A It does not display a literal pointer, but I believe it has the equivalent, because the user always is looking at the center where the glance view is going to pop up, and that is where the cursor or pointer is by default. 9/28 Tr. at 145.

Dr. Levy emphasized this particularized correspondence while questioned by Apple.

> Q Is there a display -- is there a cursor or pointer that is displayed on the screen of a iPhone, iPad, and iPod?
> A Yes.
> Q Displayed on the screen?
> A Yes, sir.
> Q Where?
> A That square area in the center functions as the cursor.
> Q Well, the cursor is the entire screen; is that what you're saying?
> A No, sir. The area in which the glance view pops up in the center of the screen functions as the cursor.
>           *       *       *
> A The cursor or pointer functions to designate some portion of the stack within this claim limitation.
> Q You're suggesting --
> A And that is a function that is met by the square area in the center. If we could see it sliding, you will see how, in fact, they get selected by moving in underneath that area.  9/29 tr. at 14-15.

Dr. Levy further explained the particular correspondence between Coverflow and limitation (g) with regard to the "sliding without clicking" portion of the limitation.

> Q The claim limitation refers to sliding without clicking.  Can you explain how that's met by the Coverflow?
>
> A Yes. So in the Gelernter patents, one moves the cursor without clicking on each document. Now clicking means, as I under it, with

-5-

> a mouse would be pressing the button down and letting go. A click is a down-and-up action.
> And so you don't have to do that with this cursor on the stationary stack.
> Likewise, with the Coverflow, you don't have to click on each document in order to get it to move --or pop up to the center. You can achieve that by moving this scroll bar thumb, by dragging it, or you can use a gesture of two fingers across or down a touch pad, which will cause the stack to move.  9/28 Tr. at 146.

Dr. Levy further explained the equivalent functions and results provided by the Coverflow interface analogizing the equivalents to his "bathroom scale" example.

> And in my opinion, these are equivalent in the same way that the Coverflow and the Gelernter stack are equivalent. It really doesn't matter to the person looking at this which one moves. They really still see the same result, getting the same function with the same result here. 9/28 Tr. at 147-48; see Levy slide ___.

Dr. Levy further presented evidence in the form of side-by-side graphical comparisons, both still images and animations illustrating the operation of Coverflow and an embodiment of the claim.  See Levy Direct Slides 7C, 25C.

In short, Dr. Levy identified equivalent graphical items that perform an equivalent function (selecting a glance view) in a functionally similar way (sliding stack/stationary pointer versus stationary stack//sliding pointer).

### 1.     The single limitation of claim 16 was not vitiated by Dr. Levy's testimony

Apple may argue that Mirror Worlds is reading out the "displaying a cursor or pointer," however, (1) Mirror Worlds has identified an equivalent and (2) the limitation should be considered as a whole.  In an infringement analysis, the role of a particular limitation is relevant in determining whether an equivalent limitation is present in an accused device.  Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co., 520 U.S. 17, 29-30 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention,

and thus the doctrine of equivalents must be applied to individual elements of the claim.") Here, the claim limitation at issue is a single limitation, directed to the user interface. Accordingly, Dr. Levy's testimony about how Coverflow meets the limitations of claim 16 (and claim 18, which depends therefrom) of the '427 patent under the doctrine of equivalents is sufficient to establish infringement (*Id.* at 151:22-153:22). Furthermore, Dr. Levy's testimony does not require that the limitation be vitiated. According to Dr. Levy, the center of the Coverflow view is an equivalent to the claimed cursor or pointer. Mirror Worlds is not arguing that any device would meet the limitation, but rather Apple's Coverflow view meets this limitation because it has an *insubstantial difference* from the requirements of the limitation of claim 16. *See DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1020 (Fed. Cir. 2006) (finding that the claim element "spherically-shaped" was *not read out* when the plaintiff argued that there was infringement under the doctrine of equivalents for a cylindrical-conical shape of accused device because the proponent did not argue that any shape would meet the "spherically-shaped" limitation, but rather its expert presented particularized declarations demonstrating its theory that a specific element of the accused device, namely the hollow conically-shaped portion of the receiver member, was insubstantially different from the corresponding "spherically-shaped" limitation).

Furthermore, equivalency can also exist when separate claim limitations are combined into a single component of the accused device. *Sun Studs, Inc. v. ATA Equip. Leasing, Inc.*, 872 F.2d 978, 989, 10 U.S.P.Q.2d 1338 (Fed.Cir.1989), overruled on other grounds, A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1038-39, 22 U.S.P.Q.2d 1321, 1333 (Fed.Cir.1992) (holding that one feature of the accused product could be fulfilled two claim limitations under the doctrine of equivalents). "One-to-one correspondence of components is not

required, and elements or steps may be combined without ipso facto loss of equivalency. Each case must be decided in light of the nature and extent of the differences between the accused device and the claimed invention, on the equitable principles of the doctrine of equivalents." *Id.* Thus, even if the cursor/pointer aspect is deemed a separate limitation (which it is not), Mirror Worlds has still presented sufficient evidence of equivalents.

Dated: September 29, 2010                    Respectfully submitted,

                                             By: */s/ Kenneth L. Stein*
                                                 Otis Carroll, *Lead Counsel*
                                                 (Texas State Bar No. 03895700)
                                                 Deborah Race (Texas State Bar No. 16448700)
                                                 IRELAND CARROLL & KELLEY, P.C.
                                                 6101 S. Broadway, Suite 500
                                                 Tyler, Texas 75703
                                                 Tel: (903) 561-1600
                                                 Fax: (903) 581-1071
                                                 Email: Fedserv@icklaw.com

                                                 Joseph Diamante (*Pro Hac Vice*)
                                                 Kenneth L. Stein (*Pro Hac Vice*)
                                                 Ian G. DiBernardo (*Pro Hac Vice*)
                                                 Alexander Solo (*Pro Hac Vice*)
                                                 STROOCK & STROOCK & LAVAN LLP
                                                 180 Maiden Lane
                                                 New York, N.Y. 10038
                                                 Tel: (212) 806-5400
                                                 Email: asolo@stroock.com

                                                 ATTORNEYS FOR PLAINTIFF MIRROR
                                                 WORLDS LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 29th day of September, 2010, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Kenneth L. Stein*