IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **MIRROR WORLDS, LLC** | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | CASE NO. 6:08-CV-88 |
| | § | |
| APPLE, INC. | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

Having considered the parties' briefing and oral argument regarding non-infringement under the doctrine of equivalents for claims 16 and 18 of the '427 Patent, the Court **GRANTS** Apple's motion for judgment as a matter of law ("JMOL") on doctrine of equivalents ("DOE") under independent claim 16 and dependent claim 18 of the '427 patent.

JMOL "is appropriate only when a 'reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *Kinetic Concepts, Inc. v. Blue Sky Med. Group, Inc.*, 554 F.3d 1010, 1017 (Fed. Cir. 2009) (quoting *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007), quoting FED. R. CIV. P. 50(a)(1)). In determining whether to grant JMOL, a court reviews all the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).

To support a finding of infringement under DOE, Mirror Worlds must have presented, on a limitation-by-limitation basis, "particularized testimony and linking argument as to the

'insubstantiality of the differences' between the claimed invention and the accused device or process, or with respect to the function, way, result test." *Amgen Inc. v. F. Hoffman-LA Roche Ltd.*, 580 F.3d 1340, 1382 (Fed. Cir. 2009) (citing *Tex. Instruments v. Cypress Semiconductor Corp.,* 90 F.3d 1558, 1567 (Fed. Cir. 1996) "[E]vidence and argument on the doctrine of equivalents cannot merely be subsumed in plaintiff's case of literal infringement."); *Lear Siegler, Inc. v. Sealy Mattress Co.,* 873 F.2d 1422, 1425 (Fed. Cir. 1989); *see also Tex. Instruments,* 90 F.3d at 1567 ("Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice."). *But see Paice LLC v. Toyota Motor Corp.,* 504 F.3d 1293, 1305 (Fed. Cir. 2007) ("Our 'particularized testimony' standard does not require [the expert] to re-start his testimony at square one when transitioning to a doctrine of equivalents analysis."). These requirements "ensure that a jury is provided with the proper evidentiary foundation from which it may permissibly conclude that a claim limitation has been met by an equivalent." *Comark Commc'ns, Inc. v. Harris Corp.,* 156 F.3d 1182, 1188 (Fed. Cir. 1998).

Reviewing the record in the light most favorable to Mirror Worlds, a reasonable jury cannot conclude that claims 16 and 18 of the '427 Patent are infringed by DOE— there is no substantial evidence in the record that would permit a jury to find the limitation of the claims was met by equivalents.

Claim 16 of the '427 patent is directed to an operating system that organizes and displays document representations. The claim recites:

> said display facility further displaying a cursor or pointer and
> responding to a user sliding without clicking the cursor or pointer
> over a portion of a displayed document representation to display
> the glance view of the document whose document representation is
> touched by the cursor or pointer

Mirror Worlds maintains that it presented evidence that the sliding stack/stationary pointer of the accused products, Apple's iPhone, iPod Touch, and iPad, is equivalent to the stationary stack/moving pointer recited in the claim limitation. Mirror Worlds' expert, Dr. Levy, admitted that the accused mobile devices do not literally display a pointer and instead relied on the doctrine of equivalents. 9/28/2010 Trial Tr. at 16:15-19, 145:11-17.

"An accused device that does not literally infringe a claim may still infringe under the doctrine of equivalents if each limitation of the claim is met in the accused device either literally or equivalently." *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1459 (Fed. Cir. 1998) (en banc). An element in the accused product is equivalent to a claim limitation if the differences between the two are "insubstantial" to one of ordinary skill in the art. *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997). Insubstantiality may be determined by whether the accused device performs substantially the same function in substantially the same way to obtain the same result as the claim limitation. *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 608 (1950).

Mirror Worlds argues that its expert, Dr. Levy, testified that the accused products, Apple's iPhone, iPod Touch, and iPad, each utilize Cover Flow. Mirror Worlds maintains that Cover Flow's moving stack of document representations over a stationary pointer is equivalent to the claimed moving pointer over a stationary stack.

> Q And what is it in the Coverflow view that you consider to be the equivalent?
>
> A In the Coverflow view, instead of having a moving pointer and a stationary stack, we have a moving stack and essentially a stationary pointer, because the user knows that he's looking always at the center here.

9/28/2010 Trial Tr. at 144-145. Mirror Worlds also maintains the following testimony emphasizes the correspondence between "displaying a cursor or pointer" and Apple's Cover Flow:

> Q Is there a display -- is there a cursor or pointer that is displayed on the screen of a iPhone, iPad, and iPod?
> A Yes.
> Q Displayed on the screen?
> A Yes, sir.
> Q Where?
> A That square area in the center functions as the cursor.
> Q Well, the cursor is the entire screen; is that what you're saying?
> A No, sir. The area in which the glance view pops up in the center of the screen functions as the cursor.
> * * *
> A The cursor or pointer functions to designate some portion of the stack within this claim limitation.
> Q You're suggesting --
> A And that is a function that is met by the square area in the center. If we could see it sliding, you will see how, in fact, they get selected by moving in underneath that area.

9/28/2010 Trial Tr. at 14-15. Dr. Levy testified that a cursor or pointer exists somehow "by default" at the center of the display:

> Q Dr. Levy, does the Coverflow display – display a pointer?
>
> A It does not display a literal pointer, but I believe it has the equivalent, because the user always is looking at the center where the glance view is going to pop up, and that is where the cursor or pointer is by default.

Dr. Levy did not offer particularized testimony that addresses how there are insubstantial differences between Cover Flow's moving stack of document representations over a stationary pointer and the claimed moving pointer over a stationary stack. Dr. Levy's conclusory testimony fails to provide a proper evidentiary foundation to permit the jury to conclude the claim limitation is met by Cover Flow. Dr. Levy did not offer any additional testimony evaluating the 'insubstantiality of the differences' between the claims and Cover Flow and did not offer testimony directed to the function, way, result test. Dr. Levy's generalized testimony as to the overall similarity between the claims and Apple's products is insufficient, and the current evidence does not permit a jury to find the limitation of the claims was met by equivalents.

Moreover, Dr. Levy's testimony regarding infringement under DOE vitiates that claim limitation by accusing Apple's products of functioning in a way that is opposite to what the claim requires. Dr. Levy admits that Cover Flow does not literally display a cursor or pointer, rather, he alleges the equivalent of displaying a cursor or pointer is using "[t]he area in which the glance view pops up in the center of the screen functions as the cursor" without specifically addressing their equivalence. Dr. Levy's testimony pointing to the lack of a pointer in the accused Apple products can not equate to the claim requirement of displaying a pointer. This theory of equivalence is legally insufficient. Dr. Levy's general testimony that Apple's products do not display a cursor or pointer while maintaining infringement under DOE of a claim that requires the display of a cursor reads this claim limitation out of the claim. Thus, based on Dr. Levy's theory of infringement, no reasonable jury could determine the accused Apple products to be insubstantially different from the claimed limitation. *See Warner-Jenkinson Co. v. Hilton Davis*

*Chem. Co.*, 520 U.S. 17, 39 n.8 (1997) ("under the particular facts of a case, ... if a theory of equivalence would entirely vitiate a particular claim element, partial or complete judgment should be rendered by the court.").

For the aforementioned reasons, the Court **GRANTS** Apple's motion for judgment as a matter of law ("JMOL") on doctrine of equivalents ("DOE") under independent claim 16 and dependent claim 18 of the '427 patent.

**So ORDERED and SIGNED this 30th day of September, 2010.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**