**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>APPLE, INC.,<br><br>　　　Defendant.<br><br>APPLE, INC.,<br><br>　　　Counterclaim Plaintiff,<br><br>　　　v.<br><br>MIRROR WORLDS, LLC, MIRROR WORLDS, TECHNOLOGIES, INC.,<br><br>　　　Counterclaim Defendants. | Civil Action No.  6:08-CV-88 LED<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF MIRROR WORLDS, LLC'S BRIEF REGARDING METHOD CLAIMS 13
AND 22 OF THE '227 PATENT AND CLAIMS 1-3 AND 9-11 OF THE '313 PATENT
AND MOTION FOR RECONSIDERATION REGARDING THE COURT'S GRANT OF
<u>JMOL OF NO INDUCEMENT OR CONTRIBUTORY INFRINGEMENT</u>**

**TABLE OF CONTENTS**

I.       Apple's Sale and Offer for Sale of The Accused Products Directly Infringe the Asserted Method Claims ................................................................................................... 1

II.      Direct Infringement ................................................................................................. 2

III.     Contributory Infringement ...................................................................................... 3

IV.     Inducing Infringement ............................................................................................ 4

V.      Damages: .................................................................................................................. 5

VI.     Motion for Reconsideration: ................................................................................... 6

## I. APPLE'S SALE AND OFFER FOR SALE OF THE ACCUSED PRODUCTS DIRECTLY INFRINGE THE ASSERTED METHOD CLAIMS

Apple committed direct infringement of the asserted method claims by offering to sell its Tiger (227 Patent, claims 13 and 22) and its Leopard and Snow Leopard (227 patent, claims 13 and 22 and 313 patent, claims 1-3 and 9, 11) operating systems. In *Elantech Devices Corp. v. Synaptics, Inc.*, the court denied summary judgment of noninfringement, finding that the accused products contained software that "present[ed] users with options to enable infringing functionality, regardless of whether the users ever activate or utilize those functions." 2007 WL 3256229 at *6 (N.D. Cal. 2007). The court determined that "one way for the Accused Touchpads to carry out the 'providing an indication' **step** is to provide purchasers (e.g. computer manufacturers) with options that can enable [the claimed functions], regardless of whether the purchasers are shown to have used those functions." *Id*. at *6; *see also* Transamerica Life Insurance Co. v. Lincoln Nat'l Life Insurance Co., 597 F.Supp.2d 897 (N.D. IA 2009) . Because the Plaintiff showed that the accused products were "reasonably capable" of carrying out the "providing" step of the asserted method and device claims, users [could] access this functionality, and [the Defendant] 'intended or anticipated' such usage." *Id*. Thus, the accused devices met the disputed limitation of the asserted claims and the Defendant's motion was denied. Likewise, Mirror Worlds presented ample evidence that Apple's accused products perform the methods of the Asserted Method Claims. Here, it is the accused products that perform each step of the claimed methods, not the users.

Apple's user surveys (PTX 64, 65) manuals, and user guides (PTX 978, 1676; Bratic Demonstrative (iMac user guide)) and sales presentations are strong circumstantial evidence of direct infringement by sale and "offer to sell" by Apple. Furthermore, Mirror Worlds presented evidence of direct infringement by Apple by virtue of its CEO Steve Jobs demonstrating the

Spotlight search functionality at the 2005 MacWorld conference. PTX 1168; see also 1932. Thus, Apple's conduct meets the test for infringement of "an offer for sale." *Rotec Indus., Inc. v. Mitsubishi Corp.,* 215 F.3d 1246, 1254 (Fed. Cir. 2000)( requires no more than a commercial offer for sale).

Apple has offered the infringing method for sale - a method that can be carried out by operating systems and its computers containing them.  Section 271(a) provides that "whoever without authority ... **offers to sell** ... any patented invention ... infringes the patent." 35 U.S.C. § 271 (a) (emphasis added).   The "offer to sell" language was added to the statute in 1994, a year after the Federal Circuit decided the *Joy v. Flakt* (6 F. 3d 770 (Fed. Cir. 1993)) case relied on by Apple.  Section 101 confirms that a patented invention includes "any new and useful process." 35 U.S.C. § 101. Thus, on its face, the statute provides a remedy for offering a method for sale.

"As in all statutory construction cases, [the court] begin[s] with the language of the statute. The first step 'is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' The inquiry ceases 'if the statutory language is unambiguous and the *43 statutory scheme is coherent and consistent.' " *Barnhart v. Sigmon Coal Co.,* 534 U.S. 438, 450 (2002) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). The plain language of § 271(a) provides liability for offering to sell any patented invention. If Congress did not intend to impose liability for offering to sell any invention, it could have created a distinct rule for process patents. Indeed, in 1988, Congress did create a special rule for process patents in § 271(g), making unlawful the sale of products made by a patented process. See Process Patents Amendments Act of 1988, Pub. L. No. 100-418, Title IX..

**II.    DIRECT INFRINGEMENT**

Even under the *Joy Tech* standard, Mirror Worlds has presented sufficient evidence of direct infringement to support its claim of contributory infringement of method claims 1 and 22 of the 227 patent and claims 103 and 9-11 of the 313 patent.

To infringe a method claim, an accused product must have practiced all steps of the claimed method. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed.Cir.1993) ("A method claim is directly infringed only by one practicing the patented method."); see also 35 U.S.C. § 271 (2006). Just as anticipation can be found by a single prior art use, a finding of infringement can rest on as little as one instance of the claimed method being performed during the pertinent time period.

Circumstantial evidence of direct infringement is sufficient to permit a jury to find that at least one other person within the United States during the relevant time period had performed the claimed method. *Lucent Tech. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed Cir 2009). Here, Apple not only designed the accused products to practice the claimed inventions, but also instructed its customers to use the accused products in an infringing way. (PTX 1205, 1206, 1207, 1208, 1209, 1932, 1201, 1202, 1203, 1204, 978, 1676; Bratic Demonstrative (iMac user guide)).

### III.     CONTRIBUTORY INFRINGEMENT

Under 35 U.S.C. § 271(c), a party is liable for infringement if he "offers to sell or sells within the United States or imports into the United States ... a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." "In order to succeed on a claim of contributory infringement, in addition to proving an act of direct infringement, plaintiff must show that defendant 'knew that the combination for which its

-3-

components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.' " *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed.Cir.2005) (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed.Cir.2004)).

The relevant inquiry with respect to whether there are any substantial non-infringing uses is on the accused features, not the entire operating system or the entire computer. Lucent, 580 F.3d at 1320; see also, Ricoh Co. v. Quanta Computer Inc., 550 F.3d 1325, 1337 (Fed.Cir.2008), cert. denied, (an infringer "should not be permitted to escape liability as a contributory infringer merely by embedding [the infringing apparatus] in a larger product with some additional, separable feature before importing and selling it.") Here, the accused features have no non-infringing uses. In fact, the accused features are suitable only for an infringing use, and including the accused features within the larger operating system does not change the fact that the accused features infringe. Because Apple included the accused features in its operating systems, the jury can reasonably conclude, based on the evidence presented, that Apple intended that users of its computers and other devices to use the accused features and the only intended use of the accused features infringes the patents at issue.

## IV. INDUCING INFRINGEMENT

A party who "actively induces infringement of a patent shall be liable as an infringer."35 U.S.C. § 271(b). Under this provision, "[t]he plaintiff has the burden*1322 of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed.Cir.1990), quoted in DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed.Cir.2006) (en banc in relevant part). "[A] finding of inducement requires a threshold finding of direct infringement either a finding of specific instances of direct infringement or a finding

that the accused products necessarily infringe." Ricoh, 550 F.3d at 1341 (citing ACCO Brands, 501 F.3d at 1313). "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." DSU Med., 471 F.3d at 1306. A plaintiff may still prove the intent element through circumstantial evidence, just as with direct infringement, as discussed above. See id.; see also Fuji Photo Film Co. v. Jazz Photo Corp., 394 F.3d 1368, 1377 (Fed.Cir.2005) ("A patentee may prove intent through circumstantial evidence."); Water Techs. Corp. v. Calco, Ltd., 850 F.2d 660, 668 (Fed.Cir.1988) ("While proof of intent is necessary, direct evidence is not required; rather, circumstantial evidence may suffice."). Evidence of active steps taken to induce infringement, such as advertising an infringing use, can support a finding of an intention for the product to be used in an infringing manner. DSU Med., 471 F.3d at 1305 (citing Grokster, 545 U.S. at 932, 125 S.Ct. 2764).

As described in *Lucent*, the patentee need only prove that the defendant (here Apple) possessed the requisite intent to induce at least one user of its products to infringe the claimed method. Lucent at 1323. Here, Apple demonstrated and promoted infringing uses of the accused products and conferences (PTX 1205, 1206, 1207, 1208, 1209, 1932, 1201, 1202, 1203, 1204) and offered user manuals (PTX 978, 1676) that promoted the infringing features, all of which are in evidence. Accordingly, Mirror Worlds has met that burden.

**V.    DAMAGES:**

If Apple's motion is granted the '227 and '313 patents will be out of the case—the remaining claims will be claims 1, 8, 16, 18 and 25 of the '427 patent (which is all the asserted claims of the '427 patent). Since Tiger is accused of infringing only the '227 patent, that product will be out of the case. It will reduce damages to Mirror Worlds by an additional 4% over the 50% reduction resulting from the Court's ruling dismissing the iPhone, iPods and iPad from the

-5-

case. Of course, it will reduce the damages to zero if the jury would have found one of the dismissed claims infringed, but does not find any of the remaining claims infringed.

The jury currently does not have sufficient information before it to determine the appropriate damages in the above situation. Mirror Worlds believes that eliminating so many claims at this point and reopening evidence would be highly prejudicial. Accordingly, in the event that the Court grants Apple's motion, Mirror Worlds proposes that the Court simply reduce any damages returned by the jury by 4% if the jury finds the '427 patent infringed, and to zero otherwise.

### VI.     MOTION FOR RECONSIDERATION:

Mirror Worlds also respectfully requests that the Court reconsider its grant of JMOL of no contributory infringement or inducement. Apple's motion was based on its argument that Dr. Levy did not opine on contributory infringement or inducement. However, there is no requirement that Mirror Worlds specifically submit expert testimony in order to prevail on on contributory infringement or inducement. Indeed a patent owner is not required to submit expert testimony at all.

Here, Mirror Worlds has submitted more than ample evidence that Apple's customers use the accused Spotlight, Time Machine and Cover Flow features in Apple's accused operating systems. For example, Mirror Worlds submitted survey evidence that 64% of customers found Spotlight to be the most beneficial feature of Tiger. PTX0064. Clearly then, at least 64% of Apple's customers must have used Spotlight in order to find it the most beneficial feature. Similarly, Mirror Worlds submitted survey evidence concerning Leopard, showing the percentage of Leopard customers that identified the Spotlight, Time Machine, and Cover Flow as the "most desired" technology. PTX0065. Again, customers must have used those features in

order to identify them as "most desired." There is considerable additional evidence of record of actual usage of these features by Apple's customers. These features have no substantial non-infringing use. Their inclusion in Apple's products result in contributory infringement.

In additional, there is substantial evidence of record that Apple actively encourages its customers to use these products. For example, there are videos in evidence showing Steve Jobs promoting the Spotlight, Time Machine and Cover Flow features, as well numerous marketing materials doing the same. Apple knows that such use results in infringement by Apple's customers and, therefore, actively induces infringement.

Mirror Worlds' counsel should be permitted to tie all the evidence of record at closing so that the jury can reach a conclusion as to whether Apple is liable for contributory infringement or inducement.

Dated: September 30, 2010                            Respectfully submitted,

                                                By:  */s/ Alexander Solo*
                                                     Otis Carroll, *Lead Counsel*
                                                     (Texas State Bar No. 03895700)
                                                     Deborah Race (Texas State Bar No. 16448700)
                                                     IRELAND CARROLL & KELLEY, P.C.
                                                     6101 S. Broadway, Suite 500
                                                     Tyler, Texas 75703
                                                     Tel: (903) 561-1600
                                                     Fax: (903) 581-1071
                                                     Email: Fedserv@icklaw.com

                                                     Joseph Diamante (Pro Hac Vice)
                                                     Kenneth L. Stein (Pro Hac Vice)
                                                     Ian G. DiBernardo (Pro Hac Vice)
                                                     Alexander Solo (Pro Hac Vice)
                                                     Iuliana Tanase, (Pro Hac Vice)
                                                     STROOCK & STROOCK & LAVAN LLP
                                                     180 Maiden Lane
                                                     New York, N.Y. 10038

-8-

        Tel: (212) 806-5400
        Email: asolo@stroock.comSTROOCK &
        STROOCK & LAVAN LLP
        180 Maiden Lane
        New York, N.Y. 10038
        Tel: (212) 806-5400
        Email: asolo@stroock.com

        ATTORNEYS FOR PLAINTIFF MIRROR WORLDS LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 30th day of September, 2010, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                                */s/ Alexander Solo*