IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MIRROR WORLDS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant.<br><hr>APPLE INC.,<br><br>        Counterclaim Plaintiff,<br><br>    v.<br><br>MIRROR WORLDS, LLC,<br>MIRROR WORLDS TECHNOLOGIES, INC.,<br><br>        Counterclaim Defendants. | Civil Action No. 6:08-cv-88 LED<br><br><br>JURY TRIAL DEMANDED |

# EMERGENCY MOTION

### EMERGENCY MOTION TO STAY ENTRY OF JURY VERDICT AND JUDGMENT BY APPLE INC.

Pursuant to Federal Rules of Civil Procedure 54 and 58, Apple Inc. respectfully requests a stay of entry of the jury verdict and any judgment against Apple, because there are outstanding issues and pending disputes surrounding the jury's verdict form. *See* Fed. R. Civ. P. 54(b), 58. The Court has also not yet addressed Apple's remaining counterclaims for inequitable conduct, laches and estoppel.[1] The parties have already submitted respective briefing regarding whether or not all asserted claims of the '227 and '313 patents require user action to practice the asserted method claims. While that issue has been submitted to the Court and should be decided prior to entry of the verdict form, Apple would appreciate the opportunity to submit additional expedited briefing on that subject. The Court's resolution of these items can (and should) substantially alter the jury's verdict and the Court's judgment. A stay of entry of the verdict and judgment is therefore appropriate.

### REQUESTED RELIEF

Apple respectfully requests a stay of the entry of the jury's verdict and any judgment pending resolution of the following: (1) Apple's previously submitted motion for judgment as a matter of law of non-infringement of the method claims of the '227 and '313 patents; (2) the Court's consideration of expedited supplemental briefing regarding the previously submitted issue of non-infringement of the method claims in the '227 and '313 patents; (3) the Court's consideration of expedited supplemental briefing regarding the damages questions set forth in the jury verdict in light of counsel for Mirror Worlds' erroneous and objectionable suggestion that, among other things, damages should be cumulative while at the same time suggesting that Mirror Worlds was not "triple dipping;" and (4) the Court's consideration of Apple's request for a one-

---

[1] Rule 54(b) provides, in relevant part, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

1

day trial on equitable issues, or in the alternative, briefing and oral argument regarding such issues based on the record before the Court in light of the parties' previously filed Proposed Findings of Fact and Conclusions of Law.

## ARGUMENT

**Method Claims**.  Immediately prior to the jury charge and closing arguments, the Court raised the issue of Apple's pending motion for non-infringement of the method claims.  The Court had not yet decided whether it would grant Apple's JMOL on this issue, but indicated that if JMOL were granted, it would in turn strike the amount of damages the jury found attributable to the '227 and '313 patents:

> THE COURT:  The reason I'm doing this, though, is because, if I'm going to have two damage verdicts -- the reason I'm doing that is where if I throw out the '313 and the '227, I've got some damage number to throw out.  Otherwise, the Court's just going to be guessing, if I throw it out, as to how much of the jury's verdict was attributable to the '313 and the '227 and how much to the '427.

(Ex. 1, Oct. 1, 2010 Trial Tr. at 15:9-16.)[2]  The Court's ruling on this issue will, therefore, directly impact the jury's finding on damages.  The Court should accordingly stay entry of the jury's verdict and any judgment until the Court rules on the method claims issue.

The Court also commented that the method claims issue is "a tricky legal issue as to whether [Mirror Worlds is] right that there's enough evidence there to support a direct infringement under those claims, or whether [Apple is] right that there has to be – that there is not enough evidence regarding use of those products."  The Court concluded that it wanted "to look at it closer post-verdict."  (Ex. 1, Oct. 1, 2010 Trial Tr. at 11:11-12:6.)  To further assist the Court with its evaluation of this issue, Apple respectfully requests leave to file supplemental

---

[2] "Ex. 1" refers to the exhibit attached to the supporting Declaration of Jeffrey G. Randall.

2

briefing on this issue, and proposes that both parties be permitted to submit their expedited supplemental brief by a date and time certain later this week. A stay of entry of the verdict and judgment is thus necessary and appropriate, as the Court addresses the method claims issue and considers the parties' briefing and supplemental briefing.

**Verdict Form**. Apple respectfully submits that the parties be permitted to provide the Court with briefs regarding the issues with the verdict form, including the effect on the answers from the damages questions set forth in the jury's damages verdict in light of the objectionable instructions made to the jury by Mirror Worlds' counsel during closing.[3] During closing, Mirror Worlds' counsel showed the jury a "sample" verdict form with damages amounts on a per patent basis of $322, $336, and $320 million – a sum of nearly $1 billion (*See* Ex. 1, Oct. 1, 2010 Trial Tr. at 123:3-6 (memorializing the numbers shown to the jury because Mirror Worlds' counsel did not read those numbers into the record)). Mirror Worlds' counsel suggested that these amounts were "the allocations that I thought were appropriate based on what I heard Bratic say, but in each instance, it's about 50 percent of that 6-1/4 [$625 million] that Bratic told you about during his testimony." (Ex. 1, Oct. 1, 2010 Trial Tr. at 93:19-22.) This either gave the jury the impression that those amounts would be cumulative or erroneously suggested that the numbers are consistent with Mr. Bratic's testimony.

Apple objected to opposing counsel's erroneous suggestion[4], and the Court overruled the

---

[3] Neither this motion nor the proposed supplemental briefing on the jury verdict form should be considered as a motion for remittitur. This motion focuses on the verdict form itself in light of the Court's segregation of the damages question due to Apple's pending motion regarding non-infringement of the asserted method claims.

[4] Due to counsel for Mirror Worlds' erroneous instruction to the jury to enter Mirror Worlds' remaining damages claim three times for each patent, counsel for Apple objected, stating "Your Honor, I'm going to object. He's inviting error with his comment here. He knows darn well that's not what his expert said. He's inviting error in this Court by doing that." (Ex. 1, Oct. 1, 2010 Trial Tr. at 93:25-94:5.)

objection. (Ex. 1, Oct. 1, 2010 Trial Tr. at 93:25-94:5.) In rebuttal, Mirror Worlds' counsel further emphasized this erroneous suggestion by stating that Mirror Worlds' damages request was not "triple dipping," and that his suggestion was made pursuant to the Court's instructions and verdict form. (Ex. 1, Oct. 1, 2010 Trial Tr. at 132:13-24.) Resolution of these issues with the verdict form will directly impact the jury's verdict and any subsequent judgment entered by the Court. To assist the Court, Apple requests leave to file supplemental briefing on this issue, and proposes that the parties be permitted to submit their expedited supplemental brief by a date and time certain later this week. A stay of entry of the verdict and judgment is thus necessary and appropriate, as the Court addresses this issue and considers the parties' briefing.

**Remaining Equitable Issues**. Apple respectfully requests that the Court stay entry of the verdict and judgment pending consideration of Apple's request for a one day trial on equitable issues, or in the alternative, supplemental briefing and argument on equitable issues based on the record before the Court, including the testimony presented at trial and the parties' previously filed Proposed Findings of Fact and Conclusions of Law.[5]

---

[5] On August 19, 2010, the Court granted Apple's Motion for Leave to File a Third Amended Answer (Doc. No. 320), which included a number of substantial inequitable conduct affirmative defenses. On August 20, 2010, in accordance with the Docket Control Order, Apple submitted its Proposed Findings of Fact and Conclusions of Law on issues to be tried to the bench, including Apple's inequitable conduct defense. (Doc. No. 328). The Court subsequently scheduled the "jury trial" for September 27, 2010. (Doc. No. 387). Other than a requirement for submitting Proposed Findings of Fact and Conclusions of Law, the Court did not issue any orders discussing a bench trial or allotting time for bench trial issues. Because Apple was not allowed to present its inequitable conduct defense before the jury and was not allotted time to try issues to the bench, Apple respectfully requests a one-day inequitable conduct trial, or briefing and subsequent argument based on the current record before the Court. Having a separate inequitable conduct trial after a jury verdict has been allowed in other cases in the district. *See, e.g., LaserDynamics, Inc. v. Asus Computer Int'l*, No. 2:06-cv-00348-TJW-CE, Dkt. Nos. 533 (July 6, 2009 jury verdict), 537 (July 7, 2009 Order setting inequitable conduct trial).

4

## CONCLUSION

For the reasons stated above, Apple respectfully requests that the Court grant Apple's motion to stay entry of any jury verdict and judgment against Apple, and grant Apple's request for leave to file expedited supplemental briefing in the manner suggested above.

Date: October 3, 2010

Respectfully submitted,

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall
Lead Attorney
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  (650) 320-1850
Facsimile:  (650) 320-1950
jeffrandall@paulhastings.com

Allan M. Soobert
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 551-1822
Facsimile:  (202) 551-0222
allansoobert@paulhastings.com

S. Christian Platt
PAUL, HASTINGS, JANOFSKY& WALKER LLP
4747 Executive Dr., 12th Floor
San Diego, CA 92121
Telephone:  (858) 458-3034
Facsimile:  (858) 458-3134
christianplatt@paulhastings.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
ema@emafirm.com

COUNSEL FOR APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 3rd day of October, 2010. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email by way of the parties' agreed upon service address: MW_v_Apple@stroock.com.

/s/ *Jeffrey G. Randall*
Jeffrey G. Randall

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Apple Inc. has satisfied the requirements of Local Rule CV-7(h), and Apple understands that Mirror Worlds will oppose to the relief sought in this motion. Counsel for Apple, Christian Platt, attempted to confer with counsel for Mirror Worlds, LLC and Mirror Worlds Technologies, Inc. ("Mirror Worlds"), Alex Solo and Charles E. Cantine, on October 3, 2010. Counsel for Apple e-mailed counsel for Mirror Worlds, informing them that Apple needs to file an urgent motion to stay entry of the jury's verdict and any judgment, and provided the bases for such motion. Counsel for Apple advised Mirror Worlds' counsel that Apple understood that Mirror Worlds would oppose the motion. Counsel for Mirror Worlds did not respond regarding their availability to meet and confer, resulting in an impasse, and leaving the issue open for the Court to resolve.

/s/ *Jeffrey G. Randall*
Jeffrey G. Randall