IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**DATE:**   October 1, 2010

**JUDGE**
LEONARD DAVIS

REPORTERs: Shea Sloan & Judy Werlinger

**LAW CLERKS:** Kori Anne Bagrowski

| **MIRROR WORLDS, LLC** <br><br> V <br><br> **APPLE, INC.** | **CIVIL ACTION NO**: **6:08-CV-88** <br><br> **JURY TRIAL - DAY 5** |
|---|---|

| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEY FOR DEFENDANT** |
|---|---|
| Ken Stein (Strook & Stroock & Lavan) <br> Ian Dibernardo (Strook & Stroock & Lavan) <br> Alex Solo (Strook & Stroock & Lavan) <br> Joe Diamante (Strook & Stroock & Lavan) <br> Otis Carroll (ICK Law Firm) <br> David Gelernter, Inventor | Jeff Randall (Paul Hastings Janofsky & Walker) <br> Allan Soobert (Paul Hastings) <br> Christian Platt (Paul Hastings) <br> Bud Tribble, Client Representative |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:**   8:50 am          **ADJOURN:** 4:50 pm

| TIME: | MINUTES: |
|---|---|
| 8:50 am | Trial resumed. **Jury not present in the courtroom.** |
|  | Court addressed the parties and it has reviewed the briefing on the issue of Apple's objection to the '313 and '227 patent and the issue of it not being included in the charge.  Court inquired if this issue was raised in JMOL.  Mr. Randall responded. |
|  | Court granted JMOL on the indirect infringement, but in Plaintiff's briefing, of user use of these method would provide for direct infringement.  Court would like to hear argument as to whether there is enough evidence to show that a user used these in order to constitute direct infringement, but not enough to constitute indirect infringement.  Mr. Randall responded that the claims require another entity, a user to do something, and because they didn't provide sufficient evidence on that subject, specifically on inducement and contributory, their entire claims fall; and if the Court disagrees with that, then the issue is whether or not there is sufficient evidence of direct infringement. |

**FILED: 10.01.2010**

**DAVID J. MALAND, CLERK**

BY: *Rosa L. Ferguson*, Courtroom Deputy

PAGE 2 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| | Mr. Dibernardo responded. Court and parties continued to discuss this issue. Court addressed the parties and is not going to reverse the JMOL rulings on the contributory and inducement. |
| | Court and parties continued to discuss the issue being submitted to the Jury. Court is not going to contrib and inducement, but the Court is going to submit the issue of direct infringement, based upon your arguments, as to the '313 and '227, but it's a tricky legal issue as to whether there's enough evidence there to support a direct infringement. Court would like to take a closer look post-verdict. Court will submit separate damage issues on the 313 and 227 and separate as to the other one. Court and parties continued to discuss the damages instruction. Mr. Randall requested an instruction that Mirror Worlds cannot obtain damages on those two patents, other than for the specific instances of direct infringement by an Apple employee that Mirror Worlds has identified. Court denies request for that instruction. |
| | Court would like a brief re-open if parties wish to present argument. Mr. Randall opposes to re-opening the evidence. Court addressed the parties on re-opening. Court will allow up to 15 minutes per side. |
| | Mr. Randall read into the record, Apples Motion for JMOL against all of Mirror Worlds' claims and counterclaims and for judgment as a matter of law in favor of Apple's declaratory judgment and counterclaims and defenses.<br>1) Apple renews its former motions for judgment as a matter of law submitted to the Court on September 29 and 30 of 2010;<br>2) on non-infringement as to Claims 13 and 22 of the '227 patent and Claim 2 of the '313 patent based on accused products not implementing a mainstream;<br>3) willful infringement claim on the following additional bases: claims of the '227 and '313 should be dismissed with prejudice as method claims for which there can be no direct infringement by Apple. The sole remaining patent in this case would then be the '427;<br>4) non-infringement for Claims 1, 8, 16, 20 18, and 25 of the '427 patent.;<br>5) Mirror Worlds has failed to rebut Apple's clear and convincing evidence of anticipation and invalidity of the patents-in-suit;<br>6) Mirror Worlds has failed to rebut Apple's clear and convincing evidence of anticipation by statutory bars and invalidity of the patents-in-suit should be granted.<br>7) Mirror Worlds has failed to rebut Apple's clear and convincing evidence of obviousness, and invalidity of the patents-in-suit should be granted;<br>8) Mirror Worlds has failed to rebut Apple's claim by clear and convincing evidence of improper inventorship, and invalidity<br>of the patents-in-suit should be granted.<br><br>Court denied Motion. |
| | Court inquired if parties wish to re-open its case. Parties responded to not re-open the case. |
| 9:15 am | Court in recess for 10 minutes. |
| 9:30 am | Trial resumed. **Jury seated in the courtroom**. Court addressed the Jury and the Court will give them the Court's charge. |
| | Charge read to the Jury. |
| 10:30am | Court in recess for 15 minutes. |

PAGE 3 - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 10:45 am | Trial resumed. Jury seated in the courtroom. |
| | Court recognized Mr. Carroll for purposes of closing statement. |
| | Mr. Carroll presented closing statements on behalf of the plaintiff, Mirror Worlds. |
| | Court recognized Mr. Randall for purposed of closing statements. |
| | Mr. Randall presented closing statements on behalf of the defendant, Apple. |
| | Mr. Carroll presented rebuttal argument on behalf of the plaintiff, Mirror Worlds. |
| | Court addressed the Jury and gave them further instructions. |
| | Jury excused to begin deliberations. |
| | Nothing further from the parties. |
| 12:20 pm | Court in recess awaiting Jury Verdict. |
| 2:20 pm | Jury Note received. Awaiting for parties. |
| 2:30 pm | Counsel given copies of note. Court addressed the parties regarding the note and asked for parties' position. Mr. Carroll indicated that the jury should rely on their memory. Mr. Randall suggested they be given a transcript. |
| | Court read his proposed response. Mr. Carroll does not object. Mr. Randall objects and would like the transcript to be provided. Court overrules objection. |
| 2:35 pm | Court in recess awaiting Jury Verdict. |
| 4:35 pm | Jury advised Court Security Officer that they have reached a Verdict. |
| | Trial resumed. **Jury not present in the courtroom**. Court addressed the parties regarding the Jury reaching a verdict. |
| | Court asked Court Security Officer to bring the Jury in. |
| | **Jury seated in the courtroom.** |
| | Court addressed the Jury and inquired if they have reached a Verdict. Court asked Verdict to be tendered to Court. |
| | Court asked Clerk to read the Verdict. Verdict Read. Court inquired if either party wanted the jury polled. Neither party made a request to poll the jury. |
| | Court addressed the Jury and gave them further instructions. Court excused the Jury and instructed them to remain in the jury room where someone would dismiss them. |
| | Mr. Randall addressed the Court regarding JMOL and request for New Trial. Mr. Randall asked about inequitable conduct. Court addressed the parties on inequitable conduct procedure. Mr. Randall responded. |
| | Court advised the parties on a briefing schedule. Court will enter Final Judging in accordance with the Jury Verdict, unless the parties meet and confer and agree to a more expedited briefing schedule. |

PAGE 4  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 4:50 pm | There being nothing further, Court adjourned. |