**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| MIRROR WORLDS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil Action No. 6:08-cv-88 LED <br><br><br> JURY TRIAL DEMANDED |
| APPLE INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MIRROR WORLDS, LLC, <br> MIRROR WORLDS TECHNOLOGIES, INC., <br><br> Counterclaim Defendants. | |

**APPLE'S MOTION TO SEAL CERTAIN TRIAL EXHIBITS**

## I. INTRODUCTION AND BACKGROUND

Defendant Apple Inc. ("Apple") brings this motion to seal certain exhibits from the jury trial of this action. During the discovery phase of the action, the parties produced documents bearing designations authorized by the Protective Order entered on August 10, 2009. (Doc. No. 104.) By its terms, the Protective Order recognized that documents, testimony or information containing confidential, proprietary, trade secret and/or commercially sensitive information would be disclosed or produced. *Id*. at 1. Documents designated under the Protective Order are protected from public disclosure and remain protected from such disclosure even after final termination of the litigation. *Id*. at 4. Because certain trial exhibits contain proprietary and/or highly confidential information that Apple designated under the Protective Order entered in this case, Apple files this Motion To Seal those specific trial exhibits, the disclosure of which would cause harm to Apple's competitive standing by disclosing trade secrets, confidential business information, confidential personnel information, or other business confidences that, if disclosed, would give competitors unearned advantages.

Apple respectfully requests that the Court grant this Motion To Seal certain trial exhibits as specified more particularly below.

## II. ANALYSIS

### A. Legal Standards

Courts have recognized that under normal circumstances the public has a common law right to inspect and copy court records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The purpose of the common law right to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Id.* at 849

(internal citations and quotations omitted). This right, however, is not absolute. *Motorola, Inc. v. Analog Devices, Inc.*, No. 1:03-CV-131, 2003 WL 25778434, at *1 (E.D. Tex. June 6, 2003). Rather, it is within the court's discretion to seal specific records in judicial proceedings. *Id.* In exercising its discretion to seal records, a court balances the public's common law right of access against the interests favoring nondisclosure. *Van Waeyenberghe*, 990 F.2d at 848. While there is no bright line rule as to when a sealing order should be made (*see Belo Broad. Corp. v. Clark*, 654 F.2d 423 (5th Cir. 1981)), courts have consistently sealed judicial records "where court files might have become a vehicle for improper purposes." *Motorola, Inc.*, 2003 WL 25778434, at *1; *Belo Broadcasting Corp.*, 654 F.2d at 434 (discussing the Supreme Court's recognition of several circumstances in which the right of access was outweighed by the court's power to insure that its records are not used as vehicles for improper purposes).

  **B.**  **A Sealing Order Is Necessary to Protect Proprietary and Highly Confidential Information Contained in Certain Exhibits Admitted During the Jury Trial of This Matter.**

A sealing order should be entered here because Apple's interest in its confidential business information far outweighs the common law right of access to court records. Access to Apple's confidential business documents would not serve the purpose of the common law right to access because the documents themselves do not reveal anything about the judicial process, the judicial system, or relate in any way to the actual court proceedings. Rather, the documents Apple seeks to seal relate solely to its business, namely, its competitive strategies, plans, source code and detailed financial reports – the kinds of documents that, if disclosed, could cause the kind of competitive harm contemplated by the Protective Order. In other words, rather than satisfy the purpose for the common law right to access court records, public availability of Apple's confidential business documents would become a vehicle for improper purposes because it would allow Apple's competitors to obtain information that Apple normally would not disclose

to others without imposing a duty to maintain its confidentiality or information regarding unrelated private personnel matters involving third parties. For these reasons, Apple requests that the Court seal the following trial exhibits containing Apple's confidential and/or proprietary information:

| **Plaintiff's Exhibits** | **Defendant's Exhibits** |
|---|---|
| PX0043 | DX0030 |
| PX0083 | DX0032-33 |
| PX0085-89 | DX0101-116 |
| PX0091 | DX0392-400 |
| PX0103 | DX0418-420 |
| PX0109-110 | DX0424 |
| PX0113-119 | DX0431-437 |
| PX0130 | DX0575 |
| PX0138-139 | DX0585 |
| PX0141 | DX0592 |
| PX0144 | DX0595 |
| PX0148-149 | DX0609 |
| PX0156 | DX0611 |
| PX0161 | DX0614 |
| PX0191-193 | DX0616-619 |
| PX0210 | DX0621-625 |
| PX0212 | DX0628-630 |
| PX0220-221 | DX0632-634 |
| PX0290 | DX0636-637 |
| PX0298 | DX0639 |
| PX0336 | DX0661 |
| PX0386-395 | DX0994 |
| PX0398 | DX1017 |
| PX0503-510 | DX1020 |
| PX0880 | DX1030 |
| PX0893 | DX1032 |
| PX0933 | DX1062 |
| PX0970 | DX1063 |
| PX0976 | DX1071 |
| PX0991 | DX1078-1092 |
| PX1191 | DX1106 |
| PX1214 | DX1114 |
| PX1684 | DX1118 |
| PX1821 | |
| PX1994-1995 | |

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court seal the exhibits identified above.

Dated: October 11, 2010         Respectfully submitted,

*/s/ Jeffrey G. Randall*
Jeffrey G. Randall
Lead Attorney
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
1117 S. California Avenue
Palo Alto, California  94304-1106
Telephone:  (650) 320-1850
Facsimile:  (650) 320-1950
jeffrandall@paulhastings.com

Allan M. Soobert
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
875 15th Street, N.W.
Washington, DC 20005
Telephone:  (202) 551-1822
Facsimile:  (202) 551-0222
allansoobert@paulhastings.com

S. Christian Platt
PAUL, HASTINGS, JANOFSKY, AND WALKER LLP
4747 Executive Dr., 12th Floor
San Diego, CA 92121
Telephone:  (858) 458-3034
Facsimile:  (858) 458-3005
christianplatt@paulhastings.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397
ema@emafirm.com

COUNSEL FOR APPLE INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 11th day of October, 2010. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and by email by way of the parties' agreed upon service address: MW_v_Apple@stroock.com.

                                                     */s/ Jeffrey G. Randall*
                                                     Jeffrey G. Randall

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Apple has satisfied the "meet and confer" requirements of Local Rule CV-7(h), and that opposing counsel of record in this matter are opposed to the relief sought in this Motion. Counsel for Apple, Christian Platt conferred with Alex Solo, Counsel for Mirror Worlds and Mirror Worlds Technology on October 8th and 10th via e-mail (counsel for MW and MWT was not available telephonically), and the discussions ended in an impasse for the reasons described herein. I am lead counsel for Apple in this matter and I am also admitted to practice in the United States District Court for the Eastern District of Texas.

                                                     */s/ Jeffrey G. Randall*
                                                     Jeffrey G. Randall